# GLAVIN PLLC
156 West 56th Street, Suite 2004
New York, New York 10019
646-693-5505

March 2, 2023

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Court
500 Pearl Street
Southern District of New York
New York, New York 10007

Re:     **United States v. Charles McGonigal and Sergey Shestakov**, 23 Cr. 16 (JHR)

Dear Judge Rearden:

We represent Sergey Shestakov in the above-referenced matter and write to briefly respond to the Government's reply to Mr. Shestakov's objections to two provisions of the Proposed Order. *See* ECF No. 29.[1]

Astonishingly, the Government's reply makes no mention of the extraordinary prejudicial pretrial publicity in this case that has and will continue, the apparent law enforcement leaks that have occurred[2] and will certainly continue, or the undeniable fact that the Government disregards DOJ regulations governing extrajudicial disclosures to the media under 28 C.F.R. § 50.2. Instead, the Government devotes approximately two pages defending the erroneous notion that everything in the DOJ Press Release was proper under Local Criminal Rule 23.1—it was not. But the problem is not just the DOJ Press Release; the Proposed Order would not have stopped that. The DOJ Press Release is simply an example of the Government's willingness to extrajudicially court the press and influence public opinion in this case. Leaks will undoubtedly remain an issue throughout this high-profile case where: one defendant was a longtime FBI agent who supervised counterintelligence work and had a focus on Russia; the FBI is the agency that has been investigating this high-profile matter within the DOJ, and the FBI has a history of leaking; the case implicates the U.S. relationship with Russia at a time where Russia is at war with a U.S. ally; Congress is seeking information from DOJ about this case; and the national media is very focused on this case.  The Government ignores all of this.

Although the Government rejects any reciprocal obligation regarding the disclosure and handling of the Disclosure Material by alluding to hypothetical concerns about sharing Disclosure

---

[1]     All terms defined previously in Mr. Shestakov's opposition (ECF No. 28) are used consistently herein.

[2]     *See, e.g.*, Michael Rothfeld, William K. Rashbaum & Kenneth P. Vogel, *How Prosecutors Say a Top F.B.I. Agent Sold His Services Overseas*, N.Y. TIMES (Feb 4. 2023), https://tinyurl.com/2p829y88 (citing sources close to FBI Director Christopher Wray).

The Hon. Jennifer H. Rearden
March 2, 2023
Page 2

Material with other law enforcement agencies, attorneys for the Government, or even judges, such concerns are easily ameliorated. The Court, exercising its broad discretion under Rule 16, can tailor a protective order to accommodate Mr. Shestakov's concerns and accommodate the Government's concerns, by, for example, carving out certain kinds of disclosures from the paragraph seven list requirement.

The Court has vast discretion to fashion protective orders governing discovery based on the unique circumstances of a particular case to ensure a fair trial and minimize prejudice to a defendant from extrajudicial disclosures by the Government (including the agencies working with them on a case) to the media or on social media.[3]  The Government cannot dispute that well-accepted legal principle.  If there was ever a case for the Court to exercise its discretion to impose binding obligations on both parties regarding release of Disclosure Material to the media or on social media and keeping track of disclosures of such material to certain individuals, it is this one.

Respectfully submitted,

By:_____
    Rita M. Glavin
    Katherine E. Petrino

---

[3] The Government's broad protective orders have not been without criticism in this District.  We alert the Court's attention to a recent decision and order (February 28, 2023) by Judge Colleen McMahon noting her discontent with the Government's broad protective orders in criminal cases, stating:  "I am not a big fan of these wholesale protective orders, whether in criminal or civil cases" *United States v. Matthew Connolly and Gavin Campbell Black*, 22-cv-9811, ECF. No. 34 (S.D.N.Y. Feb. 28, 2023).  Judge McMahon stated that she signed the protective order **"because the Government refused to turn over discovery materials in its absence and the defense, in order to move the case along, agreed to it—not because I personally believed a protective order was necessary in this case."**  *Id.* at 2-3 (emphasis added). Judge McMahon took particular aim at what she deemed an unreasonable requirement that an acquitted defendant could not use discovery materials from the case to defend himself in subsequent civil litigation. *Id.* at 4 (reasoning that upholding protective order prohibiting defendant from using evidence in subsequent civil action would give adversary an unfair advantage). Judge McMahon further stated that she might not sign such protective orders in the future. *Id.* at 3 n.4.