# GLAVIN PLLC
156 West 56th Street, Suite 2004
New York, New York 10019
646-693-5505

September 18, 2023

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Court
500 Pearl Street
Southern District of New York
New York, New York 10007

**Re:**   *United States v. Charles McGonigal and Sergey Shestakov, 23 Cr. 16 (JHR)*

Dear Judge Rearden:

    I represent Sergey Shestakov in the above-referenced matter and write to respectfully inform the Court of a discovery issue we will raise at the September 19, 2023 status conference. Specifically, the government has refused our request to provide us with discovery in an indictment pending in this District against alleged co-conspirator Oleg Deripaska—*United States v. Olga Shriki, et al.*, 22 Cr. 518 (PKC) (S.D.N.Y.)—which we understand includes financial records and communications relating to another alleged scheme by Mr. Deripaska to evade U.S. sanctions and pay individuals for assistance in evading those sanctions *during the same time period charged in this Indictment.* These records are material to the preparation of the defense in this case and, as such, core Rule 16 material. Mr. Shestakov categorically denies having been part of any criminal conspiracy with Mr. Deripaska. Accordingly, the manner in which Mr. Deripaska conducted business to evade U.S. sanctions (e.g., shell companies, complex financial arrangements through various accounts, and straw individuals) and any communications relating to such business could not be more pertinent to preparing our defense that Mr. Shestakov was not part of a criminal conspiracy with Mr. Deripaska or former FBI Agent Charlie McGonigal to evade U.S. sanctions.

    When we first raised this discovery issue in May, the government took the astonishing position that "**this prosecution team**" (i.e., the *McGonigal* prosecution team) does not possess the discovery in *Shriki* and is unaware of any *Brady*, *Giglio*, or Rule 16 material from *Shriki* in this case. *See* Government Status Letter, *U.S. v. McGonigal*, 23 Cr. 16 (JHR), ECF 47; May 18 Ltr. (attached hereto as Exhibit A). Should the government continue to resist producing that material and persist in the unprincipled view that discovery in *Shriki* is not in their possession, custody and control for purposes of Rule 16, *Brady and Giglio*—despite the fact that the *McGonigal* prosecutors and the *Shriki* prosecutors are colleagues in the same Office and the

same division of the FBI is working both cases—we will request that the Court schedule briefing on a motion to compel.

### A. *United States v. Shriki et al.*, 22 Cr. 518

On September 29, 2022, the United States Attorney's Office for the Southern District of New York ("USAO") indicted Russian oligarch Oleg Deripaska—the unindicted co-conspirator in this case that the Government alleges Mr. Shestakov and Mr. McGonigal were working for to evade sanctions—along with Natalia Bardakova and Olga Shriki for conspiring to violate sanctions imposed on Mr. Deripaska and one of Mr. Deripaska's corporate entities. *United States v. Shriki*, 22 Cr. 518 (PKC). The *Shriki* Indictment alleges that Mr. Deripaska used a corporate entity and employed Ms. Shriki and Ms. Bardakova to engage in illegal transactions in the United States on his behalf in violation of sanctions imposed on Mr. Deripaska. The conduct allegedly occurred between 2018 and 2022 and the indictment charges the defendants with conspiracy to violate the International Emergency Economic Powers Act (IEEPA), destruction of records, and false statements. Indictment at 24-28, *Shriki*, 22 Cr. 518.

The *Shriki* prosecution is being handled by colleagues of the *McGonigal* prosecution team in the USAO, and the case is currently pending before Judge Castel. Although counsel has appeared for Mr. Deripaska, Ms. Shriki is the only co-defendant who has been arraigned since the case was unsealed last fall. A status conference set for June 15, 2023 was adjourned to October 12, 2023.  No trial date has been set.

### B. On the Heels of *Shriki*, the Government Charged McGonigal and Shestakov

On January 23, 2023, less than four months after the *Shriki* Indictment, the USAO indicted Mr. Shestakov, and former F.B.I. Special Agent Charles McGonigal, for allegedly conspiring with Mr. Deripaska to violate IEEPA and commit money laundering. Indictment, *McGonigal*, 23 Cr. 16 (JHR). The *McGonigal* Indictment alleges, *inter alia*, that Mr. Shestakov and Mr. McGonigal conspired to violated sanctions law by transacting with a Cyprus-based entity that was a front for Mr. Deripaska under the pretense of engaging in business intelligence on behalf of EN+, a corporation formerly controlled by Mr. Deripaska. Mr. Deripaska, is named ad-nauseum throughout the Indictment. According to the government's theory, in 2021, Mr. Deripaska allegedly used the Cyprus-based entity to skirt sanctions by transferring money to a New Jersey corporation, which would then pay Mr. Shestakov and Mr. McGonigal for their services. *Id.*

Here, as in *Shriki*, the government has alleged that Mr. Deripaska and other individuals violated sanctions law by secreting assets through third-party entities and with the cooperation of U.S.-based individuals. The conduct in each case allegedly overlapped: with the *Shriki* indictment alleging activities between 2018 and 2022, and the *McGonigal* indictment alleging activities between 2018 and 2021. Both *Shriki* and the instant matter were investigated by the USAO and the New York Office of the F.B.I. Thus, the same offices were investigating the same person for the same alleged conduct over an overlapping time period: evading and violating sanctions by concealing assets through third-party entities and individuals on behalf of Oleg Deripaska, leading to two separate indictments from the same office. *Shriki* is a companion sanctions case to the instant case brought against Mr. McGonigal and Mr. Shestakov.

Hon. Jennifer H. Rearden
September 18, 2023
Page 3 of 5

### C. Defense Request For Discovery In *Shriki*

We specifically requested the Deripaska-related discovery from *Shriki* at the May 10th status conference. May 10, 2023 Status Conf. Tr. at 29. The government initially described the discovery in the *Shriki* case in some detail at that conference before immediately backpedaling on its description but later assuring the Court that it would look into the matter. *Id.* at 30. In particular, the government explained to the Court that *Shriki* was a complex case wherein Mr. Deripaska (the unindicted co-conspirator in this case) "secret[ed] assets through third parties in various places" requiring the government to "sort through extensive financial chains to figure out who really owns what, who is really possessing things on behalf of other people." *Id.* at 27. The government continued that *Shriki*, "contain[s] far more discovery and is far more complex than this one." *Id.* at 28. AUSA Scotten proffered that, in his opinion, the instant case is unlike *Shriki* because "it's not this great, complex financial transaction." *Id.* Immediately after making the comparison, however, AUSA Scotten informed the court that despite his previous assertions about *Shriki*, in actuality, he had "never seen the discovery in that case" and "was inferring the nature of the discovery." *Id.* at 30. AUSA Scotten then assured the court that he would "take a look" and respond to the defense request for Rule 16 material related to *Shriki*. *Id.*

Following our May 10th status conference, on May 18th the government perfunctorily responded to our request for production of *Shriki* evidence in the instant case with a letter asserting that "***this prosecution team***" (emphasis added) does not possess the evidence in *Shriki* and is unaware of any *Brady*, *Giglio*, or Rule 16 material from *Shriki* relating to this case. Ex. A. The government reiterated this representation in its June 2, 2023, status letter to the court. *See* Government Status Letter, *U.S. v. McGonigal*, 23 Cr. 16, ECF 47. We followed up again with the government about the *Shriki* discovery on August 18, 2023, and the government responded that their position had not changed.

In the May 18 letter, June 2 status letter to the Court, and August 18 status call, the government troublingly cabins its representation, limiting it to the *McGonigal* prosecution team and disclaiming awareness of any evidence in *Shriki* that constitutes *Brady*, *Giglio*, or Rule 16 material in this case. Tellingly, the government makes no representation that it has reviewed the discovery in *Shriki* for purposes of determining the existence of Rule 16 material, *Brady* or *Giglio,* but the government does make the representation that the *McGonigal* prosecution team does not possess the evidence gathered in *Shriki*. *See* Ex. A.

### D. Discovery From *Shriki* Constitutes Rule 16 and Brady Material in *McGonigal*, and the Government Must Produce this Evidence.

The *McGonigal* prosecution team's position that it does not possess *Shriki* evidence is a cynical and disappointing attempt to shrink statutory and constitutional discovery obligations. *See, e.g., U.S. v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) ("An individual prosecutor is presumed, however, to have knowledge of all information gathered in connection with his office's investigation of the case"). Indeed, although constructive knowledge is not limitless, an individual prosecutor nonetheless "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Id.*; *cf. U.S. v. Avenatti*, 2022 WL 457315, at *9 (S.D.N.Y.

3

Feb. 15, 2022) (distinguishing constructive knowledge across various government entities); *U.S. v. Volpe*, 42 F. Supp. 2d 204, 221–22 (E.D.N.Y. 1999) (holding when U.S. Attorney's office has two separate investigations involving the same targets, the prosecution cannot merely state evidence is "in the possession of another prosecution team, nor may the prosecution simply assert they will not use the material at trial. The prosecution must show that it has no access to it.").

Nor is the government's contention that it is unaware of Rule 16 evidence related to this case in *Shriki* viable. Rule 16 must be interpreted broadly to ensure fairness to defendants. *U.S. v. Martinez*, 844 F. Supp. 975, 982 (S.D.N.Y. 1994); *see U.S. v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) ("Evidence that the government does not intend to use in its case in chief is material if it could be used to counter the government's case or to bolster a defense"); *U.S. v. Clarke*, 979 F.3d 82, 97 (2d Cir. 2020) ("Evidence is material 'if it could be used to counter the government's case or to bolster a defense'"). Simply, Rule 16's materiality standard "normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *U.S. v. Gatto*, 2018 WL 4660352, at *3 (S.D.N.Y. Sept. 5, 2018) (quoting *U.S. v. Stein*, 488 F.Supp.2d 350, 356 (S.D.N.Y. 2007). The Government improperly seeks to place the burden on the defense by feigning unawareness of any Rule 16 evidence in *Shriki* that pertains to this case and *then requesting that the defense identify "specific items or categories of evidence in Shriki" that the government is obligated to produce.* Ex. A.

In any event, *Shriki* contains core Rule 16 evidence regarding the manner and methods of Mr. Deripaska's efforts to evade and violate sanctions law during the same period charged in this Indictment, including communications, and financial and corporate records. Indeed, in *Shriki* where Mr. Deripaska himself has been indicted, any of his or his co-conspirators' communications or financial or business records relating to the Deripaska's sanctions evasion scheme over the same time period alleged in the *McGonigal* indictment are undoubtedly material to the preparation of Mr. Shestakov's defense—either for evidence of Mr. Deripaska's practices and how they may differ from this case, and/or for the *lack* of any evidence concerning the scheme alleged in the *McGonigal* indictment and any knowing and willful participation by Mr. Shestakov.

Mr. Shestakov maintains his innocence and the government's case against him is a circumstantial one. He did not conspire with Mr. Deripaska or Mr. McGonigal to assist Mr. Deripaska in evading U.S. actions. The manner in which Mr. Deripaska allegedly operated to evade sanctions over the same time period could not be more material to preparing Mr. Shestakov's defense.

                                                Respectfully submitted,

                                                Rita Glavin

                                                *Counsel for Defendant Sergey Shestakov*