O3MJSHEC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                    23 Cr. 16 (JHR)

SERGEY SHESTAKOV,
                                                  Teleconference
              Defendant.

------------------------------x

                                                  New York, N.Y.
                                                  March 22, 2024
                                                  2:30 p.m.

Before:

                  HON. JENNIFER H. REARDEN,

                                            District Judge

                            APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
DEREK WIKSTROM
REBECCA DELL
     Assistant United States Attorney

GLAVIN PLLC
     Attorneys for Defendant
BY:  RITA MARIE GLAVIN
     KATHERINE E. PETRINO

1          (The Court and all parties present telephonically)

2          THE DEPUTY CLERK:  Hello, all.  Who is on, please?

3          MR. WIKSTROM:  Good afternoon, your Honor.

4          Derek Wikstrom for the government, and Rebecca Dell is also on.

6          THE COURT:  Hello.

7          MS. GLAVIN:  Good afternoon, your Honor.

8          Rita Glavin, along with my colleague Katherine Petrino, for Sergey Shestakov, who is also on the line.

10         THE COURT:  Okay.  Good afternoon, all.

11         THE DEFENDANT:  Good afternoon, your Honor.

12         THE COURT:  Hello.  All right.  Ms. Glavin, this is your application.

14         MS. GLAVIN:  Sure, your Honor.

15         I think I laid out in my letter what occurred over the last couple of weeks.  And just to give the Court a little more flavor to sort of the timing issues this presented, my client, the former governor, is also scheduled to give a deposition in one of the pending federal sexual harassment lawsuits against him on May 2, and so there's the time that I need to prepare him for that.

22         And then when the Congressional subcommittee decided to issue the subpoena after rejecting to accommodate my own schedule, particularly this trial, for May the 24th, they put me in I felt an impossible position.  And they've been made

aware of that, and they don't care.  And I want the Court to know and I told the government that I made it abundantly clear to them, also followed up with them asking them not to do a subpoena and to try and accommodate this and they refused.

So what this means is that I will be spending my time, as I had planned to, to prepare him for an important deposition.  And then I immediately then have to pretty much spend the next three weeks being able to prepare him for anything and everything dealing with the COVID pandemic because I have been told that basically no topic is going to be off limits and I won't be given any advance questions or documents before they take his testimony.

And as a result of this — and I did spend some time talking to Mr. Shestakov about this and he understands this — I reached out to the government, and I am appreciative that they understood what this issue was and presented for me professionally.  And I explained that I just could not provide Mr. Shestakov with the assistance that he would need in preparing for trial, and they were willing to agree to an adjournment.

And the issue I just wanted to tee up for the Court is I had initially proposed to the government for a trial adjournment for a date in September.  I still think that would be the best date.  And the reason I raised that with them is because in July, so after this trial was supposed to take

place, I expect the Governor Cuomo will have a second deposition because we have a discovery deadline in a second sexual harassment case that I'm preparing him for. And there are also some other depositions in connection with that case and another case.

So I really asked the government for September. I know that Mr. Wikstrom he expressed to me, and I understood this, is that, look, he's got a trial in October. And I think Ms. Dell does too. And with respect to August, I have already paid for a vacation, a family vacation, for the week of August 17 to 24, six months ago for the whole Glavin family to be in South Carolina. So I wanted your Honor to be aware of this because, ideally, for me to accommodate all of this because my schedule has been very tight with certain cases and dates in mind, this has been blown out for me, and so I just wanted the Court to be aware of it.

THE COURT: All right. Mr. Wikstrom, do you want to be heard?

MR. WIKSTROM: I'll just say briefly, your Honor, Ms. Glavin's summary is basically correct. A September trial would be difficult for both me and Ms. Dell because we each have one-to-two-week trials scheduled on the opposite ends of October in different cases. And so our hope is that the Court can find a date that works for the Court and for the parties towards the end of July or in August. I do think that's

1    possible to both do this trial and accommodate Ms. Glavin's
2    conflicts in May and her vacation in August, but I suppose it
3    depends to some extent on the Court's availability.
4             THE COURT:  September is not workable for me either,
5    and I'm not willing to put off the trial beyond that point.  So
6    what about, having gotten the lay of the land, I think, what
7    about the first half of August, before you leave town,
8    Ms. Glavin, Tuesday, August 6?  Actually, I should ask the
9    preliminary question, which is we're down to one defendant now
10   in this case.  How much time do both sides think we need for
11   this trial?
12            MR. WIKSTROM:  Speaking for the government, I expect
13   that our case will last about a week.  It could go slightly
14   longer than that, but I think we will aim to get it done within
15   a week.  I do expect there to be a defense case of some kind.
16   I don't know what the length will be of that.
17            THE COURT:  Okay.
18            MR. WIKSTROM:  That's reading tea leaves I should say.
19   Ms. Glavin can speak to that.  And Ms. Dell reminds me that to
20   some extent, when I say about a week, I'm being somewhat
21   cautiously optimistic in terms of stipulations to things like
22   financial institution business records and cell phone
23   extractions.  Those are often stipulated to.  If they're not
24   going to be, it might blow out the length of the trial.
25            THE COURT:  Right.  Well --

1  MS. GLAVIN:  So your Honor, just my schedule, yes, I
2 could do the early part of August.  And I do expect there will
3 be a defense case.  I just can't estimate how long at this
4 point.  We're still working on it.
5  THE COURT:  Well, we're not talking about more than
6 two weeks in a single-defendant case, are we, between the two
7 of you?  I wouldn't think so, but --
8  MR. WIKSTROM:  I'm certainly hoping that.
9  Can I ask your Honor what the Court's typical trial
10 schedule is in terms of hours per day and whether you sit on
11 Fridays?
12  THE COURT:  I will adjust to make sure that we get it
13 in within a certain number of days if I have to.  So in keeping
14 with the practice of many judges in the district, I like to
15 stop at around 2:30 if I can, but I've also had trials go all
16 the way to the end of the day where I needed to do that to fit
17 it within a certain timeframe, and I'm willing to do that here
18 if necessary.
19  Now, I have as a backstop, I have significant time in
20 July held open for another criminal trial.  At this point, we
21 won't know until we know what's going to happen ultimately with
22 that case, but I can't go into July at the moment because I'm
23 holding a lot of time open for another criminal trial.  I don't
24 love starting trials on Mondays because it's hard for the jury
25 department.  I'd prefer to start on Tuesdays.  We could start

1    on Monday, August 5.

2             One question I have, Ms. Glavin, is listening to you —

3    and I certainly appreciate the complications occasioned by this

4    issue with your other client — but who is to say that Mr. Cuomo

5    won't have something arise and need your attention at a later

6    date?  I mean, even if we put this out later, this could happen

7    again, creating another time conflict for you, and then what?

8             MS. GLAVIN:  Your Honor, I think the issue here is

9    that it's that Congress did a subpoena, so I'm able and I have

10   been able to deal with people cooperatively.  Unfortunately,

11   that was not the case with the Republican staff members on a

12   committee in which Marjorie Taylor Greene sits.  So I don't see

13   anything on the horizon beyond his deposition in May.  And

14   depositions —

15            THE COURT:  Well, there's something in July that

16   you —

17            MS. GLAVIN:  In July, it's in the second sexual

18   harassment case, and those have been on my radar screen.  I'm

19   well aware of them.  I was focused on that when we had this

20   trial date.  I was highly surprised at how things went down

21   with the subcommittee, was very surprised.

22            THE COURT:  All right.  Well, best we can do from my

23   perspective, we can start a trial on Tuesday, August 6.  If my

24   availability opens up in July, we can move the trial up.  When

25   in July is your conflict, Ms. Glavin?

1    MS. GLAVIN: We have to complete party discovery in
2    the Trooper 1 case by August, which is why I conferred with
3    co-counsel about dates in July for the governor's deposition.
4    We haven't offered them yet, but we plan to.
5    THE COURT: All right. I think we're going to go with
6    an August 6 start date. Or if Mr. Shestakov qualifies for CJA,
7    I can appoint now co-counsel to work with you. You can work
8    out trial prep and trial duties and responsibilities however
9    you want. I can bring somebody else on to alleviate the
10   pressure, and we'll go forward in June as originally scheduled.
11   Nobody but you can do a trial in September, and I'm not going
12   to move it out beyond that because this -- I understand all of
13   the developments, the recent developments, but this trial date
14   was set ten months ago in May. And if I recall, that was at
15   least in part at your insistence to put it out this far.
16   And Mr. Shestakov was indicted in January of 2023.
17   There's a public interest in moving forward. And put this
18   toward the end of the year, we're looking at almost a
19   two-year-old criminal case that hasn't gone to trial. So
20   that's what I offer. We can start in early August and do it
21   then before you have to leave town, or I can appoint CJA
22   counsel to work alongside you and we'll go ahead in June.
23   MS. GLAVIN: So I'm fine with the August date, your
24   Honor. And then I actually want to consult with Mr. Shestakov
25   about CJA counsel. I think that Mr. Shestakov very much wants

1  me to try the case, which I'm planning to do.  That's what he
2  hired me to do.  But I may take you up on having CJA counsel
3  assist even if it's the August 6 trial date, but I want to talk
4  to Mr. Shestakov about it, given that it's his decision.
5          THE COURT:  I assume the government has no issue with
6  that, assuming Mr. Shestakov --
7          MR. WIKSTROM:  The government takes no position on
8  that, your Honor.
9          THE COURT:  Okay.  All right.  Well, so how are we
10 going to leave this then?  Are we going to leave it that we are
11 moving to Tuesday, August 6, and Ms. Glavin you're going to get
12 back to me about the possibility of appointing CJA counsel?
13         MS. GLAVIN:  Yes, your Honor.
14         THE COURT:  All right.
15         MR. WIKSTROM:  That's fine with the government, your
16 Honor.  We would respectfully request that the Court exclude
17 time until August 6 to permit the parties to prepare for trial.
18         THE COURT:  All right.
19         MS. GLAVIN:  No objection.  We consent.
20         THE COURT:  All right. Just a moment.  I'm making
21 notes here.  I don't have the statute in front of me, but I
22 will say upon the government's application and no objection
23 from the defense, I hereby exclude time under the Speedy Trial
24 Act through Tuesday, August 6 to permit the parties to prepare
25 for trial.  This adjournment outweighs the public's and the

1  defendant's interest in moving forward before that point in
2  getting a speedy trial.
3          Mr. Wikstrom, I understand that the government is not
4  automatically ordering transcripts now in cases.  Is it
5  possible to order a transcript of this conference?  I think it
6  would be helpful to have it.
7          MR. WIKSTROM:  Certainly, your Honor, we will.  I'm
8  not sure whether there's a court reporter online --
9          THE COURT:  We have a court reporter.  Okay.  Thank
10 you.  We have a court reporter.  Sorry to talk over you.
11         Is there anything else we should address at this time?
12         MR. WIKSTROM:  Not from the government.  Thank you,
13 your Honor.
14         MS. GLAVIN:  Your Honor, there's one issue I had
15 raised with the government getting the raw phone extraction
16 from Evgeny Fokin from his phone.  What was produced in
17 discovery just appears to be draft translations of the phone
18 imaging, and so we'd ask for the actual image.  And I just want
19 to get a sense from the government what the timing is on that.
20         THE COURT:  Is this something you've already met and
21 conferred about or --
22         MS. GLAVIN:  Yes.  I've made several requests.
23         THE COURT:  Okay.  And this is not the subject of
24 anything that's pending before me; is that right?
25         MS. GLAVIN:  That's right.

O3MJSHEC

1              THE COURT:  Okay.
2              MR. WIKSTROM:  Your Honor, I don't have at hand an
3    answer to this question, but I will look into it and get back
4    to Ms. Glavin.
5              THE COURT:  Thank you.  Why don't you try to meet and
6    confer and eliminate or narrow the issue.  And if you can't,
7    then you know where to find me.
8              MR. WIKSTROM:  Certainly.  Thank you, your Honor.
9              THE COURT:  All right.
10             MS. GLAVIN:  Thank you, your Honor.
11             THE COURT:  Thank you all.  Have a good weekend.
12             (Adjourned)