UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SERGEY SHESTAKOV,

Defendant.

23 Cr. 16 (JHR)

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

Rebecca T. Dell
Sheb Swett
Derek Wikstrom
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 23 Cr. 16 (JHR) |
| SERGEY SHESTAKOV, | |
| Defendant. | |

**GOVERNMENT'S PROPOSED
EXAMINATION OF PROSPECTIVE JURORS**

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of
Criminal Procedure, that the Court include the following questions in its examination of
prospective jurors.  The Court is requested to pursue more detailed questioning at the sidebar or in
the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in
such an instance, to conclude with an inquiry as to whether the particular fact or circumstance
would influence the prospective juror in favor of or against either the Government or the defendant.

**A.      The Charged Offenses**

So that you can understand the reason for the questions I'll be asking you, I want to tell
you briefly about the charges in this criminal case.  The defendant, Sergey Shestakov, has been
charged with the commission of federal crimes in a document called an Indictment filed by a grand
jury sitting in this District.  The Indictment is not evidence itself.  It simply contains the charges
that the Government is required to prove beyond a reasonable doubt.  Those of you selected to sit
on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would
like to give you a brief summary of the charges so that we can determine whether there is anything

about the charges that would make it impossible or difficult for you to sit as a fair and impartial juror. The Indictment contains five counts or charges:

Count One charges that the defendant conspired to violate the International Emergency Economic Powers Act, also known as IEEPA, by agreeing to provide services to a sanctioned individual, from in or about the Spring of 2021, up to and including at least November 2021. Count Two charges that the defendant violated IEEPA, by providing services to a sanctioned individual, from in or about the Spring of 2021, up to and including at least November 2021. Specifically, in Counts One and Two, the defendant is alleged to have agreed to and did conduct a private investigation of Vladimir Potanin, a Russian oligarch, in return for concealed payments from Oleg Deripaska, a Russian oligarch who was sanctioned under IEEPA.

Count Three charges that the defendant conspired to commit money laundering, from at least in or about August 2021, up to and including at least November 2021. Count Four charges that the defendant committed money laundering, from in or about the Spring of 2021, up to and including at least November 2021. Specifically, in Counts Three and Four, the defendant is alleged to have agreed to and did take steps to conceal the payments he and his alleged co-conspirators received from Deripaska.

Count Five charges that the defendant made false statements in a matter within the jurisdiction of the executive branch of the Government on or about November 21, 2021. Specifically, when interviewed by Special Agents of the Federal Bureau of Investigation, the defendant is alleged to have (a) concealed the nature of the relationship between two of his co-

conspirators and (b) falsely stated that he did not have any business relationship with one of his co-conspirators.

1.      Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them?

**B.      Knowledge of the Trial Participants**

2.      The defendant in this case is Sergey Shestakov. [*Please ask defendant to stand*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

3.      To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

4.      Sergey Shestakov is represented by Rita Glavin, Katherine Petrino, and Leo Korman.  [*Please ask defense counsel to stand*.]  Do any of you know any of the attorneys?  Have you or your family members or close friends had any dealings either directly or indirectly with these attorneys?

5.      The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Rebecca Dell, Sheb Swett, and Derek Wikstrom, who will be assisted by Special Agent Michael Maniscalco of the Federal Bureau of Investigation and Paralegal Specialist Liam Ronan of the U.S. Attorney's Office.  [*Please ask the Government team to stand*.]  Do any of you know

Mr. Williams, Ms. Dell, Mr. Swett, Mr. Wikstrom, Mr. Maniscalco, or Mr. Ronan? Have you or your family members or close friends had any dealings either directly or indirectly with them?

6.      Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office? This case also involves the Federal Bureau of Investigation ("FBI"), and the United States Department of Treasury's Office of Foreign Assets Control, also known as OFAC. Have you or your family members or close friends had any dealings with the FBI or OFAC?

7.      I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case [*Government will provide list of names to the Court in advance of trial*]. Do any of you know any of the people I have just named? Have you had any dealings either directly or indirectly with any of these individuals? To your knowledge, have your relatives, friends, associates, employers or employees had any dealings with any of these individuals?

C.      **Relevant Locations**

8.      The conduct at issue in this case took place in various locations including: [*Locations will be supplied to Court in advance of trial*]. Are any of you familiar with those areas?

D.      **Relationship with Government**

9.      Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for

the Southern District of New York?  The FBI?  OFAC?   Is any member of your family employed

by any law enforcement agency, whether federal, state, or local?

10.     Have any of you, either through any experience you have had or anything

you have seen or read, developed any bias, prejudice or other feelings for or against the United

States Attorney's Office?  The FBI?  OFAC?  For or against any other law enforcement agency?

11.     Have you, or has any member of your family, either as an individual, or in

the course of business, ever been a party to any legal action or dispute with the United States, or

with any of the officers, departments, agencies, or employees of the United States?  Have any of

you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

Have any of you, or a member of your family, ever had such a dispute concerning payment of

money owed to you by the Government?

**E.      Prior Jury Service**

12.     Have you ever, at any time, served as a member of a grand jury, whether in

federal, state, county or city court?  If so, when and where did you serve?  If so, were you the

foreperson?

13.     Have you ever served as a juror in any court?  If so, when, and in what court

did you serve, and was it a civil or criminal case?  What was the nature of the case?  Without

saying what it was, did the jury reach a verdict?  Did you think the outcome was fair?  Was there

anything about that experience that would impact your ability to sit as a fair and impartial juror in

this case?

**F.      Experience as a Witness, Defendant, or Crime Victim**

14.     Have any of you, or any of your relatives or close friends, ever been

involved or appeared as a witness in any investigation by a federal or state grand jury, or by a

Congressional or state legislative committee, licensing authority, or governmental agency?  Have

you, or anyone close to you, ever been questioned in any matter by a federal, state, or local law

enforcement agency?

15.    Have you ever been a witness or a complainant in any federal or state

prosecution?

16.    Are you, or is any member of your family, now under subpoena or, to your

knowledge, about to be subpoenaed in any criminal case?

17.    Have you, or has any member of your family, any associate or close friend,

ever been charged with a crime?  If so, do you believe those charges were fairly brought?  [*If any

juror answers yes to the first question, the Court is respectfully requested to inquire, at side bar

or in the robing room, about the nature of the case and the juror's feeling concerning the case.*]

18.    Have you, or have any of your relatives, associates, or close friends ever

been the subject of any investigation or accusation by any federal or state grand jury, or by a

Congressional committee?  [*If any juror answers yes, the Court is respectfully requested to inquire,

at side bar or in the robing room, about the nature of the case and the juror's feeling concerning

the case at sidebar.*]

19.    Have you, or any of your close friends or relatives, ever been a victim of a

crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested

to inquire, at side bar or in the robing room, into the circumstances of each crime.*]

20.    Have you, or any of your close friends or relatives, ever been arrested,

stopped, or questioned by any member of law enforcement? [*As to any prospective juror who

answers affirmatively, the Court is respectfully requested to inquire, at side bar or in the robing

room, into the circumstances of each incident and that prospective juror's reaction to how he or*

*she was treated by the law enforcement officer*.]

    **G.**        **Ability to Render a Fair and Impartial Verdict**

        21.        Do any of you feel that the fact that the charges involve sanctions violations, money laundering, and making false statements to the FBI may affect your ability to render a fair verdict?

        22.        Have you or any of you been involved – as defendant, victim, or in any other way – in a case involving sanctions violations, money laundering, and making false statements to the FBI?

        23.        This case involves certain executive orders that were issued by the President in response to Russia's actions and policies with respect to Ukraine. Do you have any views about the President's ability to issue such executive orders that would affect your ability to render a fair and impartial verdict? Do you have any views about Russia or Ukraine that would affect your ability to render a fair and impartial verdict?

        24.        Do you have any views about OFAC's designation of an individual as a Specially Designated National, which means they are subject to sanctions, that would affect your ability to render a fair and impartial verdict in this case?

        25.        This case involves Russian nationals Oleg Deripaska and Vladimir Potanin. Do you have any views about Deripaska and Potanin that would affect your ability to render a fair and impartial verdict in this case?

        26.        Have you or any your relatives, close friends, or associates ever registered as a foreign agent under the Foreign Agents Registration Act?

27.     Do you have any views of the Foreign Agents Registration Act that would affect your ability to render a fair and impartial verdict?

**H.     Media Coverage**

28.     Have any of you read, seen, or heard anything – in the newspaper, on the Internet, on social media, or on TV or the radio – about this case?

29.     It's possible this trial could generate some media attention.  If it does, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case – including coverage of the case in social media like Facebook and X – until after this case is over?  If not, please raise your hand.

**I.     Law Enforcement Witnesses**

30.     The Government witnesses in this case will consist in part of law enforcement officers, including agents with the FBI.  Would any of you be more or less likely to believe a witness merely because he or she is an officer of a law enforcement agency?

31.     Have you ever had an unpleasant experience with any law enforcement officer? [*The Government requests that positive responses be handled at sidebar so as not to influence or affect other jurors in venire.*]

**J.     Investigative Techniques**

32.     Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

33.     Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular investigative technique in presenting evidence of a crime?

34.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?

### K.     Other Questions

35.     The trial is expected to last approximately two weeks.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

36.     Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?  Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

37.     Do any of you have any difficulty in reading or understanding English?

38.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict in this criminal case?

### L.     Function of the Court and Jury

39.     The function of the jury is to decide questions of fact.  You are the sole judge of the facts.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.  Do any of you have

any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

40.     Will each of you follow my instruction that the defendant is entitled to individual consideration, and that the mere fact that a defendant has associated with others who may have engaged in criminal activity does not itself make that defendant guilty?

41.     Will each of you follow my instruction that the defendant is presumed to be innocent and has no obligation to prove his innocence; rather, the task of proving guilt beyond a reasonable doubt rests exclusively with the Government?

42.     Will each of you follow my instruction that a defendant is under no obligation to testify and that our Constitution guarantees that the decision not to testify cannot be held against a defendant – as the duty to prove guilt, beyond a reasonable doubt, again, rests exclusively with the Government?

43.     Will each of you follow my instruction that the question of punishment is for the Court alone to decide, and that the question of possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty of the crimes charged?

44.     Will each of you follow my instruction that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence or lack of evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crime charged?

45.     It may not be a particularly pleasant duty to find a person guilty of committing a crime.  Is there any juror who feels that even if the evidence established a defendant's

guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

## M.    Other Biases

46.    In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will not be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice – and according to the law as it will be explained to you?

## N.    Jurors' Background

47.    The Government respectfully requests that the Court ask each juror to state the following information:

a.    the juror's age;

b.    the area in which the juror resides and any other area the juror has resided during the last ten years;

c.    where the juror was born;

d.    the juror's educational background, including the highest degree obtained;

e.    whether the juror has served in the military, and if so in what capacity and for what duration;

f.    the juror's occupation;

g.    the name and location of the juror's employer, and the period of employment with that employer;

h.    the same information concerning other employment within the last five years;

i.        the same information with respect to the juror's spouse and any working children;

j.        whether the juror, or the juror's close family or friends, has served in federal, state, or local government, including federal, state, or local law enforcement;

k.        what newspapers and magazines, either in paper or electronic form, the juror reads and how often;

l.        what television programs the juror regularly watches, including any news channels, such as CNN or Fox News;

m.        whether the juror watches "Law and Order," "CSI," or other police dramas;

n.        social media websites, such as Facebook or X, used by the juror on a regular basis; and

o.        the juror's hobbies, and leisure-time activities and organizations.

**O.      Requested Instruction Following Empaneling of the Jury**

48.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

49.     If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to

offer a friendly greeting.  So, if you happen to see them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

50.    Please do not read or watch anything in newspapers, television, or on the Internet or social media that relates to the case or any of its participants in any way. This means no Google searches, or looking anything up on the Internet regarding the case or anyone involved in it. My instruction that you cannot discuss the case also applies to instant messages, chats, texts, emails, and social media, including Facebook, X, Instagram, Snapchat, blogs, etc. Do not discuss the case at all, and do not write or post anything about the case at all.

Dated:    New York, New York
          July 2, 2024

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney
                            Southern District of New York


                    By:  ___/s/_____
                            Rebecca T. Dell
                            Sheb Swett
                            Derek Wikstrom
                            Assistant United States Attorneys
                            Southern District of New York
                            (212) 637-2198 / 6522 / 1085