UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

SERGEY SHESTAKOV,

Defendant.

23 Cr. 16 (JHR)

---

## THE GOVERNMENT'S REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

Rebecca T. Dell
Sheb Swett
Derek Wikstrom
Assistant United States Attorneys
        - Of Counsel -

**<u>INTRODUCTION</u>**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court include the following in its charge to the jury.

**<u>TABLE OF CONTENTS</u>**

REQUEST NO. 1 ................................................................................................................. 1

Use of the Court's Standard Instructions ........................................................................... 1

REQUEST NO. 2 ................................................................................................................. 2

Inferences .......................................................................................................................... 2

REQUEST NO. 3 ................................................................................................................. 3

Credibility of Witnesses ..................................................................................................... 3

REQUEST NO. 4 ................................................................................................................. 4

The Indictment .................................................................................................................... 4

REQUEST NO. 5 ................................................................................................................. 6

Counts One and Three: Conspiracy Offenses – Background and Elements of Conspiracy ................. 6

REQUEST NO. 6 ................................................................................................................. 8

Counts One and Three: IEEPA Conspiracy and Money Laundering Conspiracy ............................. 8

First Element: Existence of a Conspiracy ........................................................................... 8

REQUEST NO. 7 ............................................................................................................... 12

Counts One and Three: IEEPA Conspiracy and Money Laundering Conspiracy ............................ 12

Second Element: Participation .......................................................................................... 12

REQUEST NO. 8 ............................................................................................................... 15

Count Two: Violation of the International Emergency Economic Powers Act .............................. 15

Overview ........................................................................................................................... 15

REQUEST NO. 9 ............................................................................................................... 17

Count Two: Violation of the International Emergency Economic Powers Act .............................. 17

First Element – Violation of an Order or Regulation ......................................................... 17

REQUEST NO. 10 ............................................................................................................. 18

Count Two: Violation of the International Emergency Economic Powers Act .............................. 18

REQUEST NO. 11 ............................................................................................................. 19

Count Two: Violation of the International Emergency Economic Powers Act .............................. 19

REQUEST NO. 12 ............................................................................................................. 20

Count Four: Money Laundering ....................................................................................... 20

REQUEST NO. 13 ............................................................................................................. 21

Count Four: Money Laundering ....................................................................................... 21

REQUEST NO. 14 ............................................................................................................. 23

Count Four: Money Laundering ....................................................................................... 23

REQUEST NO. 15 ............................................................................................................. 24

Count Four: Money Laundering ....................................................................................... 24

REQUEST NO. 16 ..................................................................................................... 25

Count Four: Money Laundering ............................................................................... 25

REQUEST NO. 17 ..................................................................................................... 27

Count Five: False Statements .................................................................................. 27

REQUEST NO. 18 ..................................................................................................... 29

Count Five: False Statements .................................................................................. 29

REQUEST NO. 19 ..................................................................................................... 30

Count Five: False Statements .................................................................................. 30

REQUEST NO. 20 ..................................................................................................... 31

Count Five: False Statements .................................................................................. 31

REQUEST NO. 21 ..................................................................................................... 32

Count Five: False Statements .................................................................................. 32

REQUEST NO. 22 ..................................................................................................... 33

Count Five: False Statements .................................................................................. 33

REQUEST NO. 23 ..................................................................................................... 34

Conscious Avoidance ............................................................................................... 34

REQUEST NO. 24 ..................................................................................................... 37

Aiding and Abetting ................................................................................................. 37

REQUEST NO. 25 ..................................................................................................... 39

Venue ....................................................................................................................... 39

REQUEST NO. 26 ..................................................................................................... 41

Motive ...................................................................................................................... 41

REQUEST NO. 27 ..................................................................................................... 42

Persons Not on Trial ................................................................................................ 42

REQUEST NO. 28 ..................................................................................................... 43

Law Enforcement or Government Witnesses ........................................................... 43

REQUEST NO. 29 ..................................................................................................... 44

Cooperating Witnesses Testimony .......................................................................... 44

REQUEST NO. 30 ..................................................................................................... 45

Immunized Witnesses .............................................................................................. 45

REQUEST NO. 31 ..................................................................................................... 46

Preparation of Witnesses ......................................................................................... 46

REQUEST NO. 32 ..................................................................................................... 47

False Exculpatory Statements ................................................................................. 47

REQUEST NO. 33 ........................................................................................................... 48

Similar Acts .................................................................................................................. 48

REQUEST NO. 34 ........................................................................................................... 50

Particular Investigative Techniques ............................................................................. 50

REQUEST NO. 35 ........................................................................................................... 51

Use of Audio and Video Recordings and Transcripts ................................................. 51

REQUEST NO. 36 ........................................................................................................... 52

Use of Evidence Obtained Pursuant to Searches and Seizures .................................... 52

REQUEST NO. 37 ........................................................................................................... 53

Charts and Summaries: Admitted as Evidence ............................................................ 54

REQUEST NO. 38 ........................................................................................................... 55

Charts and Summaries: Not Admitted as Evidence ..................................................... 55

REQUEST NO. 39 ........................................................................................................... 56

Stipulations of Testimony ............................................................................................ 56

REQUEST NO. 40 ........................................................................................................... 57

Stipulations of Fact ...................................................................................................... 57

REQUEST NO. 41 ........................................................................................................... 58

Redaction of Evidentiary Items ................................................................................... 58

REQUEST NO. 42 ........................................................................................................... 59

Variance in Dates ......................................................................................................... 59

REQUEST NO. 43 ........................................................................................................... 60

Character Witnesses ..................................................................................................... 60

REQUEST NO. 44 ........................................................................................................... 61

Uncalled Witnesses – Equally Available or Unavailable ............................................ 61

REQUEST NO. 45 ........................................................................................................... 62

Defendant's Testimony ................................................................................................. 62

REQUEST NO. 46 ........................................................................................................... 63

Defendant's Right Not to Testify ................................................................................. 63

**REQUEST NO. 1**

**Use of the Court's Standard Instructions**

The Government respectfully requests the Court give the standard instructions used in this District to the jury on the following matters:

a. Duties and Roles of the Court and Jury

b. Presumption of Innocence and Burden of Proof

c. Reasonable Doubt

d. Direct and Circumstantial Evidence

e. Indictment Not Evidence

f. Statements of Court and Counsel Not Evidence

g. Government Treated Like Any Other Party

h. Sympathy: Oath as Jurors

i. Punishment Is Not to Be Considered by the Jury

j. Jury's Recollection Controls

k. Notetaking by Jurors

l. Selection of Foreperson; Right to See Exhibits and Hear Testimony During Deliberations; Communications with the Court

m. Verdict; Need for Unanimity; Duty to Consult; Concluding Instruction

## **REQUEST NO. 2**

## **Inferences**

During the trial, you may have heard the attorneys use the term "inference" and in their arguments they have asked you to infer on the basis of your reason, experience, and commonsense from one or more established facts the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical deduction or a conclusion that you, the jury, are permitted to draw, but not required to draw, from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

There are times when different inferences may be drawn from facts whether proved by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defendant asks you to draw another.  It is for you, and you alone, to decide what reasonable inferences to draw from the facts that you find to be proven as would be justified in light of your experience.

Adapted from the Jury Charge in *United States v. Avenatti*,
No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1723-24).

## REQUEST NO. 3

## Credibility of Witnesses

How do you evaluate the credibility, or believability, of the witnesses?    The answer is that you use your common sense.    You may use the same tests here that you use in your own life when evaluating statements made by others to you.    You may ask yourselves: Did the witness impress you as open, honest, and candid?    How responsive was the witness to the questions asked on direct examination and on cross-examination?    Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about?    Did the witness strike you as someone who was trying to report his or her knowledge accurately?    These are examples of the kinds of commonsense questions you should ask yourselves in deciding whether a witness is or is not truthful.

If you find that a witness intentionally told a lie, that is always a matter of importance you should weigh carefully.    One the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects.    It is for you to determine whether such inconsistencies are significant or inconsequential and whether to accept or reject all the testimony of any witness or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.    You may reject it because of the witness's bearing or demeanor or because of the apparent improbability of the testimony or for other reasons sufficient for you to conclude that the testimony is not worthy of belief.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1726-27).

**REQUEST NO. 4**

**The Indictment**

The defendant, Sergey Shestakov, is formally charged in an Indictment.    The Indictment is simply an accusation.    It is not evidence of the crimes charged; it is not proof of a defendant's guilt.    It is simply the procedure by which the Government presents charges in this case.    [If applicable: Before you begin your deliberations, you will be provided a copy of the Indictment. I will not read the entire Indictment to you at this time.    Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.]

The Indictment contains five counts against the defendant.    Each count constitutes a separate offense which must be considered separately by you, and for which you must return a separate verdict.    I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One charges the defendant with conspiracy to violate the International Emergency Economic Powers Act, which I will refer to as "IEEPA," in violation of Title 50, United States Code, Section 1705, Executive Orders 13660, 13661, and 13662, and Title 31, Code of Federal Regulations, Section 589.201, and Count Two charges the defendant with a violation of IEEPA, in violation of the same laws, regulations, and executive orders, as well as Title 18, United States Code, Section 2.    These Counts allege that between in or about the Spring of 2021, up to at least in or about November 2021, the defendant agreed with others to violate IEEPA, and in fact violated IEEPA, by providing services to and for the benefit of Oleg Deripaska in violation of economic sanctions that had been imposed on Deripaska.

Count Three charges the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and Count Four charges the defendant

4

with money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2. These Counts allege that between approximately August 2021 and November 2021, the defendant conspired to launder, and laundered, the proceeds of some form of unlawful activity—namely, proceeds of violations of IEEPA—by engaging in one or more financial transactions designed in whole or in part to conceal and disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, specifically, by causing Deripaska to transfer funds to the defendant and a co-conspirator through a Russian bank, a Cyprus corporation called Pandean, and a New Jersey corporation called Spectrum Risk Solutions, in order to conceal the origin and control of those funds.

Count Five charges the defendant with making false statements in a matter within the jurisdiction of the executive branch of the Government, in violation of Title 18, United States Code, Section 1001. This count alleges that, on or about November 21, 2021, the defendant made false statements to FBI agents during an interview, about the nature of the relationship between Charles McGonigal and Evgeniy Fokin and about the defendant's relationship with Fokin.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instrs. 3-1, 3-2.

## REQUEST NO. 5

## Counts One and Three: Conspiracy Offenses – Background and Elements of Conspiracy

Counts One and Three charge conspiracy offenses, so let me explain to you what a conspiracy is.    These instructions about conspiracy apply to both conspiracy counts.

A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.    The crime of conspiracy to violate a federal law is an independent offense.    It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime. Indeed, you may find a defendant guilty of conspiracy to commit an offense even though the substantive crime which was the object of the conspiracy was not actually committed.    Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.    This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

In order for a defendant to be guilty of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

First, that the charged conspiracy existed; and

Second, that at some point during the conspiracy's existence the defendant knowingly and willfully joined the alleged conspiracy with the intent to accomplish the conspiracy's unlawful purpose.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 863-64), and *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 748); *see also* 1 *Modern Federal Jury Instructions-Criminal*,

Instr. 19-2 ("Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.").

## REQUEST NO. 6

## Counts One and Three: IEEPA Conspiracy and Money Laundering Conspiracy

## First Element: Existence of a Conspiracy

Starting with the first element, what is a conspiracy?   A conspiracy is just an agreement or an understanding between two or more people to violate the law.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement of two or more people to violate the law.    As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.   Rather, the Government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the unlawful object.

To prove the existence of a conspiracy, the Government is not required to show that two or more people sat around a table and entered into solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out who would do what in order to carry out the unlawful project.   Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.   What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.   The old adage, "actions speak louder than words,"

applies here.   Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.   When taken all together and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

The object of a conspiracy is the illegal goal that the co-conspirators hoped to achieve.

The object of the conspiracy charged in Count One is to violate economic sanctions issued under IEEPA.

The object of the conspiracy charged in Count Three is to launder the proceeds of violations of IEEPA.

I will explain to you later on what it means to commit substantive violations of IEEPA or the money laundering statute, but you should keep in mind that you need not find the conspirators accomplished the object or goal of each conspiracy. Instead, an agreement to accomplish the goal of violating IEEPA is sufficient with respect to finding the first element of a conspiracy has been satisfied for Count One, and an agreement to accomplish the goal of committing money laundering is sufficient with respect to finding the first element of a conspiracy has been satisfied for Count Three.

Further, it is not essential that the Government prove that the conspiracy in question started and ended on the specific dates alleged in the Indictment or that it existed throughout that entire period. Rather, it is sufficient to satisfy the first element if you find that in fact the charged conspiracy was formed and that it existed for any time within the charged period.

<u>Liability for Acts and Declarations of Co-Conspirators</u>

So, first you must determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged. In considering the first element of conspiracy generally, you will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the Government alleges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do, in part, with the nature of the crime of conspiracy.    As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.    This is so even if such acts were committed or such statements were made in the defendant's absence, and/or without his knowledge.

> Adapted from the Jury Charges in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 865-69), *United States v. Olivo*, No. 22 Cr. 582 (VEC) (S.D.N.Y. Feb. 26, 2024), Dkt. 155, at 14-15, *United States v. Ganiyu*, No. 23 Cr. 331 (LAK) (S.D.N.Y. Apr. 19, 2024) (Tr. 387-91), and *United States v.*

*Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 748-51, 754-55).

## REQUEST NO. 7

### Counts One and Three: IEEPA Conspiracy and Money Laundering Conspiracy

### Second Element: Participation

If you conclude that the Government has proven beyond a reasonable doubt that a charged conspiracy existed, then you must consider the second element: whether the defendant knowingly and willfully became a member of the conspiracy.

To act "knowingly" means to act voluntarily and deliberately rather than mistakenly or inadvertently.

To act "willfully" means to act voluntarily and with a wrongful purpose.

Put differently, an act is done knowingly and willfully if it is done purposefully and deliberately with an intent to do something the law forbids, that is, a defendant's act must have been the product of that defendant's conscious determination rather than the product of a mistake, accident, mere negligence, or some other innocent reason.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.   However, you have before you evidence of certain acts, conversations, and statements alleged to have been made by, with, or in the presence of the defendant, and others.   The ultimate facts of knowledge and criminal intent may be established by words and conduct and all the surrounding circumstances, as well as acts, and all of the circumstances disclosed by the evidence and logical and reasonable inferences from them.   It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.   Nor does the

defendant need to know the full extent of the conspiracy or all its participants. Indeed, it is not necessary that a defendant know more than one other member of the conspiracy. It is also not necessary that the defendant receive any monetary benefit from participating in the conspiracy. It is enough if he participated in the conspiracy willfully and knowingly, as I have defined those terms. While proof of a financial interest in the outcome of the scheme is not essential, if you find that the defendant had such an interest, that is a factor you may properly consider in determining whether he was a member of the conspiracy.

If you determine that the defendant became a member of the conspiracy, the duration and extent of the defendant's participation has no bearing on the issue of that defendant's guilt. Some conspirators play major roles, while others play minor roles. An equal role is not required. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy if it meets the elements I have described. Moreover, a defendant need not have joined the conspiracy at the outset. He may have joined it at any time – at the beginning, in the middle, or at the end. And if he joined, he will still be held responsible for all that was done before he joined as well as all that was done during the conspiracy's existence while the defendant was a member.

However, I want to caution you that mere association with a member of a conspiracy by one person with another person does not make that first person a member of the conspiracy, even when that association is coupled with knowledge that the second person is committing a crime. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient to satisfy the second element. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in that accomplishment of its unlawful object or objects.

13

In sum, if you find the defendant, with an understanding of the unlawful nature of the charged conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking, you should conclude that the defendant became a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

> Adapted from the Jury Charges in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 869-72), *United States v. Ganiyu*, No. 23 Cr. 331 (LAK) (S.D.N.Y. Apr. 19, 2024) (Tr. 391-94), and *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 751-54).

## REQUEST NO. 8

## Count Two: Violation of the International Emergency Economic Powers Act

## Overview

As I mentioned, the object of the conspiracy charged in Count One is also the substantive crime charged in Count Two: a violation of the International Emergency Economic Powers Act or IEEPA.

Section 1705(a) of Title 50 of the United States Code provides that it is unlawful for a person to violate, attempt to violate, or cause a violation of any license, order, regulation, or prohibition issued pursuant to IEEPA. Under the authority of IEEPA, the United States has adopted certain restrictions called economic sanctions on transactions with or involving, among others, Oleg Deripaska. Among other things, these sanctions prohibit providing funds, goods, or services to or for the benefit of Deripaska. Count Two of the Indictment charges that from at least in or about the Spring of 2021, up to and including in or about November 2021, the defendant violated executive orders and regulations issued pursuant to IEEPA, by providing funds, goods, or services to Deripaska.

The elements of a violation of IEEPA are:

First, that the defendant violated orders, regulations, or prohibitions issued pursuant to IEEPA;

Second, that the defendant committed the violation willfully; and

Third, that the defendant did not have a license issued by a part of the United States Treasury Department known as the Office of Foreign Assets Control, or OFAC, to engage in the conduct that violated the Executive Orders or regulations.

Adapted from the Jury Charges in *United States v. Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. Dec. 20, 2017) (Tr. 2405-06), and *United States*

15

*v. Hossain*, 19 Cr. 606 (SHS) (S.D.N.Y. Sept. 29, 2021) (Tr. 933-34).

## REQUEST NO. 9

## Count Two: Violation of the International Emergency Economic Powers Act

## First Element – Violation of an Order or Regulation

The first element of the IEEPA violation charged in Count Two, which also is the object of the conspiracy charged in Count One, is that the defendant violated an order, regulation, or prohibition issued pursuant to IEEPA. I instruct you that the following orders, regulations, and prohibitions were in effect at all times relevant to Counts One and Two:

First, orders, regulations, and prohibitions issued by OFAC pursuant to IEEPA prohibit any U.S. person from making or attempting to make any contribution or provision of funds, goods, or services to, or for the benefit of, any individual or entity that has been identified by executive orders or regulations as what is called a "Specially Designated National," or "SDN." These regulations define a U.S. person to include any United States citizen, or any person in the United States.

Second, a series of Executive Orders issued by the president pursuant to IEEPA in 2014, which still apply today, declared a national emergency with respect to the situation in Ukraine, and imposed sanctions on persons determined by OFAC to meet certain criteria, including individuals determined to be responsible for or complicit in actions or policies threatening the peace, security, stability, sovereignty, or territorial integrity of Ukraine. Pursuant to these Executive Orders, on or about April 6, 2018, OFAC designated Oleg Deripaska as an SDN, making him a person to whom U.S. persons are prohibited from providing any funds, goods, or services.

> Adapted from the Jury Charges in *United States v. Hossain*, 19 Cr. 606 (SHS) (S.D.N.Y. Sept. 29, 2021) (Tr. 935), and *United States . Kourani*, 17 Cr. 417 (AKH) (S.D.N.Y. May 7, 2019) (Tr. 961-62); *see* 31 C.F.R §§ 589.201 & n.1, 594.315; Executive Orders 13660, 13661, and 13662.

## REQUEST NO. 10

## Count Two: Violation of the International Emergency Economic Powers Act

## Second Element – Willfully

The second element of Count Two is that the defendant willfully violated the orders and regulations that I just described.

An act is "willful" if it is voluntary and intentional, and if it is done knowingly and purposefully with the intent to do something the law forbids. That is, the defendant's actions must have been the product of his conscious objective rather than a product of mistake, accident, mere negligence, or some other innocent reason. The defendant must have acted with the bad purpose to either disregard or disobey the law. However, the Government does not need to prove that the defendant was aware of the specific law or rule that his conduct would violate.

> Adapted from the Jury Charges in *United States v. Hossain*, 19 Cr. 606 (SHS) (S.D.N.Y. Sept. 29, 2021) (Tr. 935-36), and *United States . Kourani*, 17 Cr. 417 (AKH) (S.D.N.Y. May 7, 2019) (Tr. 962-63); *see also United States v. Hasmi*, No. 06 Cr. 442 (LAP), 2009 WL 4042841, at *12 (S.D.N.Y. Nov. 18, 2009) (willful violation of IEEPA does not require that the defendant "knew about the executive orders that he is charged with willfully violating," as long as he acted with the knowledge that his conduct was unlawful); *United States v. Mousavi*, 64 F.3d 1084, 1094 (9th Cir. 2010) ("[W]illfulness under IEEPA requires the government to prove beyond a reasonable doubt that the defendant acted with knowledge that his conduct was unlawful, but not that the defendant was aware of a specific licensing requirement." (internal quotation marks and citation omitted)).

**REQUEST NO. 11**

**Count Two: Violation of the International Emergency Economic Powers Act**

**Third Element – Lack of Authorization**

The third element of Count Two is that, during the time period charged in Count Two, the defendant did not obtain authorization from OFAC to provide funds, goods, or services to Deripaska. [*If applicable:* The parties have stipulated that the defendant did not in fact obtain a license or other authorization from OFAC to provide funds, goods, or services to Oleg Deripaska.]

> Adapted from the Jury Charges in *United States v. Hossain*, 19 Cr. 606 (SHS) (S.D.N.Y. Sept. 29, 2021) (Tr. 936), and *United States . Kourani*, 17 Cr. 417 (AKH) (S.D.N.Y. May 7, 2019) (Tr. 963).

19

## REQUEST NO. 12

### Count Four: Money Laundering

### Overview

As I have explained, Count Three charges a conspiracy to commit money laundering, and Count Four charges substantive money laundering. Money laundering occurs when a person conducts a financial transaction knowing that the transaction was designed, in whole or in part, to conceal or disguise the proceeds of a specified unlawful activity. Here, the specified unlawful activity is violations of IEEPA.

The elements of money laundering are:

First, that the defendant conducted or attempted to conduct a "financial transaction," which must in some way or degree have affected interstate or foreign commerce.

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here was the violations of IEEPA.

Third, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity.

And fourth, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

> Adapted from the Jury Charges in *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 769-70), and *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. Mar. 10, 2022) (Tr. 3016); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-7.

**REQUEST NO. 13**

**Count Four: Money Laundering**

**First Element – Financial Transaction**

The first element of Count Four is that the defendant conducted a financial transaction.

The term "conducts" includes the actions of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments. I instruct you that an insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means. The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

Interstate commerce includes any transmission, transfer, or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places, or entities located in one state (including the District of Columbia) and persons, places, or entities located in another state, regardless of whether done for a business purpose or otherwise.

Foreign commerce means the same thing, except it is between a person, place, or entity in the United States and a person, place, or entity in a foreign country.

In determining whether person or institution is engaged in, or whether a transaction affects interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

It does not matter whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it does not matter whether the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected.

All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.

> Adapted from the Jury Charges in *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 770-71), and *United States v. Ray*, 20 Cr. 110 (S.D.N.Y. Mar. 10, 2022) (Tr. 3017-18); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-8.

**REQUEST NO. 14**

**Count Four: Money Laundering**

**Second Element – Proceeds of Specified Unlawful Activity**

The second element of Count Four is that the financial transactions involved the proceeds of "specified unlawful activity."

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses described in the statute. In this case, the Government has alleged that the money involved in financial transactions at issue in this case was derived from violations of IEEPA. I instruct you as a matter of law that violations of IEEPA meet the definition of "specified unlawful activity," but you must determine whether the funds involved in the financial transactions at issue were the proceeds of that unlawful activity.

> Adapted from the Jury Charges in *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 772-73), and *United States v. Ray*, 20 Cr. 110 (S.D.N.Y. Mar. 10, 2022) (Tr. 3018-19); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-8.

**REQUEST NO. 15**

**Count Four: Money Laundering**

**Third Element – Knowledge Regarding Proceeds**

The third element of Count Four is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

Keep in mind that it is not necessary for the defendant to know that the proceeds came from IEEPA violations. It is sufficient that the defendant knew the proceeds came from some unlawful activity.

> Adapted from the Jury Charges in *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 773), and *United States v. Ray*, 20 Cr. 110 (S.D.N.Y. Mar. 10, 2022) (Tr. 3019); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-9.

**REQUEST NO. 16**

**Count Four: Money Laundering**

**Fourth Element – Concealment**

The fourth and final element of Count Four concerns the purpose of the financial transaction.

Specifically, the fourth element is that the defendant conducted financial transactions with knowledge that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.   The terms I have just used have their everyday ordinary meanings.

As I have previously instructed, to act "knowingly" means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.

That is, the acts must be the product of the defendant's conscious objective.   If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of the particular transaction in issue and that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.

Intent to disguise or conceal the true origin of the property need not be the sole motivating factor.

However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty of this Count.

Proof that the defendant knew the purpose of the financial transaction was to conceal or disguise the location or ownership of the proceeds of unlawful activity may be established by

circumstantial evidence.    In other words, you are entitled to find from the circumstances surrounding the financial transaction what the purpose of the activity was and that the defendant knew of that purpose.

For the fourth element to be satisfied, the defendant need not know which "specified unlawful activity" he was agreeing to help conceal.    He need only know that a purpose of the financial transaction was concealing the nature, location, source, ownership, or control of the funds.

> Adapted from the Jury Charges in *United States v. Shea*, No. 20 Cr. 412 (AT) (S.D.N.Y. Oct. 24, 2022) (Tr. 773-75), and *United States v. Ray*, 20 Cr. 110 (S.D.N.Y. Mar. 10, 2022) (Tr. 3019-20); *see also* 3 *Modern Federal Jury Instructions-Criminal*, Instr. 50A-10.

**REQUEST NO. 17**

**Count Five: False Statements**

**Overview**

Count Five of the Indictment charges the defendant with knowingly and willfully making materially false, fictitious, and fraudulent statements to the FBI. For this charge, the Government alleges that on or about November 21, 2021, during an interview with FBI agents, the defendant falsely concealed the nature of the relationship between Charles McGonigal and Yevgeniy Fokin, and falsely stated that the defendant did not have any business relationship with Fokin, when, in fact, the defendant knew that McGonigal and Fokin met and communicated regularly, and that the defendant, McGonigal, and Fokin were in a business relationship together.

The relevant portion of the statute charged in Count Five prohibits, in relevant part, "knowingly and willfully…conceal[ing]…a material fact" or "mak[ing] any materially false, fictitious, or fraudulent statement or representation" "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States."

The elements of this false statements charge are:

First, that on or about the date specified in the Indictment, the defendant made a statement or representation;

Second, that the statement or representation was material;

Third, that the statement or representation concealed a material fact or was false, fictitious, or fraudulent;

Fourth, that the defendant made the false, fictitious, or fraudulent statement or representation knowingly and willfully; and

27

Fifth, that the statement or representation pertained to a matter within the jurisdiction of the executive, legislative, or judicial branch of the United States Government.

> Adapted from the Jury Charge in *United States v. Whitehead*, 22 Cr. 692 (LGS) (S.D.N.Y. Feb. 26, 2024) (Tr. 1237); *see also* 2 *Modern Federal Jury Instructions-Criminal*, Instrs. 36-10, 36-11, 36-12, 36-14.

**REQUEST NO. 18**

**Count Five: False Statements**

**First Element – Statement or Representation**

The first element of Count Five is that the defendant made a statement or representation.

Under this statute, there is no distinction between written and oral statements.

> Adapted from 2 *Modern Federal Jury Instructions-Criminal*, Instr. 36-10.

## REQUEST NO. 19

### Count Five: False Statements

### Second Element – Materiality

The second element of Count Five is that the defendant's statement or representation was material. A fact is material if it was capable of influencing the government agency's decisions or activities. But proof of actual reliance on the statement by the government agency is not required.

> Adapted from 2 *Modern Federal Jury Instructions-Criminal*, Instr. 36-11; *see also United States v. Coplan*, 703 F.3d 46, 79 (2d Cir. 2012) ("Under § 1001, a statement is material if it has a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed, or if it is capable of distracting investigators' attention away from a critical matter.").

**REQUEST NO. 20**

**Count Five: False Statements**

**Third Element – False Statement**

The third element of Count Five is that the statement or representation was false, fictitious, or fraudulent.

A statement or representation is "false" or "fictitious" if it was untrue when it was made, and the defendant knew it was untrue at that time he made the statement.   A statement or representation is "fraudulent" if it was untrue when it was made, the defendant knew it was untrue at that time, and the defendant made the statement with the intent to deceive the government agency to which it was made.

> Adapted from 2 *Modern Federal Jury Instructions-Criminal*, Instr. 36-12.

**REQUEST NO. 21**

**Count Five: False Statements**

**Fourth Element – Intent**

The fourth element of Count Five is that the defendant acted knowingly and willfully. I have already instructed you regarding the meanings of "knowingly" and "willfully," and you should rely on those instructions here as well.

> Adapted from 2 *Modern Federal Jury Instructions-Criminal*, Instr. 36-13.

**REQUEST NO. 22**

**Count Five: False Statements**

**Fifth Element – Matter within the Jurisdiction of the United States Government**

The fifth element of Count Five is that the statement or representation was made with regard to a matter within the jurisdiction of the government of the United States. For a statement to fall within the jurisdiction of the government of the United States, the statement must concern an authorized function of a department or agency of the United States Government.   I instruct you now that the FBI is part of the Executive Branch of the United States Government.

It is sufficient to satisfy this element if you find that a false statement was made with regard to a matter within the jurisdiction of the government of the United States.    It is not necessary that a defendant had actual knowledge that the false statement was to be utilized in a matter that was within the jurisdiction of the government of the United States.

> Adapted from the Jury Charge in *United States v. Parnas*, No. 19 Cr. 725 (JPO) (S.D.N.Y. September 21, 2021); *see also* 2 *Modern Federal Jury Instructions-Criminal*, Instr. 36-14.

**REQUEST NO. 23**

**Conscious Avoidance**

As I have explained, each of the counts charged in the Indictment requires the Government to prove that the defendant acted knowingly, as I have already defined that term.

If a person is actually aware of a fact, then he knows that fact. But, in determining whether the defendant acted knowingly, you may also consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious. This because of a concept in the law called "conscious avoidance" or "willful blindness."

To be clear, the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that that defendant was careless, negligent, or foolish. However, one may not willfully and intentionally remain ignorant of a fact material and important to one's conduct in order to escape the consequences of criminal law. In other words, a defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct.

Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was not engaged in such unlawful behavior.

As I have instructed you, the Government must prove beyond a reasonable doubt that the defendant joined each of the conspiracies with knowledge of their unlawful objectives. In determining whether a defendant joined a conspiracy with knowledge of its unlawful objective, you may consider whether the defendant deliberately closed her eyes to what otherwise would have been obvious.    In other words, if you find beyond a reasonable doubt that the defendant was aware of a high probability that the objects of the conspiracies were the objects alleged in Counts One and Three of the Indictment, but deliberately and consciously avoided confirming that fact, then you should treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that these were not the objects of the respective conspiracies.

You must keep in mind that there is an important difference between willfully and intentionally joining a conspiracy – which I previously explained to you – and knowing the specific object of a conspiracy.    You may consider conscious avoidance in deciding whether the defendant knew the object of a conspiracy, that is, whether he reasonably believed that there was a high probability that a goal of the conspiracy was to commit the alleged object of the conspiracy and took deliberate and conscious action to avoid confirming that fact but participated in the conspiracy anyway.    But "conscious avoidance" cannot be used as a substitute for finding that a defendant willfully and intentionally joined the conspiracy in the first place.    It is logically impossible for a defendant to intend and agree to join a conspiracy if he or she does not actually know it exists or does not intend to join it.    However, if you find beyond a reasonable doubt that the defendant willfully chose to participate in such a joint undertaking, you may consider whether the defendant took deliberate and conscious action to avoid confirming otherwise obvious facts about the purpose of that undertaking.

In sum, if you find that a defendant believed there was a high probability that a fact was so and that the defendant took deliberate and conscious action to avoid learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.    However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.

> Adapted from the Jury Charges in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 894-97), *United States v. Perryman*, No. 23 Cr. 117 (DLC) (S.D.N.Y. Feb. 20, 2024) (Tr. 1891), and *United States v. Ganiyu*, No. 23 Cr. 331 (LAK) (S.D.N.Y. Apr. 19, 2024) (Tr. 386).  *See also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3A-2.

> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."    *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted).   The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge."   *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

## **REQUEST NO. 24**

### **Aiding and Abetting**

Counts Two and Four—that is, the substantive IEEPA and money laundering Counts—charge the defendant with committing certain criminal acts, but also charge him, in the alternative, with aiding and abetting the commission of those acts. Aiding and abetting is its own theory of criminal liability. In effect, it's a theory of liability that permits a defendant to be convicted of a specific crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever aids, abets, counsels, commands, induces, or procures the commission of an offense is punishable as a principal, or, in other words, is just as guilty of that offense as if he had committed it himself. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To counsel means to give advice or recommend. To induce means to lead or move by persuasion or influence as to some answer or state of mind. To procure means to bring about by unscrupulous or indirect means. To cause means to bring something about, to effect something.

The first requirement of aiding and abetting liability is that another person has committed the crime charged.   Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person.    But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associated himself with the crime, and that he willfully and knowingly sought by some

act to help make the crime succeed. An aider and abettor must have some interest in the criminal

venture and must take some action to assist or encourage the commission of the crime. The mere

presence of a person where a crime is being committed, even coupled with knowledge that the

crime is being committed, or the mere acquiescence by a person in the criminal conduct of others,

even with guilty knowledge, is not sufficient to establish aiding and abetting.

To determine whether the defendant aided and abetted the commission of the crimes with

which he is charged, ask yourself these questions:

First, did he participate in the crime charged as something he wished to bring about?

Second, did he associate himself with the criminal venture knowingly and willfully?

Third, did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and is therefore guilty of the offense.

If he did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor.

> Adapted from the Jury Charges in *United States v. Ray*, 20 Cr. 110
> (LJL) (S.D.N.Y. Mar. 10, 2022) (Tr. 2955-56), and *United States v.*
> *Murray*, No. 22 Cr. 76 (LGS) (S.D.N.Y. May 17, 2023) (Tr. 322-23).

**REQUEST NO. 25**

**Venue**

As to each charge, the Government, in addition to proving the essential elements of that charge, must also establish that venue was proper in the Southern District of New York, which includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. Unlike the elements of the offenses, which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that something occurred.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District. The act itself may not be a criminal act. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

The defendant's presence in this District to further the charged crime is sufficient but not necessary to establish venue. For instance, if communications in furtherance of the charged scheme were transmitted into or out of this District, that is sufficient to establish venue.

With respect to Counts One and Three, you need to find that it is more likely than not that an act in furtherance of the charged conspiracy was committed or caused to be committed in the Southern District of New York by the defendant or a coconspirator during the life of the conspiracy.

Adapted from the Jury Charges in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 897-99), and

*United States v. Perryman*, 23 Cr. 117 (DLC) (S.D.N.Y. Feb. 20, 2024) (Tr. 1895); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3-11.

## **REQUEST NO. 26**

### **Motive**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1755-56); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-18.

## **REQUEST NO. 27**

### **Persons Not on Trial**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as a defendant in the Indictment or are not present at this trial.   You also may not speculate as to the reasons why other persons are not defendants in this trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

> Adapted from the Jury Charge in *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 905); *see also United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017), *aff'd*, 369 F. App'x 242 (2d Cir. 2010).

**REQUEST NO. 28**

**Law Enforcement or Government Witnesses**

**[*If Applicable*]**

You have heard the testimony of law enforcement officials or other government employees. The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept all, part of, or none of the testimony of the law enforcement witness or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1728); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-16.

**REQUEST NO. 29**

**Accomplice Testimony of Witnesses with Non-Prosecution Agreements**

**[***If Applicable***]**

You have heard the testimony of individuals who entered into non-prosecution agreements with the Government. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that one or more prosecution witnesses entered into agreements concerning similar conduct. The decision of those witnesses to enter into those agreements was a personal decision those witnesses made about their own circumstances, and the Government's decision to enter into those agreements was an exercise of the Government's lawful discretion. It may not be used by you in any way for or against the defendant.

> Adapted from the Jury Charge in *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. Nov. 6, 2018) (Tr. 925-26), and 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-10.

**REQUEST NO. 30**

**Immunized Witnesses**

**[***If Applicable***]**

You have heard the testimony of a witness who has testified under a grant of immunity from this court.   What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

It is no concern of yours why a witness received court-ordered immunity. Your sole concern is whether the witness has given truthful testimony in this trial. That is a determination entirely for you, the jury.

> Adapted from the Jury Charges in *United States v. Calk*, No. 19 Cr. 366 (LGS) (S.D.N.Y. June 10, 2021) (Tr. 1478), *United States v. Garelick*, No. 23 Cr. 307 (LJL) (S.D.N.Y. Apr. 29, 2024) (Tr. 1588-89); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-8.

## REQUEST NO. 31

## Preparation of Witnesses

**[*If Applicable*]**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1728-29).

## **REQUEST NO. 32**

## **False Exculpatory Statements**

### **[*If Applicable*]**

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant attempted to exculpate himself are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-11.

**REQUEST NO. 33**

**Similar Acts**

**[*If Applicable*]**

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracies, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.  You may not conclude that merely

because the defendant may have engaged in similar conduct, without more, that he must also have

committed the acts charged in the Indictment.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-25, 5-26.

**REQUEST NO. 34**

**Particular Investigative Techniques**

[*If Applicable*]

You have heard reference [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you are not to speculate as to why law enforcement used the techniques they did, or why they did not use other techniques. The Government is not on trial and law enforcement techniques are not your concern.

Your sole concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1732); *see also United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that the "government is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged."); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 4-4.

## **REQUEST NO. 35**

## **Use of Audio and Video Recordings and Transcripts**

## [*If Applicable*]

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful, and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions about this type of evidence, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings. Transcripts of audio or video recordings were provided only as an aid to you in listening to the recordings. It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

> Adapted from the Jury Charges in *United States v. Avenatti*, No. S1 19 Cr. 373 (PGG) (S.D.N.Y. Feb. 12, 2020) (Tr. 2315) and *United States v. Reynoso-Hiciano*, No. 20 Cr. 388 (DLC) (S.D.N.Y. Jan. 4, 2022) (Tr. 508); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instrs. 5-9, 5-10.

## REQUEST NO. 36

## Use of Evidence Obtained Pursuant to Searches and Seizures

### [*If Applicable*]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of emails, text messages, and other electronic evidence obtained in lawful searches.   Evidence obtained from these searches and seizures was properly admitted in this case and may be properly considered by you.   Such searches and seizures were entirely appropriate law enforcement actions.   Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1732-33).

**REQUEST NO. 37**

**Jury to be Guided by English Translation**

**[***If Applicable***]**

The Government has introduced evidence with text in the Russian language, that has been translated into English.   For materials in Russian with an English translation, I instruct you that it is the English translation of the materials reflected in the exhibit that is the evidence. It is important that all jurors consider the same evidence, so even if you understand Russian, you must accept the English translations that are in evidence and you may not substitute your own translation.

Adapted from Jury Charge in *United States v. Parnas*, 19 Cr. 725 (JPO) (S.D.N.Y. Oct. 13, 2021) (Tr. 1469-70).

## **REQUEST NO. 38**

## **Charts and Summaries: Admitted as Evidence**

**[*If Applicable*]**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731-32); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-12.

## **REQUEST NO. 39**

## **Charts and Summaries: Not Admitted as Evidence**

**[*If Applicable*]**

There have also been summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case. The charts and exhibits act as visual aids for you. They are not, however, evidence in themselves. They are graphic demonstrations of underlying evidence. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731-32); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-13.

## **REQUEST NO. 40**

## **Stipulations of Testimony**

## **[*If Applicable*]**

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation

of testimony is an agreement between the parties that, if called as a witness, the person would have

given certain testimony.   You must accept as true the fact that the witness would have given that

testimony.   However, it is for you to determine the effect to be given that testimony.

> Adapted from the Jury Charge in *United States v. Avenatti*,
> No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731); *see also*
> 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-7.

## **REQUEST NO. 41**

### **Stipulations of Fact**

**[***If Applicable***]**

In this case you have also heard evidence in the form of stipulations of fact.    A stipulation

of fact is an agreement between the parties that a certain fact is true.    You must regard such agreed-

upon facts as true.

> Adapted from the Jury Charge in *United States v. Avenatti*,
> No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1731); *see also*
> 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-6.

**REQUEST NO. 42**

**Redaction of Evidentiary Items**

**[*If Applicable*]**

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1725).

## **REQUEST NO. 43**

### **Variance in Dates**

You will note that the Indictment alleges that certain acts occurred on or about various dates.   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1756); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3-12 and 3-13.

## REQUEST NO. 44

## Character Witnesses

### [*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation.   This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.   That question is for you alone to determine.   You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit.   On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

## REQUEST NO. 45

## Uncalled Witnesses – Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

> Adapted from the Jury Charge in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1729); *see also United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975); *United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-7.

**REQUEST NO. 46**

**Defendant's Testimony**

[*Requested Only If the Defendant Testifies*]

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, it is the Government's burden to prove the defendant guilty beyond a reasonable doubt, and that burden remains on the Government at all times.    In this case, however, the defendant chose to testify and was subject to cross-examination like any other witness.    You should examine and evaluate the defendant's testimony just as you would the testimony of any witness.

> Adapted from the Jury Charge in *United States v. Almaleh*, No. S1 17 Cr. 25 (ER) (S.D.N.Y. Mar. 2, 2022) (Tr. 1085); *see United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007); *United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

**REQUEST NO. 47**

**Defendant's Right Not to Testify**

**[***If Requested by the Defendant***]**

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.    A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.   No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from the Jury Charges in *United States v. Avenatti*, No. 19 Cr. 373 (JMF) (S.D.N.Y. Feb. 2, 2022) (Tr. 1733) and *United States v. Wade*, No. 21 Cr. 472 (KPF) (S.D.N.Y. Dec. 5, 2023) (Tr. 1087); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-21.

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        July 2, 2024

                                Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney

                        By:     _____/s/_____
                                Rebecca T. Dell
                                Sheb Swett
                                Derek Wikstrom
                                Assistant United States Attorneys