**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23 Cr. 16 (JHR) |
| v. | |
| SERGEY SHESTAKOV, | |
| Defendant. | |

## SERGEY SHESTAKOV'S PROPOSED *VOIR DIRE*

July 2, 2024

**GLAVIN PLLC**
Rita M. Glavin
Katherine E. Petrino
Leo S. Korman
156 W. 56th Street, Ste. 2004
New York, NY 10019
rglavin@glavinpllc.com

*Counsel for Sergey Shestakov*

Pursuant to Federal Rule of Criminal Procedure 24(a), Sergey Shestakov respectfully requests that the Court consider the following matters and ask each venire member the following questions so that the defense may effectively exercise its challenges, both for cause and peremptory. Mr. Shestakov respectfully requests that the Court conduct more detailed questioning if a prospective juror's answer suggests that further inquiry is appropriate. Mr. Shestakov further requests that the Court conclude any such further inquiry by asking the prospective juror whether the particular fact or circumstance would influence the juror in favor of or against either the government or Mr. Shestakov, or otherwise affect the juror's ability to be a fair and impartial  in this case.

## Open-Ended Questions

Because the voir dire process "plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial trial will be honored" *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981), Mr. Shestakov respectfully requests that the Court ask potential jurors some open-ended questions that call for narrative responses. "[P]art of the guarantee of a defendant's right to an impartial jury is an adequate voir dire to identify unqualified jurors." *Morgan v. Illinois*, 504 U.S. 719, 729 (1992).  The Second Circuit has held that "there must be sufficient factfinding at voir dire to allow for facts probative of any of these forms of vias to reveal themselves." *United States v. Nieves*, 58 F.4th 623, 633 (2d Cir. 2023) (discussing the three forms of bias underlying "for cause" challenges—actual bias, implied bias, and inferable bias—and reiterating the principle that "there must be sufficient information elicited on voir dire to permit a defendant to 'intelligently exercise' both for-cause and peremptory challenges").[1] Expected

---

[1]    In *Nieves*, the Second Circuit found that the manner in which the district court had conducted *voir dire* in a witness retaliation prosecution against alleged gang members did not sufficiently account for risk of gang-related bias where the court did not ask about gang-related bias and instead only asked generic questions. 58 F.4th at 637-43. The Second Circuit observed: "where the 'attitude' in question is a bias or predisposition for or against one side

answers to close-ended questions are often obvious and as such, often meaningless.  Accordingly, one of the dangers of close-ended questions is the unlikelihood that a prejudiced juror will proclaim prejudice in open court.

To ensure the defendant's right to challenges for cause and peremptory challenges, there must be "sufficient inquiry into the background and attitudes of the jurors." *United States. v. Dellinger*, 472 F.2d 340, 368 (7th Cir. 1972); *see also United States v. Gibbons*, 602 F.2d 1044, 1051 (2d Cir. 1979) ("[I]t might be an abuse of discretion utterly to foreclose a line of inquiry necessary to lay the groundwork for peremptory challenges"); *United States v. Robinson*, 475 F.2d 376, 380-81 (D.C. Cir. 1973) ("The defense must be given a full and fair opportunity to expose bias or prejudice on the part of the veniremen"). The Supreme Court has recognized that "the juror's assurances that he is equal to [the] task cannot be dispositive." *Murphy v. Florida*, 421 U.S. 794, 800 (1975); *see also Smith v. Phillips*, 455 U.S. 209, 221-22 (1982) (O'Connor, J., concurring) ("Determining whether a juror is biased or has prejudged a case is difficult, partly because the juror may have had an interest in concealing his own bias and partly because the juror may be unaware of it."); *United States v. Denno*, 313 F.2d 364, 372 (2d Cir. 1963) ("[M]erely going through the form of obtaining jurors' assurances of impartiality is insufficient.").  Through asking open-ended questions and eliciting narrative responses, the Court and the parties will be

---

or the other, and particularly where key evidence targets the subject of that bias or predisposition, it is the judge's responsibility to make some inquiry. Prospective jurors have no right to keep those attitudes private." *Id.* at 643. Thus, "[b]ecause the district court's failure on voir dire to explore, or to take other steps specifically to counter, such potential prejudice unfairly deprived [the defendant] of the opportunity to unearth a pervasive bias relevant to an issue pivotal to the government's case against him, we hold that the district court abused its discretion," and the case was remanded for a new trial. *Id.* In analyzing *Nieves*, the Second Circuit has further reasoned that a district court may "ask subtler or generalized questions about impartiality, or. . . can warn jurors of the general duty of impartiality, *provided the juror has sufficient context about the case.*" *United States v. Joseph*, No. 22-1552, 2024 WL 1827291, at *4 (2d Cir. April 26, 2024) (citing *Nieve*s, 58 F.4th at 639). Thus, it is within a district court's discretion to "ask sufficiently detailed questions to allow a defendant to indirectly ferret out more subtle biases through peremptory challenges based on circumstantial indicators of bias." *Id.* (citing *Nieves*, 58 F.4th at 639) (cleaned up).

more likely to learn about any misunderstanding, prejudice, or bias among potential jurors that would impede their requisite impartiality.

## **Proposed Neutral Statement of the Case and General Principles**

You are instructed that the indictment is not evidence. It merely contains the government's charges against Sergey Shestakov, which the government has the burden of proving beyond a reasonable doubt at trial. Mr. Shestakov pleaded not guilty to the charges against him. He is presumed innocent. Mr. Shestakov has no obligation to produce any evidence, question any witness, or do anything else at trial. At all times, the government has the burden of producing evidence establishing guilt beyond a reasonable doubt as to each count against Mr. Shestakov, and the legal elements of each count, which I will explain to you before you begin your deliberations. If you are selected as a juror in this case, it will be your duty to determine, based solely on the evidence presented at trial, whether the government has proven its case against Mr. Shestakov beyond a reasonable doubt.

## **Description of the Case**

The government has brought fives charges against Mr. Shestakov including a violation of and conspiracy to violate the International Emergency Economic Powers Act (IEEPA), money laundering and conspiracy to money launder, as well as making false statements. Mr. Shestakov denies these charges.

## **Proposed Availability and Conflict *Voir Dire* Questions**

1.  The trial of this case is expected to last approximately three weeks. Trial will be in session, generally speaking, Monday through [ __ ] from [ __ ] a.m. to [ __ ] p.m. Is there any reason why you cannot serve as a juror in this case because of the length of trial or this schedule?

2.  Given the above schedule and length of trial, would it present a financial hardship for you to serve as a juror on this case? Any other type of hardship?

3

3.  Do you have any physical, medical, psychological, or other reason why you cannot serve as a juror in this case?

4.  Do you take any medications or have any condition that may interfere with your ability to concentrate?

5.  Do you read and write in English? Do you have any issues understanding the English language?

6.  The defendant in this case is Sergey Shestakov. Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Shestakov or with any relative, friend, or associate of Mr. Shestakov?

7.  I will now read a list of the attorneys in this case. [**List of all counsel and former counsel.**] Do you know any of these individuals? To your knowledge, have you, your family members, or your friends had any dealings with them?

8.  I will now read a list of names of individuals and locations that may be mentioned during the trial or people who may be witnesses in this case. [**List of names and places to be provided prior to trial**] Do you know any of those people? To your knowledge, have you, your family members, or your friends had any dealings with them? Have you been to any of these places?

9.  Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

## Presumption of Innocence and Burden of Proof

10. As I stated before, every person charged with a crime is presumed innocent of that crime until proven guilty beyond a reasonable doubt.

11. The indictment is merely a charge.  It is proof of nothing, and no negative conclusions may be drawn against Mr. Shestakov because he has been indicted by a grand jury.  Is there anyone here who believes that simply because Mr. Shestakov was arrested and then indicted, that he must necessarily have done something wrong?

12. In our system of justice, anyone accused of a crime is presumed innocent throughout the entire trial and through the deliberations of the jury.  The presumption of innocence requires that the defendant be found not guilty unless a jury of 12 citizens unanimously finds that the government has proven its case beyond a reasonable doubt.  Do you agree with this principle?  If you were asked to return a verdict now, what would your verdict be and why?

13. The Government bears the entire burden of proof in this case at all times.  The defendant, Mr. Shestakov, has no burden of proof.  Mr. Shestakov need not prove anything, and he

does not need to take the stand in his own defense.  As I said before, the standard of proof the Government must meet is proof beyond a reasonable doubt.
    a.  Is there anyone here that would be reluctant to hold the Government to its burden to prove its case beyond a reasonable doubt?
    b.  Is there anyone here that would be reluctant to agree with my instruction to you that Mr. Shestakov the defendant has no burden to prove anything in this case?

14. As I stated before, at all times, the burden of proof is upon the government; a defendant has no burden of offering proof or taking the witness stand in his own defense.  If he does not testify, no negative conclusion may be drawn against him.  If Mr. Shestakov decided not to testify, would any of you hold this against him?  In other words, would the defendant's decision not to take the witness stand cause you to hold that against the defendant in any way?
    a.  How do you feel about the fact that Mr. Shestakov need not present any evidence while the government has to prove guilty beyond a reasonable doubt?
    b.  What would you think if Mr. Shestakov chose not to testify? Can you think of reasons why someone may not want to testify, even if he is not guilty?

15. Does the fact that the federal government, the United States, is a party, make you in any way biased in favor of the prosecution?

16. Would you have trouble waiting to hear all of the evidence, the arguments of the lawyers, the Court's instructions, and the views of your fellow jurors before reaching a conclusion about this case?
    a.  As previously instructed, the burden of proof here is beyond a reasonable doubt. Would you hesitate to return a verdict of not guilty if you were not convinced that the government met their burden of proof?
    b.  If during deliberations a majority of the jurors believed that the defendant was guilty, but you were in the minority that believed that the government had not proven guilt beyond a reasonable doubt, what would you do?

17.  How do you feel about the criminal justice system?

18. Have any of you or any friend or family member ever been the victim of a crime and, if so, under what circumstances?

## **Proposed Juror Background *Voir Dire* Questions**

19. What is your age?

20. Where did you grow up?

21. What is the highest level of education you have completed?

22. If you have earned a degree after high school, what was your major? Do you have any post-graduate degrees?

23. Are you presently a member of any church, synagogue, mosque, temple, or other religious organization? If so, how often do you attend religious services?

24. Do you speak any foreign languages?

25. What is your current employment status?

26. What is your occupation (or prior occupation if retired or unemployed)? Who is your employer? And what do/did you do at work?

27. What is your current marital status? What is your spouse or domestic partner's occupation and employer?

28. Do you have children? How many and what ages? Do they live with you? What is their occupation and place of employment?

29. What is your current town of residence? How long have you lived at your current address, and is your home owned or rented?

30. Who else lives in your household? For each not already addressed above, what is that person's education level and current (or most recent) occupation?

31. Have you ever had prior jury service? If so, were you a trial juror or part of a grand jury? Was it a state of Federal case? Was it a civil or criminal case? Did the jury reach a verdict without telling us what it was? Is there anything about your prior jury experience that would prevent you from being fair in this case?

32. Have you, a family member, or close friend ever been involved in a lawsuit? What was the nature of the lawsuit? What was the result?

33. What are your hobbies, and what clubs and/or organizations do you belong to?

34. What television shows do you typically watch?

35. If you use the Internet, what are some of the websites you frequent?

36. What newspapers and magazines do you read?

37. Where do you get your news from?

38. Have you, or has any close friend or relative, ever worked in law enforcement—for example, as a police officer; as a security guard; at a jail or prison; in a local, state, or Federal prosecutor's office; or in some other law enforcement capacity? Have you had

6

any contact with anyone in law, law enforcement, the justice system, or the courts that might influence your ability to evaluate this case?

39. Do you know, or have any association with, someone who works for the United States Attorney's Office for the Southern District of New York, Federal Bureau of Investigation, Department of State, or Department of Homeland Security, or any other law enforcement agency, including police departments? If yes, please identify the person, their relation to you, and where they work. Have you ever discussed the nature of their work? If so, generally what have you discussed?

40. Have you or any member of your immediate family been questioned by the police or other law enforcement authorities? If yes, what were the circumstances and what was your reaction? Is there anything about that experience that would not allow you to be fair and impartial in this case?

41. Have you or any member of your immediate family been arrested and/or convicted of any crimes? If yes, what were the circumstances? Do you believe that you or your family member was treated fairly? Is there anything about that experience that would not allow you to be fair and impartial in this case?

42. Have you, a member of your family, or a close friend ever been the victim of a crime? If so, what were the circumstances? What was the resolution? Would that experience prevent you from being fair and impartial in this case?

### Views on Certain Witnesses, Types of Evidence, Etc.

43. The witnesses in this case may include law enforcement officers. Would you be more likely to believe a witness because he or she is a member of law enforcement, such as the FBI? Would you be less likely to believe such a witness?

44. Some people believe that the government does not arrest and/or prosecute an innocent person. Do you believe this to be true?

45. Do you believe that if the federal government spends significant resources and time prosecuting someone, that person is probably guilty?

46. Do you believe that if someone is indicted, they are probably guilty?

47. Do you have any objection to the idea that a person accused of a crime is presumed to be not guilty? Would you have any difficulty requiring the government to bear the burden of proof and assuring that if a person is not proven guilty beyond a reasonable doubt they must be acquitted?

48. Do you think that if someone is accused of a crime and they are innocent that they should testify in their own defense? Do you think that if they do not testify in their own defense they must be guilty? Would you hold it against them if they do not testify?

**Proposed Juror Case-Specific *Voir Dire* Questions With The Court Conducting Follow-Up Questions And Sidebar Questioning As Necessary**

49. Some of the individuals in this case have lived outside of the United States and have contacts with individuals from other countries. Is there anything about that fact that would impact your ability to be a fair and impartial juror?

50. **[If applicable]** You may hear testimony in languages other than English, which will be translated by a sworn translator. Even if you speak that language, you must take the sworn translator's translation as fact. Can you do that?

51. This case has received some media coverage, which means some of you may have heard or read about this case or Mr. Shestakov.
    a. Are any of you familiar with this case?
    b. What do you recall seeing in the media or online?
    c. Based on what you have seen or heard in the media or online, have you formed opinions about the guilt of the defendant?
       i. Please explain.

52. This case will involve evidence about U.S. sanctions on Russia and certain Russian citizens. Those U.S. sanctions were imposed as part of U.S. Government foreign policy concerning Russia's actions towards Ukraine. Mr. Shestakov is charged with violating those sanctions. He maintains his innocence.

    a. Would the nature of this case and evidence about this impact your ability to presume Mr. Shestakov innocent?

    b. Would it cause you to favor the government in any way?

53. Have you had experience, either personal or professional, with people from Russia or any Russian companies?
    a. What was your experience?
    b. Is there anything about your experiences that you think would impact your ability to be fair and impartial? Anything that those experience that would impact your ability to render a verdict solely on the evidence presented in this courtroom?

54. Do you have family members who are Russian?

55. Are you an immigrant or a first-generation American citizen?

56. This case will involve evidence regarding a number of individuals who are Russian citizens or of Russian descent. Do you have about opinions Russian people, the Russian government, or its leaders?

57. There will be evidence in this case Mr. Shestakov is a former Russian citizen, and served in the diplomatic corps of the former Soviet Union and then the Russian Federation until 1993. Would such evidence impact your ability to be fair and impartial in this case? Would this cause you to be biased in any way against Mr. Shestakov?

58. There will be evidence in this case ███████████████████████████████████

    ███████ Would such evidence impact your ability to be fair and impartial? Would this cause you to be biased in any way against Mr. Shestakov?

59. Do you have strong feelings, positive or negative, about the Russian-Ukraine war?

60. Do you have strong feelings, positive or negative, about the relationship between the United States and Russia?

61. Do you have any strong feelings, positive or negative, about how Russian companies or people who conduct business in Russia or with Russian companies?

62. Do you have strong feelings, positive or negative, of the Russian government, the Russian military or Russian people?

63. There will be evidence at trial about Russian oligarchs. Do you have any strong feelings, positive or negative, about Russian oligarchs?

64. Can you speak, read, or write the Russian language? Please explain how you came to learn Russian.


Dated:  July 2, 2024
        New York, New York

Respectfully submitted,

*/s/ Rita M. Glavin*
Rita M. Glavin
Katherine E. Petrino
Leo S. Korman
Glavin PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

*Counsel for Sergey Shestakov*