UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- **x**
                                                            **:**
UNITED STATES OF AMERICA,                                   **:**
                                                            **:**
                  v.                                        **:** No. 23 Cr. 16 (JHR)
                                                            **:**
SERGEY SHESTAKOV,                                           **:**
                                                            **:**
                                   Defendant.               **:**
                                                            **:**
                                                            **:**
----------------------------------------------------------- **:**
                                                            **x**


**SERGEY SHESTAKOV'S PROPOSED JURY INSTRUCTIONS**


**GLAVIN PLLC**
Rita M. Glavin
Katherine E. Petrino
Leo S. Korman
156 W. 56th Street, Ste. 2004
New York, NY 10019
 rglavin@glavinpllc.com

*Counsel for Sergey Shestakov*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................1

GENERAL REQUESTS................................................................................1

IMPROPER CONSIDERATIONS..................................................................2

PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF .......................................3

REASONABLE DOUBT ..............................................................................4

THE GOVERNMENT AS PARTY..................................................................6

DEFENDANT'S CHOICE NOT TO TESTIFY [IF APPLICABLE] ..................................7

DEFENDANT'S TESTIMONY [IF APPLICABLE] ............................................8

DIRECT AND CIRCUMSTANTIAL EVIDENCE ...............................................9

NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY........................11

WITNESS CREDIBILITY ..........................................................................12

LAW ENFORCEMENT WITNESS TESTIMONY ............................................14

CHARTS AND SUMMARIES ....................................................................15

THE INDICTMENT IS NOT EVIDENCE ......................................................16

NUMBER OF CHARGES IS NOT EVIDENCE ...............................................17

EFFECT OF IMPLICIT BIAS......................................................................18

INFORMAL IMMUNITY OF GOVERNMENT WITNESS ..............................19

SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED ....................................20

SUMMARY OF THE INDICTMENT ...........................................................21

FEDERAL LAW OF CONSPIRACY ...........................................................23

COUNT TWO: INTERNATIONAL ECONOMIC POWERS ACT ..................................27

COUNT TWO: NEXUS ELEMENT.............................................................32

COUNT ONE: IEEPA CONSPIRACY..........................................................33

CONSPIRACY TO VIOLATE IEEPA: EXISTENCE OF THE CONSPIRACY ..............34

CONSPIRACY TO VIOLATE IEEPA: KNOWINGLY BECAME A MEMBER ............35

COUNT ONE: TIME OF THE CONSPIRACY ...............................................36

COUNT FOUR: MONEY LAUNDERING .....................................................37

MONEY LAUNDERING: FIRST ELEMENT ..................................................39

MONEY LAUNDERING: SECOND ELEMENT...............................................41

MONEY LAUNDERING: THIRD ELEMENT..................................................42

i

COUNT THREE: CONSPIRACY TO COMMIT MONEY LAUNDERING....................43

COUNT THREE: EXISTENCE OF THE CONSPIRACY..................................................44

CONSPIRACY TO COMMIT MONEY LAUNDERING: KNOWINGLY AND
WILLFULLY JOINING A CONSPIRACY........................................................................45

COUNT THREE: TIME OF THE CONSPIRACY.............................................................46

COUNT FIVE: FALSE STATEMENTS.............................................................................47

COUNT FIVE: FALSE STATEMENT BY CONCEALMENT ("CONCEALMENT").....49

CONCEALMENT: FIRST ELEMENT...............................................................................50

CONCEALMENT: SECOND ELEMENT...........................................................................51

CONCEALMENT: THIRD ELEMENT .............................................................................52

CONCEALMENT: FOURTH ELEMENT..........................................................................53

CONCEALMENT: FIFTH ELEMENT ..............................................................................54

FALSE STATEMENTS: UNANIMITY .............................................................................55

COUNT FIVE: FALSE STATEMENTS.............................................................................56

FALSE STATEMENTS: FIRST ELEMENT......................................................................57

FALSE STATEMENTS: SECOND ELEMENT.................................................................58

FALSE STATEMENTS: THIRD ELEMENT ....................................................................59

FALSE STATEMENTS: FOURTH ELEMENT.................................................................60

FALSE STATEMENTS: FIFTH ELEMENT .....................................................................61

FALSE STATEMENTS: UNANIMITY .............................................................................62

THEORY OF DEFENSE....................................................................................................63

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Criminal Procedure 30, the defendant, Sergey Shestakov, through his undersigned counsel, respectfully requests that the Court include the attached instructions in its charge to the jury.

## GENERAL REQUESTS

Mr. Shestakov respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Juror Obligations

c.    Sympathy

d.    Conduct of Counsel

e.    Indictment Not Evidence

f.    Evidence Defined

g.    Jury's Recollection Controls

h.    Statements of Court and Counsel Not Evidence

i.    Inferences[1]

j.    Testimony, Exhibits, Stipulations and Judicial Notice

k.    Right to See Exhibits and Have Testimony Read During Deliberations

---

[1]    To the extent not already included in the Court's usual instructions, the defense requests that the Court give specific instructions that it is impermissible to infer participation from mere presence or association, namely:

**IMPERMISSIBLE INFERENCE – MERE ASSOCIATION**
You may not infer that Mr. Shestakov is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing. Mere association with conspirators or those involved in a criminal enterprise is insufficient to prove that a defendant participated in or was a member of a conspiracy.

## IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

Growing scientific research indicates each one of us has implicit biases, or unconscious feelings, perceptions, fears and stereotypes. That is, we tend to look at other people and consider what they say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often we see life and evaluate evidence through a filter that tends to favor those like ourselves. Being aware of these biases can help counteract them. As a result, I ask you to recognize that all of us may be affected by implicit biases in the decisions that we make. Because you are making very important decisions in this case, I strongly encourage you to critically evaluate all the evidence and resist any urge to reach a verdict influenced by stereotypes, generalizations, or implicit biases.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in this case.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 4.01, Instr. 2-11 (2021); adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. 2021).

2

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

Mr. Shestakov has pleaded not guilty to the charges in the Indictment. To convict the defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charge beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the upmost importance to our system of justice.

As a result of the defendant's plea of not guilty, Mr. Shestakov began this trial with a clean slate.  This presumption of innocence remains with him even now as I speak to you, and it will continue with him into your deliberations.  That means that you are required to acquit Mr. Shestakov unless and until, after careful and impartial consideration of all the evidence or lack of evidence in this case, you, as jurors, are unanimously convinced that the government has met its burden of proving guilt beyond a reasonable doubt.

The government always has the burden of proving each element of every count charged against the defendant in the Indictment beyond a reasonable doubt.  If the prosecution fails to sustain its burden of proof beyond a reasonable doubt, you must find Mr. Shestakov not guilty.

> Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*,
> ¶ 4.01, Instr. 4-1 (2021) adapted from the charge of the Honorable Jed S.
> Rakoff in *United States v. Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. 2021)

## REASONABLE DOUBT

Since, in order to convict the defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. It is a doubt founded in reason and arising out of the evidence in the case – or the lack of evidence. Proof beyond a reasonable doubt must, therefore, be proof of a convincing nature that a reasonable person would not hesitate to rely and act upon it in making an important decision of his or her own affairs. If you view the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – you must adopt the conclusion of innocence.[2]

If, after fair and impartial consideration of the evidence (and lack of evidence), you are not satisfied of the guilt of the defendant with respect to a particular Count of the Indictment; if you do not have an abiding conviction of the defendant's guilty, in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves – then you have a reasonable doubt, and in that circumstance, it is your sworn duty to return a verdict of not guilty on that Count of the Indictment.

On the other hand, the law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict. If, after fair and impartial consideration of all the evidence (and lack of evidence), you do have an abiding belief of the

---

[2]    *See, e.g., United States v. Cassese*, 428 F .3d 92, 98-99 (2d Cir. 2005); *United States v. Glenn*, 312 F .3d 58, 64 & 70 (2d Cir. 2002) ("[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.") (internal quotation marks and citations omitted); *United States v. Desena*, 260 F .3d 150, 154 (2d. Cir. 2001).

defendant's guilt with respect to a particular Count of the Indictment – a belief that you would be willing to act upon without hesitation in important matters in the personal affairs of your own life – then it is your sworn duty to convict the defendant on that Count of the Indictment.

> Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 4.01, Instr. 4-2 (2021), citing, *inter alia*, adapted from the charge of Judge Rakoff in United States v. Quinones, 511 F.3d 289 (2d Cir. 2007), cert. denied, 129 S. Ct. 252 (2008).

## THE GOVERNMENT AS PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 2.01, Instr. 2-5 (2021).

## DEFENDANT'S CHOICE NOT TO TESTIFY [IF APPLICABLE]

The defendant, Mr. Shestakov, did not testify in this case. Under our Constitution, Mr. Shestakov has no obligation to testify or present any other evidence, because it is the government's burden to prove all the elements of every charge beyond a reasonable doubt. A defendant is never required to prove that he is innocent. A defendant has the right to rely upon the failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of the government's witnesses. The law does not impose upon a defendant the duty of producing any witnesses.

You may not speculate as to why a defendant did not testify. There are many reasons why a defendant may decide not to testify. For example, the defendant may feel because of the strain and tension of being a witness that he may not be calm, or he may be embarrassed by his inability to speak well in front of a group of people. You are not to speculate as to these things.

Therefore, you may not attach any significance to the fact that Mr. Shestakov did not testify. You may not draw any adverse inference against the defendant because he chose not to take the witness stand. You may not consider this against Mr. Shestakov in any way in your deliberations in the jury room.

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. 2021).

## DEFENDANT'S TESTIMONY [IF APPLICABLE]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness. I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case. You should examine and evaluate his testimony just as you would the testimony of any witness.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 7.01, Instr. 7-4 (2021) and *United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain. On the other hand, that inference might be incorrect because it may have stopped raining before those people entered the courtroom. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and dripping umbrella, but need not be. Each of you, as jurors, must be guided by your own common sense, experience or judgment in determining what inference is justified or reasonable under all the circumstances presented.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. Some evidence may also be susceptible to more than one inference – with one inference tending to indicate guilt and the other innocence. When considering such evidence which might show either guilt or innocence, you must keep in mind the presumption of innocence and the prosecution's burden of proving all the elements of every charge beyond a reasonable doubt.

The law requires that before Mr. Shestakov may be convicted, you, the jury, must be satisfied that the government has proved his guilt on a particular charge beyond a reasonable doubt after review of all the evidence in this case, direct and circumstantial. If you find that the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then you must find the defendant not guilty.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 5.01, Instr. 5-2 (2021).

## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

The fact that the government called more witnesses and introduced more evidence than the defense does not mean that you should find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that even though the government called more witnesses or introduced more exhibits, you have not been persuaded that the government has proved the defendant's guilt beyond a reasonable doubt.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government. Mr. Shestakov is not required to call any witnesses or offer any evidence, since he is presumed to be innocent under the law.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 4.01, Instr. 4-3 (2021).

## WITNESS CREDIBILITY

It must be clear to you by now that the government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 7.01, Instr. 7-1 (2021).

## LAW ENFORCEMENT WITNESS TESTIMONY

Some testimony in this case has come from law enforcement officers, including from the Federal Bureau of Investigation. The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is entirely appropriate for defense counsel to try to attack the credibility of law enforcement witnesses on the grounds that their testimony may be colored by a personal or professional interest in the outcome of the case. You may consider whether any law enforcement officer working on this case may have consciously or unconsciously let his or her reporting of the events be affected by his desire to obtain a conviction.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 7.01, Instr. 7-16 (2021); adapted from the charge of the Honorable Jed S. Rakoff in *United States of America v. Sydney Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. 2021).

**CHARTS AND SUMMARIES**

The government and/or the defense [as applicable] presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 5.05, Instr. 5-13 (2021).

## THE INDICTMENT IS NOT EVIDENCE

The defendant here, **Sergey Shestakov**, is charged with various crimes about which I will instruct you shortly. Each charge is called a "Count." I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence. I remind you that Mr. Shestakov has pleaded not guilty and the fact that he was Indicted is not evidence of guilt.

Adapted from 1 Modern Federal Jury Instructions-Criminal P 3.01, Instruction 3-1 (2022).

## NUMBER OF CHARGES IS NOT EVIDENCE

The defendant has been charged with several crimes. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Adapted from S2 Modern Federal Jury Instructions-Criminal 2.01A (2022).

## EFFECT OF IMPLICIT BIAS

Do not decide the case based on "implicit biases." As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.

It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you find that the government has met its burden of proving Mr. Shestakov's guilt of the charges in the indictment beyond a reasonable doubt, then you should not hesitate because of sympathy or any other reasons to render a verdict of guilty. If, on the other hand, you have a reasonable doubt as to Mr. Shestakov's guilt of that charge, then you must render a verdict of not guilty.

Adapted from the charge of the Honorable Katherine Polk Failla in
*United States v. Balde*, 20 Cr. 281 (S.D.N.Y.) (KPF).

## INFORMAL IMMUNITY OF GOVERNMENT WITNESS

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion, and you may give it such weight, if any, as you believe it deserves.

Adapted from1 Modern Federal Jury Instructions-Criminal P 7.01, Instructions 7-9 (2022).

## SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. For example, the FBI did not intercept or record phone calls or electronic communications of individuals in this case. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the government has proven the defendant's guilt beyond reasonable doubt.

Adapted from Sand et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 4.01, Instr. 4-4 (2021).

## SUMMARY OF THE INDICTMENT

Mr. Shestakov is formally charged in an Indictment. As previously instructed, the Indictment is a charge or accusation. It is not evidence. Mr. Shestakov is facing five counts, or charges. In your deliberations and in reaching your verdict, you must consider each count separately.

Count One charges that the defendant conspired and agreed with other people to violate International Emergency Economic Powers Act also known as IEEPA. This conspiracy is alleged to have taken place from at least in or about Spring 2021, up to and including in or about November 2021.

Count Two charges that the defendant willfully attempted to and did provide, goods, and services to and for the benefit of "a specially designated national", Oleg Deripaska, and received payment from Oleg Deripaska for such goods and services, in violation of IEEPA. This alleged violation of IEEPA is alleged to have taken place from at least in or about Spring 2021, to and including in or about November 2021.

Count Three charges that the defendant conspired and agreed with other people to commit money laundering, in that the defendant, knowing a transaction was unlawful, participated in a conspiracy to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity. The conspiracy is alleged to have taken place from at least in or about August 2021, up to including in or about November 2021.

Count Four charges the defendant with the substantive count of money laundering, alleging that he knew that monies he received were obtained in violation of IEEPA, and he engaged in a transaction designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in that the defendant allegedly participated in a unlawful transaction for Oleg Deripaska and thereafter Oleg Deripaska transferred funds as payment in

connection with that unlawful transaction through a Cyprus Corporation, Pandean, and a New Jersey Corporation, Spectrum Solutions, in order to conceal the origin and control of those funds. The money laundering is alleged to have taken place from at least Spring of 2021 up to and including at least in or about November 2021.

Count Five charges that the defendant knowingly and willfully falsified, concealed, and covered up by a trick, scheme and device a material fact, and made a materially false, fictitious, and fraudulent statement and representation when meeting with FBI special agents, by (a) allegedly concealing the nature of Charles McGonigal's relationship with Evgeny Fokin, and (b) allegedly falsely stating that he did not have a business relationship with Agent 1. The conduct is alleged to have occurred during a meeting with the FBI on November 21, 2021.

## FEDERAL LAW OF CONSPIRACY

As you just heard, two counts in the Indictment—Counts one and Three—involve the federal law of conspiracy. I will therefore explain to you, as an initial matter, what is by the charge of conspiracy generally.

Conspiring to commit a crime is an offense separate and distinct from the substantive crime that is the object of the conspiracy. Forming a conspiracy – a partnership for criminal purposes – is in and of itself unlawful.

The essence of the crime of conspiracy is an agreement to violate the law. In order to prove the defendant guilty of a conspiracy, the government must establish the following three elements beyond a reasonable doubt:

*First*, that two or more persons knowingly and willfully conspired or agreed;

*Second*, that they agreed to commit an unlawful act;[3] and

*Third*, that the defendant knowingly and willfully joined in the conspiracy.

The First Element of Conspiracy: Knowing and Willful Agreement

I will begin by instructing you on the first element of conspiracy, which requires that two or more persons knowingly and willfully conspired or agreed. For you better to determine whether the defendant and others knowingly and willfully conspired or agreed, I will explain to you more fully the nature of a conspiracy, and the kind of evidence that proves the existence of a knowing and willful agreement.

A conspiracy is a combination of two or more persons, with a meeting of the minds, and consciously agreeing to work together to accomplish an unlawful purpose or purposes. Although

---

[3]     The first and second elements can be combined, such that the element would be two or more persons knowingly and willfully agreed to commit an unlawful act.

conspiracy involves an agreement to affect an unlawful act, it is not necessary for these persons to have entered into an express or formal agreement, or to have stated, orally or in writing, what the unlawful act was, or how it was to be accomplished. It is sufficient to show that they came to a mutual understanding to accomplish the unlawful act. I stress, that it is key that the alleged co-conspirators, must agree, together, to commit a crime, and they must agreed on the particular crime to commit.

You may, of course, find that the existence of an agreement to effect an unlawful act has been established by direct proof. Because, however, a conspiracy is often characterized by secrecy, such an agreement might be inferred from the circumstances and conduct of the parties. But mere association or mere physical contact with conspirators – even with awareness of their unlawful activity – does not make a person a co-conspirator.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr.
> 19-4; *United States v. Provenzano*, 615 F.2d 37, 44 (2d Cir. 1980);
> *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d. Cir. 1977).

The Second Element of Conspiracy: Agreement to Commit an Unlawful Act **[This Can Be Combined with the First Element If the Court Prefers]**

The second element of the crime of conspiracy is that the agreement was to commit an unlawful act. Again, I remind you that where a conspiracy is charged the defendant is not charged with actually committing the unlawful act which is its object, but rather with conspiring to commit it. When I describe for you in more detail the two specific conspiracy counts brought against the defendant, I will detail for you the elements of the unlawful acts that the government alleges the defendant conspired to commit. However, I will detail those elements only so you can understand what the government must prove was the objective of the conspiracy. It is not necessary for the government to prove that the defendant achieved that objective.

24

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (S.D.N.Y.) (JSR).

The Third Element of Conspiracy: Membership in the Conspiracy

I will now instruct you on the third element of conspiracy. For the government to carry its burden of proof on a conspiracy charge, it must establish beyond a reasonable doubt both that a conspiracy existed and that he became a member of or participated in the conspiracy willfully and with knowledge and in furtherance of its unlawful purposes.

The key question, therefore, is whether the defendant joined the conspiracy with an awareness unlawful purpose of the agreement.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of the unlawful objective of the conspiracy and with the intention of aiding in the accomplishment of that unlawful objective.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator

In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether, based upon all the evidence, it has been shown beyond a reasonable doubt that the defendant knowingly and willfully joined the conspiracy. Did he participate in it with

25

knowledge of its unlawful purpose and with the specific intention of furthering its business or objectives? To act "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something that the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

If the defendant did so participate knowingly and willfully, the extent of that his participation has no bearing on the issue of his guilt. Each member of a conspiracy may perform different acts and may perform them at different times. Even if one defendant played only a minor role in the conspiracy, you may find him guilty of participation. However, for you to find that the defendant joined a particular conspiracy on the basis of a single act, you must still find, based on other evidence, that the defendant had knowledge of the conspiracy and intended to join it. The government must prove beyond a reasonable doubt a defendant's participation in the conspiracy by proof based on reasonable inferences drawn from evidence of his own acts, conduct, statements, or declarations, and his connection with the acts and conduct of other alleged co-conspirators.

A defendant need not have been a member of the conspiracy from its very start to be a co-conspirator. He may have joined in at any point during its progress. He also need not have been acquainted with all the other members of the conspiracy, or have been fully informed as to all the details or the entire scope of the agreement. On the other hand, a person who has no knowledge of the conspiracy but happens to act in a way that furthers some object or purpose of the conspiracy does not thereby become a co-conspirator. To find that a defendant joined in a conspiracy, you must be convinced beyond a reasonable doubt that he did not act unknowingly or out of mistake, but rather that he knowingly and voluntarily entered into the alleged unlawful agreement.

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (S.D.N.Y.) (JSR).

## COUNT TWO: INTERNATIONAL ECONOMIC POWERS ACT

Count Two of the Indictment charges that: [The Court is respectfully requested to read Count Two.]

The International Economic Powers Act, also referred to as "IEEPA" makes it unlawful to "violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under' the statute." 50 U.S.C. § 1705(a). A person who 'willfully conspires to commit' such an unlawful act is subject to criminal penalties. *Id.* § 1705(c).

To find a defendant violated IEEPA, the government must prove beyond a reasonable doubt the following elements:

1. A violation of any license, order, regulation or prohibition issued pursuant to IEEPA.

2. The violation of IEEPA was committed willfully.

3. The Office of Foreign Assets Control, [also known as OFAC], had not issued a license to engaged in the charged transaction.

*See United States v. Atilla*, 966 F.3d 118, 124 (2d Cir. 2020); *United States v. Griffith*, 515 F. Supp. 3d 106, 114 (S.D.N.Y. 2021).

27

## COUNT TWO: VIOLATION OF ANY LICENSE, REGULATION, OR
## PROHIBITION ISSUED UNDER IEEPA

The first element the government must prove beyond a reasonable doubt is a violation of any license, order, regulation or prohibition issued pursuant to IEEPA.

An executive order is an order an order issued by the President or his office. Statutes is law passed by Congress meaning both in the House and Senate and approved by the president. But under various laws you can have executive orders.

Executive Order 13660, issued on March 6, 2014, declared a national emergency related to Russia. This executive order blocked "all property and interests in property that are in the United States, or that are hereafter come within the possession or control of any United States person (including any foreign branch)" of any individual designated so by the Secretary of the Treasury. Further, this executive order prohibits (1) "making any contribution or provisions of funds, goods, or services by, to, or for the benefit of any persons" blocked by the order or (2) "the receipt of any contribution or provisions of funds, goods, or services from any such persons." Finally, this executive order states "any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of or attempts to violate any of the prohibitions set for in this order is prohibited," and "any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited." *Id.*

On May 8, 2014, OFAC issued certain sanctions regulations. 31 C.F.R. part 589. These regulations incorporate by reference the definition of prohibited transactions set forth in the Executive Order 13660 . The regulations also provide that the names of persons designated directly by Executive Order, or by OFAC pursuant to Executive Orders, whose

property and interests are therefore blocked, are published in the Federal Register and incorporated into the SDN and Blocked Persons List. 31 C.F.R. § 589.201 n.1.

The regulations prohibit: "(1) The making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to paragraph (a) of this section; and (2) The receipt of any contribution or provision of funds, goods, or services from any person whose property and interests in property are blocked pursuant to paragraph (a) of this section." 31 C.F.R. 589.201(b). Paragraph (a) of the regulations describes the persons who may be placed on the SDN and Blocked Persons List pursuant to the Executive Orders.

On April 6, 2018, OFAC designated Oleg Deripaska as an SDN pursuant to the Executive Orders.

On that same day, OFAC designated the foreign corporations En+ and Rusal as SDN pursuant to the Executive Orders. On January 27, 20219 OFAC removed En+ and Rusal from the sanctions list pursuant to an agreement that En+ would take steps to diminish Oleg Deripaska's ownership and control over the company.[4] Pursuant to this agreement, Mr. Deripaska could maintain just under 45 percent ownership of En+ and could appoint four members to the board. Thus, transactions with, on behalf of or for the benefit of En+ or Rusal are not prohibited or a violation of IEEPA.

> Adapted from the charge of the Honorable Alvin K. Hellerstein in
> *United States v. Kourani*, 17 Cr. 417 (AKH).

---

[4]    Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, OFAC Delists En+, Rusal, and EuroSibEnergo (Jan. 27, 2019), available at https://home.treasury.gov/news/press-releases/sm592 ("Under the terms of their removal from OFAC's List of Specially Designated Nationals and Blocked Persons ('SDN List'), En+, Rusal, and ESE have reduced Oleg Deripaska's direct and indirect shareholding stake in these companies and severed his control."

## COUNT TWO: WILLFULNESS ELEMENT

The second element the government must prove beyond a reasonable doubt for Count Two is the defendant acted willfully in violating the executive orders and regulations. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. An act is "willful" if it is voluntary and intentional and if it is done with the intent to do something that the law forbids. That is, the defendant's actions must have been the product of his conscious objective rather than the product of a mistake, accidence, mere negligence or some other innocent reason. A defendant cannot be held liable for a IEEPA violation if the defendant acted, or chose not to act, in a good-faith belief that he was complying with the license, orders, regulations, or prohibitions issued pursuant to IEEPA.

The defense's theory of the case is that Mr. Shestakov, at all times, believed that the business intelligence work regarding Vladimir Potanin and Norilsk Nickel was to be done on behalf of and for the benefit of En+ and/or En+s subsidiary Rusal, companies that were <u>not</u> on the SDN list during the relevant time period. If you conclude Mr. Shestakov believed that this business intelligence was to be done on behalf of En+ or Rusal, you must find him not guilty—even if there was some incidental benefit to Mr. Deripaska.

Adapted from the charge of the Honorable Alvin K. Hellerstein in *United States v. Kourani*, 17 Cr. 417 (AKH).

## COUNT TWO: LICENSE ELEMENT

The third element the government must prove beyond a reasonable doubt is the defendant and his alleged co-conspirators did not obtain a license to conduct said transaction from the Department of Treasury's Foreign Asset Control, also known as OFAC. In other words, that the defendant and his alleged co-conspirators did not obtain authorization from OFAC to engage in a transaction with Oleg Deripaska or to provide goods or services to Oleg Deripaska.

Adapted from the charge of the Honorable Alvin K. Hellerstein in *United States v. Kourani*, 17 Cr. 417 (AKH).

## COUNT TWO: NEXUS ELEMENT

Finally, with respect to Count Two, the government must prove beyond a reasonable doubt that there is some nexus or connection between the United States and transactions, goods or services at issue. This element may be satisfied if the transactions, goods, or services were provided by the defendant in part in the United States or if the defendant was a United States citizen at the time they were provided to Oleg Deripaska.

Adapted from the charge of the Honorable Alvin K. Hellerstein in
*United States v. Kourani*, 17 Cr. 417 (AKH).

## COUNT ONE: IEEPA CONSPIRACY

Count One of the Indictment charges that: [The Court is respectfully requested to read Count One.]

In order to satisfy its burden of proof, the government must establish each of the following essential elements beyond a reasonable doubt:

*First*, that in or about the Spring of 2021, two or more persons entered into an unlawful agreement to commit violations of IEEPA as charged in the Indictment;

*Second*, that Mr. Shestakov knowingly and willfully joined in the conspiracy.

To find Mr. Shestakov guilty of the IEEPA conspiracy the government must prove beyond a reasonable doubt the same criminal intent necessary for the substantive IEEPA offense itself.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 19.01, Instr. 19-3 (2021) and the charge of the Honorable Alvin K. Hellerstein in *United States v. Kourani*, 17 Cr. 417 (AKH).

33

**CONSPIRACY TO VIOLATE IEEPA: EXISTENCE OF THE CONSPIRACY**

The first element of count one that the government must prove beyond a reasonable doubt is that the conspiracy charged in Count One existed, namely the conspiracy to violate or attempt to violate, a license, order, regulation, and prohibition under IEEPA.

If you find that the government has not proven the existence of a conspiracy to violate or attempt to violate, and cause a violation of a license, order, regulation, and prohibition issued under IEEPA, then you must find the defendant not guilty. However, if you find that the government has proven the first element, beyond a reasonable doubt, then you must proceed to the second element.

Adapted from the charge of the Honorable Alison J. Nathan in
*United States v. Nejad*, 18 Cr. 224 (S.D.N.Y.) (AJN).

**CONSPIRACY TO VIOLATE IEEPA: KNOWINGLY BECAME A MEMBER**

The second element of Count One that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the charged conspiracy.

I have already instructed you that a person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident, or carelessness. I have already instructed you that a person acts "willfully" when acting with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

Thus, the government must prove beyond a reasonable doubt that the defendant intentionally and voluntarily entered into the conspiracy charged in Count One with criminal intent—that is, knowingly and with the wrongful purpose to violate the law, here IEEPA—and agreed to take part in the conspiracy to promote and cooperate in its unlawful objective, that is violate IEEPA by working on behalf of Oleg Deripaska to collect and provide business intelligence to him in exchange for payment from Mr. Deripaska as charged. If you find that the government has not proven beyond a reasonable doubt that the defendant knowingly and willfully became a member of the charged conspiracy, then you must find the defendant not guilty of Count One.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 19.01, Instr. 19-3 (2021).

**COUNT ONE: TIME OF THE CONSPIRACY**

Count One alleges that the IEEPA conspiracy existed in or about Spring of 2021 through in or about November 2021. It is not essential that the government prove that the conspiracy charged in Count One started and ended on the exact dates set forth in the indictment. Indeed, it is sufficient if you find that in fact a conspiracy was formed and that it existed for some of the time within the period set forth in the indictment.

Adapted from the charge of the Honorable Alison J. Nathan in
*United States v. Nejad*, 18 Cr. 224 (S.D.N.Y.) (AJN).

## COUNT FOUR: MONEY LAUNDERING

Next I will instruct you on the elements of the offense charged in Count Four, which is money laundering. Let me read Count Four to you: [The Court is respectfully requested to read Count Four.]

Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of specified unlawful activity. Specifically, section 1956(a)(1)(B) provides:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

(B) knowing that the transaction is designed in whole or in part-

> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

> (ii) to avoid a transaction reporting requirement under State or Federal law

> [is guilty of a crime]

In order to prove the crime of money laundering in violation of section 1956(a)(1)(B), the government must establish beyond a reasonable doubt each of the following elements:

*First*, that the defendant conducted a financial transaction involving property constituting the proceeds of specified unlawful activity, that is, violating IEEPA as charged in Count Two, and conspiracy to violate IEEPA as charged in Count One.

*Second*, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

37

*Third*, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

> Adapted from Sand et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 50A.02, Instr. 50A-7 (2021).

## MONEY LAUNDERING: FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt is that the defendant conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity, namely violating IEEPA as charged in Count Two and conspiracy to violate IEEPA as charged in Count One.

A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank

checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of an IEEPA violation or conspiracy to violate IEEPA as charged in Counts One and Two. I instruct you that, as a matter of law, this alleged unlawful activity—an IEEPA violation or conspiracy to violate IEEPA—falls within that definition. However, it is for you to determine whether the funds were the proceeds of that unlawful activity. You are advised that the elements of violating IEEPA or conspiring to violate IEEPA were previously defined for you.

Adapted from Sand et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 50A.02, Instr. 50A-8 (2021).

## MONEY LAUNDERING: SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property involved in the transaction represented proceeds from a form of activity that constitutes a felony under state, federal, or foreign law. I instruct you as a matter of law that the term "specified unlawful activity" includes a conspiracy to violate IEEPA, and IEEPA violation, as charged in Counts One and Two.

> Adapted from Sand et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 50A.02, Instr. 50A-9 (2021) and from the charge of the Honorable Alison J. Nathan in *United States v. Nejad*, 18 Cr. 224 (S.D.N.Y) (AJN).

## MONEY LAUNDERING: THIRD ELEMENT

The third element that the government must prove beyond a reasonable doubt is that the defendant acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely a violation of IEEPA or conspiracy to violate IEEPA.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either designed to conceal or disguise the true origin of the property in question, that is the proceeds of an IEEPA violation, or conspiracy to violate IEEPA, then this element is satisfied.

However, if you find that the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further a transaction that was not unlawful, you must find that this element has not been satisfied and find the defendant not guilty.

> Adapted from Sand et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 50A.02, Instr. 50A-10 (2021).

**COUNT THREE: CONSPIRACY TO COMMIT MONEY LAUNDERING**

I will now instruct you on the elements of Count Three of the Indictment. Let me read Count Three to you: [The Court is respectfully requested to read Count Three.]

In order to satisfy its burden of proof, the government must establish each of the following essential elements beyond a reasonable doubt:

*First,* that two or more persons entered into an agreement and that the agreement was to commit the unlawful act of money laundering, as charged in the Indictment, and that the agreement existed in or about the August of 2021 through or about November 2021;

*Second*, that the defendant knowingly and willfully became a member of that conspiracy with knowledge of its unlawful objective.

To find Mr. Shestakov guilty of the conspiracy to commit money laundering, the government must prove beyond a reasonable doubt the same criminal intent necessary for the substantive money laundering offense itself.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 19.01, Instr. 19-3 (2021) and from in the charge of the Honorable Alison J. Nathan in *United States v. Nejad*, 18 Cr. 224 (S.D.N.Y.) (AJN).

## COUNT THREE: EXISTENCE OF THE CONSPIRACY

The first element of Count Three that the government must prove beyond a reasonable doubt is that the conspiracy charged in Count Three existed, namely a conspiracy to conceal or disguise the nature, location, source, ownership, or control of the proceeds of an IEEPA violation or conspiracy to violate IEEPA.

If you find that the government has not proven the existence of a conspiracy to use a facility of interstate commerce with the intent to disguise the nature, location, source, ownership, or control of the proceeds the charged IEEPA violation or conspiracy to violate IEEPA, then you must find the defendant not guilty. On the other hand, if you find the government has proven the first element, then you must proceed to the second element.

Adapted from Sand et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 19.01, Instr. 19-2 (2021) and the charge of the Honorable Richard M. Berman in *United States v. Atilla*, 15 Cr. 867 (S.D.N.Y.) (RMB).

**CONSPIRACY TO COMMIT MONEY LAUNDERING: KNOWINGLY AND WILLFULLY JOINING A CONSPIRACY**

The second element of Count Three that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the charged conspiracy.

I have already instructed you that a person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident, or carelessness. I have already instructed you that a person acts "willfully" if they act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.   Thus, the government must prove beyond a reasonable doubt that the defendant intentionally and voluntarily entered into the conspiracy charged in Count One with criminal intent—that is, with the purpose to violate the money laundering statute —and agreed to take part in the conspiracy to promote and cooperate in its unlawful objective, violating the Money Laundering statute.

If you find that the government has not proven beyond a reasonable doubt that the defendant knowingly and willfully became a member of the charged conspiracy, then you must find the defendant not guilty of Count Three.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 19.01, Instr. 19-3 (2021).

## COUNT THREE: TIME OF THE CONSPIRACY

Count Three alleges that the money laundering conspiracy existed in or about the August 2021 through or about November 2021. It is not essential that the government prove that the conspiracy charged in Count Three started and ended on the exact dates set forth in the indictment. Indeed, it is sufficient if you find that in fact a conspiracy was formed and that it existed for some of the time within the period set forth in the indictment.

Adapted from in the charge of the Honorable Alison J. Nathan in *United States v. Nejad*, 18 Cr. 224 (S.D.N.Y.) (AJN).

## COUNT FIVE: FALSE STATEMENTS

The defendant is charged with knowingly and willfully making false statements to the Federal Bureau of Investigations, an agency of the United States, during a meeting on November 21, 2021. I will now read Count Five of the Indictment to you: [The Court is respectfully requested to read Count Five.]

You will observe that the Indictment charges that the defendant knowingly and willfully concealed or covered up a material fact, by trick, scheme, or device, and that the defendant knowingly and willfully made a materially false, fictitious, or fraudulent statement or representation.

In this case, the government charges that the defendant made false statements during a meeting with the FBI by (a) allegedly concealing the nature of the relationship between Charles McGonigal and Evgeny Fokin and (b) falsely stated that he did not have a business relationship with Evgeny Fokin.

The relevant statute on this subject, Section 1001(a) of Title 18 of the United States Code, provides:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
> 1. Falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> 2. Makes any materially false, fictitious, or fraudulent statement or representations; or
> 3. Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.
>
> Shall be [guilty of a crime].

47

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-1 (2021).

**COUNT FIVE: FALSE STATEMENT BY CONCEALMENT ("CONCEALMENT")**

To be guilty of a false statement under the specific provision prohibiting the falsification, concealment or covering up of a material fact, the Government must prove each of the following elements beyond a reasonable doubt.

*First*,  the defendant falsified, concealed or covered up a fact;

*Second*, that the fact falsified, concealed or covered up was material;

*Third*, that the defendant did so by trick, scheme, or device;

*Fourth*, that the defendant acted knowingly and willfully; and

*Fifth*, that the falsification, concealment or coverup was with respect to a matter within the jurisdiction of the government of the United States.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-3 (2021).

## CONCEALMENT: FIRST ELEMENT

The first element the government must prove beyond a reasonable doubt is that the defendant concealed or covered up a fact.

To "falsify" means to make an untrue statement that is untrue at the time made and is known to be untrue at the time made.

To "conceal or cover up" means to hide from another. Concealment or covering up of a material fact requires more than mere nondisclosure. It requires proof of some affirmative action that actively concealed a material fact. It requires some act to prevent detection of some fact that the defendant was required to reveal.  If you find that the defendant did nothing more than mere nondisclosure, then this element has not been met.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-4 and Related Commentary (2021).

## CONCEALMENT: SECOND ELEMENT

The second element the government must prove beyond a reasonable doubt is that the fact concealed or covered up was material.

A fact is material if it was capable of influencing the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-5 (2021).

## CONCEALMENT: THIRD ELEMENT

The third element the government must prove beyond a reasonable doubt is that the defendant concealed or covered up by trick, scheme or device. This language is almost self-explanatory. A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive act or strategy calculated to device other persons.

Whether the defendant's behavior amounted to a trick, scheme or device is a question for you, as finders of the facts to decide. It is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant concealed or covered up a material fact by trick, scheme or device.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-6 (2021).

## CONCEALMENT: FOURTH ELEMENT

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids, a bad purpose to disobey the law with specific intent to fail to do something the law requires to be done.

Moreover, if the statement or nondisclosure at issue was in response to a question that was ambiguous such that it reasonably could be interpreted in several ways, then the government must prove that the defendant's statement or nondisclosure was a falsification, concealment or cover-up, under any reasonable interpretation of the question. In addition, the burden is on the questioner to follow up and probe further when given an unclear answer.[5] Therefore, if a defendant answers a fundamentally ambiguous question with an unclear answer or a response that can be accurate under a reasonable interpretation of that ambiguous question, the defendant has not acted "knowingly" or "willfully."

> Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-7, 36-12, 36-13  (2021); *United States v. Kerik*, 615 F. Supp. 2d 256, 271 (S.D.N.Y. 2009); *see also United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986); *Bronston v. United States,* 409 U.S. 352 (1973).

---

[5]    *U.S. v. Schafrick*, 871 F.2d 300, 303 (2d. Cir 1989) ("The purpose of the *Bronston* rule is to place the burden on the examiner to probe for details during the examination. The rule prevents an examiner from resolving ambiguities in the elicited testimony with a perjury prosecution after the fact.")

## CONCEALMENT: FIFTH ELEMENT

The fifth element that the government must establish beyond a reasonable doubt is that the statement or concealment be made or undertaken with regard to a matter within the jurisdiction of the government of the United States.

To be within the jurisdiction of the government of the United States means that the statement must concern an authorized function of that department or agency.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.02, Instr. 36-8 (2021).

## FALSE STATEMENTS: UNANIMITY REQUIREMENT

To find the defendant guilty, you, the jury, must find beyond a reasonable doubt and unanimously agree as to which particular material fact was falsified, covered up or concealed. If you do not agree, by unanimous decision, as to which particular material fact was falsified, covered up or concealed, you must find the defendant not guilty.

Adapted from *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001); *United States v. Stern*, No. 03 Cr. 81, (MBM), 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003).

## COUNT FIVE: FALSE STATEMENTS

To be found guilty of a false statement under the specific provision prohibiting the making of any materially false, fictitious, or fraudulent statement or representation, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant made a statement or a representation.

*Second*, that this statement or representation was material;

*Third*, the statement or representation was false, fictitious or fraudulent;

*Fourth*, the false, fictitious or fraudulent statement was made knowingly and willfully;

*Fifth*, the statement or representation was made in a matter within the jurisdiction of the government of the United States.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-9 (2021); *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001); *United States v. Stern*, No. 03 Cr. 81 (MBM), 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003).

### FALSE STATEMENTS: FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt is that the

defendant made a statement or representation.

> Adapted from Sand, et al., *1 Modern Federal Jury Instructions*
> *(Criminal)*, ¶ 36.01, Instr. 36-10 (2021).

## FALSE STATEMENTS: SECOND ELEMENT

The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material. A fact is material if it is capable of influencing the government's decisions or activities. However, proof of actual reliance on the government statement is not required.

> Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-11 (2021).

## FALSE STATEMENTS: THIRD ELEMENT

The third element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted. A statement that is literally true, but non-responsive, is not "false" or "fictitious" under the law.

If the government's question was ambiguous, so that it reasonably could be interpreted in several ways, then the government must prove that the defendant's answer was false under any reasonable interpretation of the question.

> Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-4, 36-12 (2021)); *see also United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986); *Bronston v. United States,* 409 U.S. 352 (1973); *United States v. Schafrick,* 781 F.2d 300 (2d Cir. 1989).

## FALSE STATEMENTS: FOURTH ELEMENT

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

As I mentioned earlier, if the statement at issue was in response to a question that was ambiguous such that it reasonably could be interpreted in several ways, then the government must prove that the defendant's answer was false under any reasonable interpretation of the question. In addition, the burden is on the questioner to follow up and probe further when given an unclear or ambiguous answer.[6] Therefore, if a defendant answers a fundamentally ambiguous question with an unclear answer or a response that can be accurate under a reasonable interpretation of that ambiguous question, the defendant has not acted "knowingly" or "willfully."

> Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-7, 36-12, 36-13  (2021) (S.D.N.Y.) (MAD); *United States v. Kerik*, 615 F. Supp. 2d 256, 271 (S.D.N.Y. 2009); *see also Bronston v. United States,* 409 U.S. 352 (1973); *United States v. Lighte*, 782 F.2d 367, 375 (2d Cir. 1986).

---

[6]    *See Schafrick*, 871 F.2d at 303 (explaining that the purpose of the *Bronston* rule places the burden on the examiner).

## FALSE STATEMENTS: FIFTH ELEMENT

As I have told you, the fifth element with respect to each count is that the statement (or representation) be made with regard to a matter within the jurisdiction of the government of the United States. I charge you that the FBI is a department of the United States government.

There is no requirement that the statement be actually directed to or given to the FBI. All that is necessary is that you find that it was contemplated that the document was to be used in a matter that was within the jurisdiction of the government of the United States. To be within the jurisdiction of a department or agency of the United States government means that the statement must concern an authorized function of that department or agency.

(In this regard, it is not necessary for the government to prove that the defendant had actual knowledge that (e.g., the false statement) was to be used in a matter that was within the jurisdiction of the government of the United States. It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the government of the United States.

Adapted from Sand, et al., *1 Modern Federal Jury Instructions (Criminal)*, ¶ 36.01, Instr. 36-14 (2021).

**FALSE STATEMENTS: UNANIMITY REQUIREMENT**

To find the defendant guilty of making a false statement that is false, fictitious or fraudulent, you, the jury, must find beyond a reasonable doubt and unanimously agree as to which particular statement was false, fictitious or fraudulent . If you do not agree, by unanimous decision, as to which particular statement was false, fictitious or fraudulent you must find the defendant not guilty.

> Adapted from *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001); *United States v. Stern*, No. 03 Cr. 81, (MBM), 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003).

**THEORY OF DEFENSE**

Mr. Shestakov reserves the right to submit additional or modified requests at or near the close of evidence.  Mr. Shestakov further requests the opportunity to submit a theory of defense charge to the Court at the close of evidence.

Dated:  New York, New York
       July 2, 2024

                                        Respectfully submitted,

                                        By: _/s/ Rita M. Glavin_
                                        GLAVIN PLLC
                                        Rita M. Glavin
                                        Katherine E. Petrino
                                        Leo S. Korman
                                        156 W. 56th Street, Suite 2004
                                        New York, NY 10019
                                        Tel: 646-693-5505
                                        -E-mail: rglavin@glavinpllc.com

                                        _Attorneys for Defendant Sergey Shestakov_