# Exhibit A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Sergey Shestakov | ) | Case No.  23 Cr. 16 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:   National Security Agency
Attn: General Counsel, National Security Agency, 9800 Savage Road, Fort George G. Meade, MD 20755–6000
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place: United States Courthouse, Courtroom 12B<br>500 Pearl Street,<br>New York, NY, 10007 | Date and Time:  07/19/2024 10:00 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*ACTING CLERK OF COURT*

Date:    07/05/2024

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Sergey Shestakov                                                                , who requests this subpoena, are:

Rita M. Glavin, Glavin PLLC, 156 W. 56th Street, #2004, New York, NY 10019

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   23 Cr. 16

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## NSA ATTACHMENT A
## RECORDS TO BE PRODUCED

1.      For the time period June 1, 2021 through November 30, 2021, communications and records of communications (such as phone records, calling data, electronic communication data including dates, times, IP addresses, sender and recipient contact information and electronic addresses, and service providers) between Oleg Deripaska and Evgeny Fokin (DOB 12/24/1962).

2.      For the time period June 1, 2021 through November 30, 2021, communications and records of communications (such as phone records, calling data, electronic communication data including dates, times, IP addresses, sender and recipient contact information and electronic addresses, and service providers) between Evgeny Fokin and Sergey Shestakov.

3.      For the time period June 1, 2021 through November 30, 2021, communications and records of communications (such as phone records, calling data, electronic communication data including dates, times, IP addresses, sender and recipient contact information and electronic addresses, and service providers) between Evgeny Fokin and officials of En+ Group International or Rusal PLC concerning: Fokin's travel to the United States in that time period; an August 2021 contract involving Spectrum Risk Solutions; Arina Lazarou; business intelligence work related to Vladimir Potanin; Atomyze; Symbridge; documents received by Fokin on or about September 15, 2021 concerning Vladimir Potanin and/or Norilsk Nickel; documents received by Evgeny Fokin on or about November 5, 2021 concerning Vladimir Potanin; and/or documents or information received by Evgeny Fokin on or about November 9, 2021 concerning Vladimir Potanin.