UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>SERGEY SHESTAKOV,<br><br>　　　　　　　　　　Defendant. | 23 Cr. 16 (JHR)<br><br>MEMORANDUM OPINION & ORDER (SEALED) |

JENNIFER H. REARDEN, District Judge:

Pursuant to Rule 17 of the Federal Rules of Criminal Procedure, Defendant Sergey Shestakov brings two *ex parte* applications asking the Court to "so order" subpoenas *duces tecum* to non-parties Olga Shriki and the National Security Agency ("NSA"), respectively. For the following reasons, Shestakov's applications are denied without prejudice to renewal on notice to the Government.

## I. BACKGROUND

Shestakov is charged with violation of, and conspiracy to violate, the International Emergency Economic Powers Act; money laundering and conspiracy to commit money laundering; and making false statements. *See* ECF No. 2. The case is in the pretrial motions stage.

Shestakov's proposed subpoena to Olga Shriki broadly seeks, for the five-year period "January 1, 2017 through September 2022," all "documents and/or communications concerning":

> (a) Oleg Deripaska, Natalina Bardakova, Graham Bonham-Carter, Arina Lazarou, Evgeny Fokin, Charles McGonigal, Sergey Shestakov, GBCM Limited, Global Consulting Services LLC, Gracetown Inc, Ocean Studios LLC, Pandean Limited, and/or Spectrum Risk Solutions;
>
> (b) bank accounts, credit card accounts, and/or wire transfers related to Mr. Deripaska and/or the persons and entities listed in Request 1(a)."

March 8, 2024 Ltr., Ex. A. at Attach. A (Proposed Shriki Subpoena).[1] The Proposed Shriki Subpoena also includes the following definitions:

> 1. "Communication" means the transmittal or receipt of information by any means, including but not limited to interviews, face-to-face conversations and meetings, telephonic conversations and meetings, writings, letters, notes, documents given or received, facsimile transmissions, electronic mail (e-mail), electronic bulletin boards, instant messages, text messages, voicemail messages, BlackBerry messages, Telegram messages, Whatsapp messages, Signal messages, Skype messages, Google-Chats, "tweets," or any other electronic means of transmitting information.
>
> 2. "Documents" means any written, printed, recorded (including voicemails), computerized, or graphic material, including all data stored in electronic form or accessible through computer or other information retrieval systems, including but not limited to electronic mail and data, in your possession, custody, or control.

*Id.*

Shestakov's proposed subpoena to NSA seeks the following classified materials, *see* May 28, 2024 Ltr. at 4:

> 1. For the time period July 1, 2021 through November 30, 2021, communications between Oleg Deripaska and Evgeny Fokin (DOB 12/24/1962).
>
> 2. For the time period July 1, 2021 through November 30, 2021, communications between Evgeny Fokin and Sergey Shestakov.
>
> 3. For the time period July 1, 2021 through November 30, 2021, communications between Evgeny Fokin and officials of En+ Group International or Rusal PLC.

May 28, 2024 Ltr., Ex. A. at Attach. A (Proposed NSA Subpoena).

Consistent with earlier articulations of Shestakov's defenses, both applications describe the defenses motivating the proposed subpoenas as follows:

---

[1] On March 29, 2024, at Shestakov's request and with the Government's consent, the Court adjourned trial from June 12, 2024 to August 6, 2024. *See* ECF No. 114.

2

> (1) his actions did not violate the U.S. sanctions imposed on Mr. Deripaska; (2) he was not part of any conspiracy with Mr. Fokin, Mr. Deripaska, or Mr. McGonigal to violate U.S. sanctions laws; and (3) he understood, including based on specific discussions and assurances from his longtime friend Mr. Fokin, that the business intelligence work to be performed was for the benefit of the Russian entity En+—not Oleg Deripaska.

March 8 Ltr. at 2; May 28 Ltr. at 2; *see also* Sept. 19, 2023 Hr'g Tr., ECF No. 74, 4:23-5:4 (explaining that Shestakov's defense would be "there was no sanctions violation[;]" "there was no conspiracy with Mr. Deripaska and to benefit Mr. Deripaska[;]" and "Shestakov certainly did not understand that he was in any criminal conspiracy with Mr. Deripaska[.]"); ECF No. 84 at 19 ("Shestakov was working for and always understood he was working for En+ and its representatives" including "Evgeny Fokin[.]"); ECF No. 91 at 2-3 (arguing "there was no conspiracy with Deripaska as charged to work with or for him and be paid in violation of U.S. sanctions," and "Shestakov and McGonigal were working for, and understood they were working for, EN+"); Feb. 9, 2023 Hr'g Tr., ECF No. 26, 13:23-14:2 (proffering that "Mr. Deripaska has come out publicly through an agent and said he didn't work with" Shestakov).

## II. DISCUSSION

When analyzing whether "policy reasons . . . favor . . . an *ex parte* procedure[,]" courts in this District have considered whether, "'[i]f a source of evidence were to be identified before the issuance of a subpoena, the source or the integrity of the evidence might be imperiled.'" *United States v. Ray*, 337 F.R.D. 561, 571-72 (S.D.N.Y. 2020) (quoting *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995)) ("[A] party may have to detail its trial strategy or witness list in order to convince a court that the subpoena satisfies the *Nixon* standards of specificity, relevance, and admissibility." (quotation marks omitted)). However, "the Court will allow *ex parte* applications **only** where the proponent/defendant can demonstrate to the Court's satisfaction that he would be required to prematurely disclose trial strategy, witness list, or other

privileged information in its application." *United States v. Cahill*, No. 20 Cr. 521 (CM), ECF No. 76, at 3 (S.D.N.Y. Jan. 14, 2021) (emphasis in original).

Shestakov's application with respect to Shriki does not "prematurely disclose" such information. *See id.* As Shestakov acknowledges, he previously "moved to compel the government to produce the documents called for in this subpoena[.]" March 8 Ltr. at 5 n.2 (citing ECF Nos. 84-86). In other words, "the substance of [defendant's] requests have already been the subject of public motion practice." *United States v. Kwok*, No. 23 Cr. 118 (AT), 2024 WL 1715235, at *3 (S.D.N.Y. Apr. 22, 2024) (denying application to proceed *ex parte*).

Similarly, Shestakov "has . . . been seeking the[] materials" in the Proposed NSA Subpoena "from [the] Government since the inception of the case." *United States v. Carroll*, No. 19 Cr. 545 (CM), 2019 WL 6647871, at *2 (S.D.N.Y. Nov. 8, 2019) (denying leave to proceed *ex parte*). Indeed, as of the initial conference in this matter in February 2023, Shestakov had already "raised with the government . . . that they ha[d] an obligation to make inquiry and search of the files of the intelligence community." Feb. 9, 2023 Hr'g Tr. 8:7-12. Specifically, Shestakov "expect[ed] to get" from the Government "NSA . . . wiretaps of Mr. Deripaska during the time period charged in this indictment" and "NSA or the CIA . . . intercepted transmissions with Mr. Deripaska, and his associates." *Id.* at 9:9-23.

In short, as Shestakov has long "been seeking these materials," "there is no danger of revealing defense strategy by requiring these subpoena requests to be on notice to the Government[.]" *See Carroll*, 2019 WL 6647871, at *2. The "defense trial strategy" underlying the proposed subpoenas, "including the evidence" Shestakov "expect[s] to present to counter the government's case," May 28 Ltr. at 2; *see also* March 8 Ltr. at 1, will "come as no surprise to the Government." *See Carroll*, 2019 WL 6647871, at *2.

4

### III. CONCLUSION

Accordingly, Shestakov's applications to proceed *ex parte* are denied without prejudice to renewal on notice to the Government.

This decision will be filed under seal and only unsealed if Shestakov serves renewed applications on the Government.

SO ORDERED.

Dated: June 30, 2024
New York, New York

                                                */s/ Jennifer H. Rearden*
                                                JENNIFER H. REARDEN
                                                United States District Judge