

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 6, 2024

The conference requested by the Government pursuant to Section 2 of the Classified Information Procedures Act will take place at the previously agreed upon time and place. To the extent Defendant prefers that his requested CIPA conference proceed on a future date, the Court is open to rescheduling Defendant's conference. The Clerk of Court is directed to terminate ECF No. 150. SO ORDERED.

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

Jennifer H. Rearden, U.S.D.J.
Dated: August 6, 2024

Re:    *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

The Government writes in response to defendant Sergey Shestakov's letter requesting an adjournment of the *ex parte* conference, pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), currently scheduled for August 7, 2024. (Dkt. 150). The Government opposes adjourning the Government's conference as unnecessary, and denies the defendant's repeated, meritless claims that the Government has not complied with its disclosure obligations.

As the Government previewed at the last status conference, the Government has certain classified information to convey to the Court, and can only provide that information in a secure, *ex parte* conference. The Government intends to share that information with the Court regardless of what requests the defense makes or what information the defense provides, so the timing of the Government's *ex parte* conference does not need to turn on the defense's preparedness for its own, separate *ex parte* conference. The Government therefore opposes the requested adjournment.

As the Court had already scheduled an *ex parte* defense conference to follow the Government's Section 2 conference, the Government does not oppose an adjournment of that defense conference. But it is far from clear why a separate defense *ex parte* conference is necessary at all, since the defendant and his counsel do not have any classified information to provide the Court. Moreover, the Court already held a March 8, 2023, *ex parte* conference with the defense to discuss defense theories. It appears that the defense is requesting this additional *ex parte* conference so that it can engage in a one-sided discussion of the Government's discovery productions. (*See* Dkt. 150 at 1). To the extent the defense wishes to raise discovery issues with the Court, the proper course would be for the defense to file a motion to which the Government can then respond—not to make speculative and meritless allegations of impropriety behind closed doors, leaving the Government unable to respond, the public without access to court proceedings absent any showing of a need for secrecy, and the Court without a complete record on which to decide whether relief is warranted.

Page 2

In any event, if the Court holds an *ex parte* conference with the defense and the conference prompts follow-up questions for the Government, the Government is available to hold additional Section 2 conferences as the Court deems necessary. But the Government's *ex parte* conference scheduled for August 7, 2024 need not be delayed to accommodate the defense's separate conference.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    /s/_____
Rebecca T. Dell
Sheb Swett
Derek Wikstrom
Assistant United States Attorneys
(212) 637-2198 / 6522 / 1085

Cc:    Defense Counsel (by ECF)