


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 7, 2024

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007



Re:   *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

On July 23, 2024, the Court scheduled an *ex parte* conference with the Government pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), and a separate *ex parte* conference with the defense, both on August 7, 2024. On August 5, 2024, the defense requested to adjourn both conferences for approximately a week—but did not object to their taking place. (Dkt. 150). The Government opposed adjourning its *ex parte* conference (Dkt. 151), and the Court denied the motion. (Dkt. 154). Last night, the defense filed a letter objecting to the Government's *ex parte* conference and requesting that the Court "direct" the Government to "inform the defense as to what the classified information concerns." (Dkt. 153). The Government respectfully submits this letter briefly responding to that motion, which should be denied.

As an initial matter, the Government again denies the defendant's allegations of discovery violations. The defendant's claims are gravely misleading on both the facts and the law. If the defense continues to have questions about discovery, the Government continues to be available to confer. But to the extent the defendant seeks Court relief, the proper course is for the defendant to file a motion seeking whatever relief he believes is merited, to which the Government can respond.

Turning to the substance of the defendant's latest motion, it should be denied. *First*, at the *ex parte* conference scheduled for 3:00 p.m. today, the Government does not intend to either discuss or make arguments about the discoverability of classified information, nor to seek a ruling from the Court that certain classified information is not discoverable, nor to seek or discuss a protective order regarding classified information. (*See* Dkt. 153 at 1 (defense letter, reflecting a misunderstanding of the purpose of the conference)). Instead, the Government intends to provide information about what prompted the Government's July 16, 2024 letter. Because that information, which informs the timing and status of potential *ex parte* litigation pursuant to CIPA Section 4, is classified, the Government is seeking to provide it to the Court *ex parte* and in a secure information facility.

*Second*, more broadly, there is nothing improper about the Court holding *ex parte* conferences in this context. The Court has already done so in this case—meeting *ex parte* with both parties, without objection from the defendant—and the practice is common in this District. (*See generally* Dkts. 20 & 37 (letters from the Government explaining *ex parte* CIPA practice and collecting cases)).

*Third*, the defendant's request to be informed of the nature of classified information is unsupported and should be rejected. The law is clear that defense counsel—whether cleared or not—is not entitled to classified information implicated by CIPA practice. *See, e.g.*, *United States v. Al-Farekh*, 956 F.3d 99, 107 (2d Cir. 2020) (approving of *ex parte* CIPA proceedings and rejecting argument that cleared defense counsel was entitled to classified information); *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2019 WL 3764662, at *2 (S.D.N.Y. July 22, 2019) (same).

The Government has a status update for the Court that it can only provide in a secure setting. There is nothing improper about that. Therefore, the Court should reject the defendant's objection and his request to be provided with information to which he is not entitled.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Rebecca T. Dell
Sheb Swett
Derek Wikstrom
Assistant United States Attorneys
(212) 637-2198 / 6522 / 1085

Cc:   Defense Counsel (by ECF)

For substantially the reasons set forth herein, Defendant's application is denied. *See* ECF No. 153. Among other factors, the Government has confirmed the Court's understanding that the Government's requested conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 1 *et seq.*, will consider "timing" and "notice" and "matters which *relate* to classified information." *See* ECF No. 153 at 3 (emphasis in original); ECF No. 155 at 1.

Moreover, given that the Government made the initial request for a Section 2 conference, *see* ECF No. 144, the Court will hold its conference first. To the extent that either party "move[s] for a[n additional] pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution," the Court will "promptly hold" such a conference. *See* 18 U.S.C. App. 3 § 2.

The Section 2 conferences will go forward as planned pursuant to ECF No. 149. The Clerk of Court is directed to terminate ECF No. 153.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: August 7, 2024