

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 16, 2024

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

    Re:    *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

    At a status conference on August 7, 2024, counsel for defendant Sergey Shestakov suggested that the Government's potential Classified Information Procedures Act ("CIPA") practice interfered with the defendant's right to a speedy trial. (Aug. 7, 2024 Tr. at 5, 11-12). At the subsequent *ex parte* conference held pursuant to Section 2 of CIPA, the Court requested that the Government provide a letter identifying other cases in which trials were delayed by the need for CIPA practice. The Government respectfully submits this letter to address counsel's complaint about the timing of trial, and to respond to the Court's request for information about delays caused by litigation about classified information.

    *First*, the defendant's claim that there is an issue under the Speedy Trial Act, or that the defendant has somehow been denied his right to a speedy trial, is disingenuous. On May 10, 2023, the defendant initially requested "a trial date in early 2025." (May 10, 2023 Tr. at 32). The Court instead set a trial date in June 2024. (Dkt. 46). Trial was adjourned until August 2024 at the defendant's request. (Dkt. 110; Mar. 22, 2024 Tr. at 9). And on July 15, 2024, a day before the Government requested an adjournment to accommodate potential CIPA practice (Dkt. 144), the defendant requested his own trial adjournment of unspecified length. (Dkt. 141 at 1). At the status conference on July 23, 2024, the defendant requested that the Court decline to set a new trial date, and instead requested a status conference in September. (July 23, 2024 Tr. at 26). The defendant then objected to a December 2024 trial date as too soon (*id.* at 28-30), and the Court set the current trial date of February 10, 2025 to accommodate defense counsel's schedule (*id.* at 31-32). The defendant then consented to the exclusion of time under the Speedy Trial Act through that date. (*Id.* at 33). Indeed, at every single opportunity in this case, the defendant has consented to the exclusion of time under the Speedy Trial Act. (*See* Feb. 9, 2023 Tr. at 23; Mar. 8, 2023 Tr. at 12; May 10, 2023 Tr. at 36; Dkt. 62; Mar. 22, 2024 Tr. at 9). On this record, there is no basis for the defendant to raise an objection under the Speedy Trial Act.

*Second*, it is not unusual for there to be trial delays in cases involving CIPA practice. To take just two recent examples: In *United States v. Juan Orlando Hernandez et al.*, No. 15 Cr. 379 (PKC), Judge Castel adjourned the trial date multiple times, including once while motion practice under CIPA Section 4 was pending. And in *United States v. Haji Najibullah*, 14 Cr. 401 (KPF), the Court granted multiple adjournments, at least in part to accommodate briefing under CIPA Sections 5 and 6. It is also not uncommon for there to be delays in CIPA practice even before a trial date has been set. *See, e.g.*, *United States v. Hugo Armando Carvajal Barrios*, 11 Cr. 205 (AKH) (Dkt. 184) (granting adjournment of deadline for CIPA Section 4 brief over a defense objection).

In sum, there was nothing unusual or improper about the Government's request for an adjournment to accommodate possible CIPA practice, or about the Court's decision to adjourn the trial.

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney

      By: /s/_____
          Rebecca T. Dell
          Sheb Swett
          Derek Wikstrom
          Assistant United States Attorneys
          (212) 637-2198 / 6522 / 1085

Cc:  Defense Counsel (by ECF)