

Glavin PLLC
156 W. 56th Street, Suite 2004
New York, NY 10019

glavinpllc.com
646.693.5505

September 27, 2024

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   United States v. Sergey Shestakov, 23 Cr. 16 (JHR)

Dear Judge Rearden:

I represent Sergey Shestakov and write: (1) in response to the government's letter dated August 16, 2024 (ECF No. 160) to address the government's sudden and unexplained eleventh-hour reversal on the eve of trial regarding litigation under the Classified Information Procedures Act (CIPA) and in anticipation of the government's forthcoming submission pursuant to CIPA Section 4 (*see* ECF No. 162); and (2) to request a conference with the Court following the government's Section 4 submission.

As an initial matter, Mr. Shestakov renews his objections regarding the Court's August 7, 2024 *ex parte* conference with the government to the extent *any* non-classified matters were discussed that should have been addressed with both parties present. On August 12, Mr. Shestakov requested that all non-classified matters be reflected in a minute entry on the docket. Notably, the government's August 16 letter reflects exactly what the defense raised concern over: a discussion of non-classified matters without Mr. Shestakov or his counsel present.

*First*, the government's representation in the August 16 letter that "it is not unusual" for there to be trial delays in cases involving CIPA practice is beside the point *given the record in this case*. Mr. Shestakov's objection to the government's conduct in requesting CIPA practice *on the eve of the August 6, 2024 trial date* was the stunning reversal from the government's repeated prior representations to the Court and to the defense. For over 18 months, in the face of repeated defense requests and inquiries regarding classified discovery and the need for CIPA practice, the government made, for example, the following representations:

- February 8, 2023 Call With Defense Counsel: In discussing defense inquiries concerning CIPA, AUSA Hagan Scotten represented that he did not think it would be necessary to build in time to the anticipated trial schedule for CIPA litigation. That same day, the government filed a letter requesting a CIPA Section 2 conference to provide the Court with further information "about whether there will be any need for CIPA practice in this case." ECF No. 20.

- February 9, 2023 Status Conference: "Ms. Glavin: […] I raised with the government . . . that they have an obligation to make inquiry and search of the files of the intelligence community. We have asked the government, have you made that inquiry, I've asked what agencies; the government has not responded." Feb. 9, 2023 Tr. at 8:7-12.

- March 7, 2023 Government Letter to the Court (ECF No. 37): The government persisted in its position that it need not provide the defense with any detail concerning its compliance with its discovery obligations, arguing it was "incorrect" that a defendant could "elicit information as to how" the government satisfies its discovery obligations.

- March 27, 2023 Status Conference (ECF No. 38): The government represented that it had completed its Rule 16 production. Mar. 27, 2023 Tr. at 2:20-25. The defense noted it expected to make further requests of the government under Rule 16, that there was a possibility of Rule 15 depositions, and previewed that we expected exculpatory information was classified. *Id.* at 9:4-25, 10:1-8.

- May 8, 2023 Letter (ECF No. 44): The government represented that it "does not anticipate making a filing pursuant to Section 4 of CIPA and believes it has met its discovery obligations with respect to classified information."

- May 9, 2023 Letter (ECF No. 45): In response to the government's May 8 letter, defense counsel wrote to the Court to note "serious questions regarding the Government's representation in their May 8, 2023 letter (ECF No. 44) that it 'has met its discovery obligations with respect to classified information.' The Government to date has declined to inform [the defense] what inquiries they made, if any, of the Intelligence Community, as defined the U.S. Department of Justice Criminal Resource Manual § 9-90.210, of Rule 16/*Brady* material. I will engage in further discussions with the Government on this issue, and motion practice may be necessary."

- May 10, 2023 Status Conference (ECF No. 47): "Mr. Scotten: […] We can't confirm whether [wiretaps of Oleg Deripaska] exist or not, if we think they exist or not, because reasonably they might or might not exist, much less whether we looked at them." May 10, 2023 Tr. at 13:18-21. The defense later noted the government's continued refusal to answer defense inquiries regarding the government's compliance with its discovery obligations and CIPA, and that it was "surpris[ing] when the government filed its letter saying there would be no CIPA Section 4 in the case." *Id.* at 22:20-22.

- May 18, 2023 Email from the Government to the Defense: "[W]e're not going to be providing defense counsel with accountings of how we ensure we meet our discovery obligations in this case."

- June 23, 2023 Joint Defense Letter to the Court (ECF No. 48): Because of the government's vague and general representations concerning CIPA and compliance with discovery, the

defendants jointly requested a status conference concerning the state of classified discovery, in part, because of the government's attempts to circumvent the normal process for courts to evaluate whether the government had satisfied its discovery obligations, and the government's puzzling lack of transparency with respect to its discovery practices. That letter stated in pertinent part:

> "In a subsequent series of conversations, the government informed us, in a general way, that it has satisfied its discovery obligations relating to classified information. The government's position is perplexing. While it is not surprising that the government does not wish to account for its each and every step in satisfying its constitutional obligations, it is puzzling and concerning that the government would, at this stage, determine that no CIPA Section 4 presentation to the Court is appropriate, when we are a year away from trial and the government's discovery obligations with respect to Rule 16, the Jencks Act, *Brady* and *Giglio* are ongoing. The indictment and the U.S. Attorney's press release include accusations that foreseeably implicate classified information within each of the four categories of discoverable information. With respect to the category of impeachment material alone, it is hard to imagine a world in which there are no classified materials that touch on the credibility of the government's trial witnesses (or alleged unindicted coconspirator hearsay declarants), and which would require treatment under Section 4 of CIPA."

ECF No. 48.

- April 2, 2024 Email: In response to the defense's request for the "additional information pertaining to [Evgeny] Fokin [that] is maintained at higher classification" (USAO_00000047), the government responded that it would "not…answer" the defense's questions, "except to say that we are aware of and have complied with our discovery obligations."

- July 15, 2024 Government Letter (ECF No. 140): In the government's opposition to Mr. Shestakov's requests for a Rule 17(c) subpoena to the NSA for records concerning communications of Oleg Deripaska during the time period of the alleged conspiracy, the government represented that, generally and with respect to classified information, it "has complied with its discovery obligations." Moreover, the government argued that the defense's request was nothing more than an "extraordinary" attempt "to sidestep the ordinary discovery and CIPA process," a "fishing expedition," "pure speculation," and a "cavalier and scattershot proposal." *Id.* at 4, 5, 6. **The government's hyperbole stands in stark contrast to the bare-bones request for an adjournment, citing CIPA issues, *filed one day later*.** *See* ECF No. 144.

- ■ July 16, 2024 Government Letter (ECF No. 144): The government requested an adjournment of the August 6 trial of "at least six weeks" because "[i]nformation has come to the Government's attention that may require litigation pursuant to the Classified Information Procedures Act ('CIPA'). But the Government needs to take additional steps to evaluate the information before it will be ready for possible CIPA practice, and as a result, an adjournment is necessary."

In support of its contention that trial delays are not unusual, the government lists three cases that differ materially from the instant action: *United States v. Juan Orlando Hernandez et al.*, No. 15 Cr. 379 (PKC); *United States v. Haji Najibullah*, 14 Cr. 401 (KPF); *United States v. Hugo Armando Carvajal Barrios*, 11 Cr. 205 (AKH). In *Juan Orlando Hernandez*, **the government previewed from the very beginning – unlike here – that classified briefing may be necessary**. *See* 15 Cr. 379, ECF No. 432 at 12:4-6 (at the defendant's arraignment, the government stated it was "in the process of determining whether any classified briefing will be necessary in this matter."). Mr. Hernandez had made his initial appearance on April 22, 2022 and the government requested a CIPA Section 4 deadline of November 14, 2022 and thereafter received adjournments related to such briefing. *See id.*, ECF Nos. 429, 549, 556. Similarly, in *Haji Najibullah*, the government requested a protective order under CIPA approximately two months after the defendant was arraigned, indicating the possibility of CIPA litigation in the case. 14 Cr. 401, ECF No. 18. Moreover, the government, in noting that adjournments were granted to accommodate briefing under CIPA Section 5 and 6, elides the fact that briefing under CIPA Section 5 is prompted by the *defendant*'s intention to disclose classified information, which is not at issue in this case.

With respect to *Hugo Armando Carvajal Barrios*, the government stated at its initial status conference on July 25, 2023 that it "expect[ed] there to be extensive [CIPA] litigation in this case" but would not say more in the "unclassified setting." 11 Cr. 205, ECF No. 123 at 4:8-11; *see also id.*, ECF No. 136 (Nov. 1, 2023 Status Conf. Tr.) at 15:24-25, 16:1-12 (noting that review of materials pursuant to Section 4 was "ongoing" and requesting to discuss timing of CIPA briefing at a later status conference). Moreover, in that case, the government indicated that it had complied with its discovery obligations to make prudential search requests and was actively reviewing voluminous classified materials. *Id.*, ECF No. 168 at 25:1-6, 26:21-23. Thereafter, the government requested an adjournment to allow time to "consult and coordinate with the relevant components of the U.S. Government, which have informed the Government that they will need until June 17, 2024 to complete their review processes for the materials at issue and to prepare and submit necessary declarations associated with the Section 4 motion." *Id.*, ECF No. 182 at 1. That stands in stark contrast to the government's posture here, refusing to say little more than that it has complied with its discovery obligations and denied the need for CIPA briefing from the very beginning of this case. And, despite having no trial scheduled, Judge Hellerstein refused to permit further extensions. *Id.*, ECF No. 194 ("There will be no further enlargements."). Thus, the government's comparison to these cases is inapposite. The government insisted there would not be a CIPA issue here from the beginning, despite the defense's repeated inquiries.

Furthermore, the government's characterization of Mr. Shestakov's raising of potential Speedy Trial Act issues as "disingenuous" belies the government's record concerning its compliance with its discovery obligations and representations concerning potential CIPA litigation. Specifically, the government takes issue with Mr. Shestakov's prior consent to exclusions of time under the Speedy Trial Act to accommodate defense counsel's schedule and Mr. Shestakov's own request for a trial adjournment on July 15, 2024 (ECF No. 141). But the issue is that the government: (a) repeatedly told this Court and the defense that there was no discoverable classified information and CIPA litigation would not be an issue in this case that needed to accounted for in terms of preparation for trial; and (b) repeatedly told this Court and the defense that it had complied with its discovery obligations and then made (without any explanation) egregiously belated Rule 16 and *Brady* disclosures on the eve of trial of critical information that was entirely consistent with the defense, and *information that had been in the government's possession for months*. The government's discovery failures—which the defense described during numerous status conferences, including on February 9, 2023; May 10, 2023; July 23, 2024; and as recently as August 7, 2024, as well as in numerous letters and briefing[1]—are inexcusable and wasted valuable defense time and resources in motion practice and trial preparation. And the government's inability to recognize that those failures caused tremendous prejudice to Mr. Shestakov should be of great concern to the Court. The government's discovery failures will necessarily cause further motion practice, including revisiting the defense motion to compel that was filed almost a year ago. This is an issue of fundamental fairness: the prejudice to Mr. Shestakov is a result of the government's haphazard, deficient, and unduly narrow approach to its discovery obligations and flouting of potential CIPA litigation.

Finally, the defense requests that the Court schedule a conference with the parties following the government's submission pursuant to CIPA Section 4 on September 30, 2024, so that the Court can discuss with the parties how to proceed, and the defense can be heard.

Respectfully submitted,

  /s/ Rita M. Glavin
Rita M. Glavin

---

[1] *See, e.g.*, ECF Nos. 45, 48, 68, 85, 86, and 91. The defense most recently outlined the government's discovery failures in an August 6, 2024 letter (ECF No. 153), detailing, among other things, inexcusably belated *Brady* disclosures.