

Glavin PLLC  
156 W. 56th Street, Suite 2004  
New York, NY 10019

glavinpllc.com  
646.693.5505

October 17, 2024

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:    United States v. Sergey Shestakov, 23 Cr. 16 (JHR)**

Dear Judge Rearden:

I represent Sergey Shestakov and write in response to the government's October 4, 2024 letter (ECF No. 165) and to (a) request an *ex parte* conference to assist the Court in making its determination pursuant to Section 4 of the Classified Information Procedures Act (CIPA) and (b) object to the Court entering the government's proposed protective order (ECF No. 164) based on the government's *ex parte* submission regarding unspecified classified material without an opportunity for the defense to also be heard *ex parte*.

The government's October 4 letter provides no substantive response to the detailed recitation concerning the government's eleventh-hour reversal regarding CIPA practice and its egregiously belated *Brady* disclosures, and the government's characterization of Mr. Shestakov's allegations as "baseless" rings hollow given the record in this case. Mr. Shestakov requests an *ex parte* conference – in addition to a status conference – to address the government's Section 4 filing and proposed protective order (*see* ECF No. 164). An *ex parte* conference is necessary so that the defense can address specific elements of the defense strategy—including nonpublic aspects of the strategy—that would aid the Court in assessing the government's submission and claim that the unspecified classified materials are purportedly "cumulative" and "not relevant and helpful to the defense." *Id.* This is particularly important given the extraordinarily narrow view the government has taken of its discovery obligations in this case, as well as the government's discovery missteps.

Although *ex parte* proceedings in criminal cases are generally disfavored given the fundamental need to protect **defendants**' due process rights, *ex parte* and *in camera* proceedings are sometimes necessary under CIPA to determine if the government's assertion of a privilege in non-disclosure is warranted. *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *see United States v. El-Hanafi*, No. S5 10 CR 162(KMW), 2012 WL 603649, at *1 (S.D.N.Y. Feb. 24, 2012) (citing *In re Taylor*, 567 F.2d 1183, 1188-89 (2d Cir. 1977)).

There is ample precedent in this Circuit endorsing *ex parte* defense submissions and/or conferences to assist in a court's assessment of government submissions. *United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 109 (2d Cir. 2020) ("[T]he District Court met *ex parte* with

defense counsel so that counsel could present [the defendant's] theory of the case and his potential defenses"); *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 118-19 (2d Cir. 2008) ("Portions of the February 6, 2001 hearing were conducted *ex parte* . . . [T]he District Court recalled [defendant's] attorneys . . . in the absence of government counsel"); *United States v. Hernandez*, 15-cr-379 (PKC), 2023 WL 8804958, at *1 (S.D.N.Y. Dec. 20, 2023) ("[C]ounsel for Hernandez requested an *ex parte* CIPA section 2 hearing. Thereafter, the Court directed that Hernandez may make an *ex parte* classified submission"); *United States v. Liu*, 19 Cr. 804 (VEC), 2021 WL 3374535, at *1 (S.D.N.Y. Aug. 3, 2021) (detailing numerous *ex parte* defense submissions that allowed "the Court [to] use[] that understanding when evaluating whether any information subject to the Government's CIPA Section 4 motion could be relevant and helpful to the defense."); *United States v. Schulte*, 17 Cr. 548 (PAC), 2019 WL 3764662, at *1 (S.D.N.Y. July 22, 2019) ("The Court held *ex parte* hearings with the Government to discuss the CIPA § 4 motion, met *ex parte* with defense counsel to learn about Schulte's defense and discovery needs, heard from both parties in joint discovery conferences, and reviewed written submissions from both parties detailing discovery disputes."); *United States v. Ying Lin*, 15-cr-601 (S-2) (DLI), 2018 WL 3404137, at *1 (E.D.N.Y. July 11, 2018) ("[W]ith leave of Court, Defendant filed an *ex parte* letter supplementing its previous opposition to the government's CIPA motion detailing Defendant's potential defenses to the charges."); *United States v. Velentzas*, 15 CR 213 (SJ), 2016 WL 4250304, at *2 (E.D.N.Y. Aug. 10, 2016) (granting the defendant's request to make an *ex parte* presentation to the court where it would "assist the Court in making its § 4 determination."); *United States v. Babafemi*, No. 13–CR–109, 2014 WL 1515277, at *3 (E.D.N.Y. Apr. 18, 2014) (the court heard from defendant's *ex parte* "to apprise" the court of "their theory of the case so that [the court] may better understand what kind of material might be 'helpful' to the defense." The court thereafter "took this information into account in reviewing the government's § 4 filing."); *United States v. Shehadeh*, 857 F. Supp. 2d 290, 293 (E.D.N.Y. 2012) (citation omitted) ("[T]he Court held an *ex parte* conference with defense counsel to glean insight into defense strategy so as to ensure informed evaluation and identification of any items of information that could be 'helpful or material.'"); *United States v. Juma Khan*, No. 08 CR 621(NRB), 2010 WL 330241, at *3 (S.D.N.Y. Jan. 20, 2010) (referencing submissions made "*ex parte* by defense counsel to the Court").

    An *ex parte* conference here would most certainly help the Court place "itself 'in the shoes of defense counsel, the very ones that cannot see the classified record,' to determine whether the withheld data might be relevant and helpful to the defense" *Schulte*, 2019 WL 3764662, at *1 (citation omitted). Where the record is replete with the government's shortcomings with respect to discovery, an *ex parte* conference is vital to the Court's assessment of whether the unspecified classified materials are, in fact, "cumulative" and/or "not relevant and helpful to the defense." *See, e.g.*, ECF Nos. 45, 48, 68, 85, 86, 91, 153, 163; July 23, 2024 Tr. at 11:13-18 (noting that the government had made a *Brady* disclosure on July 22, 2024 – just days before the previous trial date of August 6, 2024); *cf. United States v. Ng Lap Seng*, No. S5 15-CR-706 (VSB), 2017 WL 2693625, at *3 (S.D.N.Y. June 21, 2017) (noting the court's review of the non-classified material represented by the government to be duplicative of certain classified materials). As previously briefed, the defense has been particularly troubled by the government's narrow view of what evidence is relevant, material or helpful to the defense, and, on an *ex parte* basis could apprise the

Hon. Jennifer H. Rearden
October 17, 2024
Page 3 of 3

Court of specific elements of the defense strategy that we have not discussed publicly that may implicate information that "though not exculpatory, could still serve either to counter the government's case, for example by discrediting a prosecution witness, or to bolster a defendant's arguments, for example by serving as a prior consistent statement corroborating a defense the accused may raise." *United States v. El-Hanafi*, No. S5 10 CR 162 KMW, 2012 WL 603649, at *4 (S.D.N.Y. Feb. 24, 2012).

      Thus, Mr. Shestakov respectfully requests to be heard *ex parte*.

                                              Respectfully submitted,

                                               /s/ Rita M. Glavin
                                              Rita M. Glavin