

**United States Department of State**

*Washington, D.C. 20520*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
                                            )    No.   19 Cr. 725
     v.                                   )    Judge J. Paul Oetken
                                            )
LEV PARNAS, *et al.*                 )

### DECLARATION OF WILLIAM P. FRITZLEN

I, William P. Fritzlen, hereby depose and say as follows:

1. I am an Attorney Adviser in the Office of the Assistant Legal Adviser for Consular Affairs at the United States Department of State (L/CA). Prior to that I served as an Attorney Adviser in the Bureau of Consular Affairs, Office of Legal Affairs for Overseas Citizens Services. I have worked on judicial assistance matters between the United States and the Russian Federation in both of these offices and have done so since March, 2004. I make this declaration based on information available to me in my official capacity.

2. L/CA is responsible, <u>inter alia</u>, for receiving and transmitting requests for international judicial assistance under 28 USC § 1781 as well as for other legal assistance requests that foreign States may make via the diplomatic channel to

the United States, including those for which assistance may be available under 28 USC § 1782.

3. Judicial assistance between the United States and the Russian Federation is governed by multilateral conventions to which the United States and Russia are parties – for example, the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, 20 UST 361; and the Vienna Convention on Consular Relations ("VCCR"), 21 U.S.T. 77 – as well as customary international law and applicable U.S. and Russian law and regulations. The Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, 23 UST 2555, is not in force between the United States and the Russian Federation. Although the Russian Federation acceded to the Hague Evidence Convention on April 30, 2001, no Russian Central Authority has been established, and accordingly, the United States has not accepted Russia's accession.

4. Moreover, there are two bilateral agreements in force between the United States and the Russian Federation pertaining to judicial assistance. The Treaty on Mutual Legal Assistance in Criminal Matters, with related note, signed at Moscow June 17, 1999 entered into force January 31, 2002. The forms of assistance provided by this agreement – as well as by mutual legal assistance provisions of multilateral treaties regarding specific criminal offenses, such as the 2000 UN Convention against Transnational Organized Crime, TIAS 13127 – are available

only for government authorities in criminal cases, that is, for the prosecution. The other bilateral instrument is the Exchange of Notes Between the United States of America and the Union of Soviet Socialist Republics of November 22, 1935 on the Execution of Letters Rogatory, 49 Stat. 3840, and the supplementary letter of January 19, 1937 from the Vice Director of the Legal Division of the People's Commissariat for Foreign Affairs to the American Charge d'Affaires ad interim, 11 Bevan 1262-1267, publication 843, Executive Agreement Series No. 83.

5. Criminal defendants who wish to request judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters may make such requests pursuant to letters rogatory in accordance with Article 5(j) of the Vienna Convention on Consular Relations.

6. Russian authorities do <u>not</u> recognize the authority or ability of foreign persons, such as American attorneys, to take voluntary depositions of willing witnesses, even before a U.S. consular officer. In bilateral meetings held in Moscow in 2003 and 2004, Russian authorities reiterated this position and confirmed that this applies to both civil matters and defense requests in criminal matters. There have been no changes in the Russian position on this matter since 2004.

7. In view of this position, Russia has advised it would deem taking depositions in Russia before a U.S. consular officer as a violation of Russia's judicial sovereignty. Such action could result in the arrest, detention, expulsion, or

deportation of the American attorney. A private U.S. defense attorney in a criminal case seeking assistance from Russia, or any foreign country, customarily submits letters rogatory through the Department of State, L/CA, which then forwards the request through the diplomatic channel to the appropriate Russian authorities, 22 CFR § 92.66. This procedure is explained in the "Preparation of Letters Rogatory" feature on the Department of State, Bureau of Consular Affairs Internet webpage.

8. Although Russia has insisted on exclusive use of letters rogatory, this vehicle has proven in practice to be unreliable. To the best of our knowledge, no request for testimony pursuant to letters rogatory on behalf of the defense in a criminal case, or in a civil case, has been successfully executed in Russia in recent years.

9. In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. Russia refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Convention or to execute letters rogatory transmitted via the diplomatic channel. Russia also declines to give consideration to U.S. requests to obtain evidence. Russia's stated reason for the suspension relates to a fee imposed by the United States for service of documents under the Hague Service Convention.

10. The Department and the Russian Foreign Ministry have exchanged several diplomatic notes setting out our respective positions on the matter, and met twice in Moscow in 2003 and 2004 to explore ways to provide normal judicial cooperation.

11. While the Department of State is prepared to transmit letters rogatory for service or evidence to Russian authorities via the diplomatic channel, in our experience, all such requests are returned unexecuted. Likewise requests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted.

12. The Department of State would be pleased to assist the U.S. District Court in any further questions the Court may have regarding judicial assistance in Russia.

I declare under penalty of perjury that the foregoing is true and correct (28 USC § 1746).

William P. Fritzlen

Executed in Washington, D.C.
December 18, 2020