UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v.-

SERGEY SHESTAKOV,

                 Defendant.

23 Cr. 16 (JHR)

MEMORANDUM OPINION & ORDER

---

JENNIFER H. REARDEN, District Judge:

      Defendant stands charged with conspiracy to violate and violation of the International Emergency Economic Powers Act, pursuant to 50 U.S.C. § 1705 and 18 U.S.C. § 2; conspiracy to commit and commission of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (a)(2), and (h); and making false statements, in violation of 18 U.S.C. § 1001. *See* ECF No. 2 (Indictment). The Government moves *ex parte* for a protective order pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4, and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, regarding disclosure of certain classified information in its possession.[1] *See* ECF No. 164. Specifically, the Government seeks a determination that the information is "cumulative of materials already provided to the defense and/or not 'relevant and

---

[1] Both Rule 16(d)(1) and Section 4 of CIPA expressly "permit" *ex parte* filings. Fed. R. Crim. P. 16(d)(1) ("The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*."); 18 U.S.C. App. 3 § 4 ("The court may permit the United States to make a request for [] authorization" to "delete specified items of classified information . . . . in the form of a written statement to be inspected by the court alone."). "The Court is convinced that, because of the national security interests involved and the highly sensitive nature of the material at issue in this case, an *ex parte* filing by the Government and *in camera* review of the materials by the Court [are] the most appropriate procedure through which to decide the Motion." *United States v. El-Hanafi*, No. S5 10 Cr. 162 (KMW), 2012 WL 603649, at *2 (S.D.N.Y. Feb. 24, 2012). "No less restrictive alternative would protect the Government's interest in preventing the disclosure of the classified materials at issue in this case." *Id.*

helpful' to the defense" and, therefore, that it "need not be disclosed." ECF No. 164-1 (Proposed Protective Order) at 2.

Section 4 of CIPA provides that, "upon sufficient showing," the Court "may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. App. 3 § 4. "The Second Circuit has explained that '[Section 4 of CIPA] clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause,' including 'the protection of information vital to the national security.'" *United States v. Hernandez*, No. 15 Cr. 379 (PKC), 2023 WL 8804958, at *2 (S.D.N.Y. Dec. 20, 2023) (quoting *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008)); *see* Fed. R. Cr. P. 16(d)(1) (providing that the Court "may, for good cause, deny discovery or inspection, or grant other appropriate relief").

Under *Aref*, "the district court must first decide whether the classified information the Government possesses is discoverable." 533 F.3d at 80. It then "determine[s] whether the state-secrets privilege applies because: (1) there is 'a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged,' and (2) the privilege is 'lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'" *Id.* (quoting *United States v. Reynolds*, 345 U.S. 1, 8, 10 (1953)).

"If the evidence is discoverable but the information is privileged, the court must next decide whether the information is helpful or material to the defense, i.e., useful 'to counter the government's case or to bolster a defense.'" *Id.* (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993)). "The Court 'considers not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the

2

evidence as a whole.'" *United States v. Kwok*, No. 23 Cr. 118 (AT), 2024 WL 1704998, at *2 (S.D.N.Y. Apr. 18, 2024) (quoting *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 125 (2d Cir. 2008)); *see also El-Hanafi*, 2012 WL 603649, at *4 ("Information is sufficiently helpful to the defense (viewed against the discovery that the defense has already been provided) when the information creates 'a reasonable likelihood that the testimony could affect the judgment of the trier of fact.'" (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982))). "Information that has only 'theoretical relevance' or that is 'irrelevant, cumulative, or corroborative' need not be disclosed." *Kwok*, 2024 WL 1704998, at *2 (quoting *United States v. Chi Ping Ho*, No. 17 Cr. 779 (LAP), 2018 WL 6082514, at *2 (S.D.N.Y. Nov. 21, 2018)).

"Only when information is relevant or helpful to the defense must the Court then take the [final] step of balancing the 'public interest in protecting the flow of information against the individual's right to prepare his defense.'" *United States v. Mostafa*, 992 F. Supp. 2d 335, 338 (S.D.N.Y. 2014) (quoting *Roviaro v. United States*, 353 U.S. 53, 62 (1957)); *see also United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988) (holding that "the court can engage in balancing" to "deny . . . discovery in order to protect national security").

As an initial matter, the materials in the Government's possession are classified pursuant to Executive Order 13526 (75 Fed. Reg. 707 (Jan. 5, 2010)). *See El-Hanafi*, 2012 WL 603649, at *5; *United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir. 1984) (holding that, pursuant to Section 1 of CIPA, "the government . . . may determine what information is classified," and "[a] defendant cannot challenge this classification" nor can "[a] court [] question it" [2])). Appropriate Government officials determined that the materials "require protection against unauthorized

---

[2] Of note, the defense is "not entitled to access any of the evidence reviewed by the court" *in camera* "'to assist his argument' that it should be disclosed." *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006) (quoting *United States v. Carson*, No. 02-3015, 2002 WL 31246900, at *1 (D.C. Cir. Oct. 2, 2002)).

3

disclosure for reasons of national security" and "have described in depth the reasons for the information's classification and the harm that would result from disclosure." *El-Hanafi*, 2012 WL 603649, at *5.

The Court has carefully examined the information in question. "[T]o help guide the Court's review," *United States v. Alimehmeti*, No. 16 Cr. 398 (PAE), ECF No. 54 (Op.) at 2 (S.D.N.Y. May 8, 2017), the Court held an *ex parte* conference with defense counsel regarding potential defense theories and two *ex parte* conferences with the Government. *See Aref*, 533 F.3d at 81 (*ex parte* hearings are permissible under CIPA and Rule 16); *United States v. Campa*, 529 F.3d 980, 994 (11th Cir. 2008) (same). The Court directed the Government to provide supplemental briefing *ex parte*. In addition, following the Court's second *ex parte* conference with the Government, the Government filed a public letter on the docket. *See* ECF No. 188. The Court closely reviewed the Government's initial memorandum of law concerning the classified materials at issue, the factual declarations supporting that memorandum, and the supplemental briefing.

For the following reasons, the Court "has little difficulty deciding that the Government may withhold from discovery all information that the Government seeks to delete pursuant to CIPA Section 4." *United States v. Liu*, No. 19 Cr. 804 (VEC), 2021 WL 3374535, at *3 (S.D.N.Y. Aug. 3, 2021). First, although the classified information at issue is arguably discoverable, "the Government has properly invoked the state-secrets privilege." *Id.* In particular, "the Government has adequately identified specific facts that mandate application of the state-secrets privilege and has followed the procedural requirements for asserting the privilege, including that the head of the department which has control of the classified information described in the Government Submission, after actual personal consideration, has

4

lodged the state-secrets privilege with respect to the classified information." *Chi Ping Ho*, 2018 WL 6082514, at *3.

Second, none of the material that the Government proposes to withhold is "helpful or material to the defense." *Aref*, 533 F.3d at 80; *see Hernandez*, 2023 WL 8804958, at *3 (explaining that, "if the evidence is neither helpful nor material to the defense, the district court has discretion to enter an order permitting the government to withhold the classified information altogether"). "Even if an argument could be made that some information that the Government seeks to delete might be helpful to the defense, Defendant already has at his disposal virtually all of the information subject to the Government's CIPA Section 4 motion (including all information that could be considered helpful to the defense), rendering production of the classified information cumulative . . . ." *Liu*, 2021 WL 3374535, at *3; *see also United States v. Abu-Jihaad*, 630 F.3d 102, 142 (2d Cir. 2010) (citing with approval the finding that "because one of the categories was cumulative of information already provided to [defendant] in the course of discovery, . . . the government had no obligation to disclose such information"); *Kwok*, 2024 WL 1704998, at *3 (granting request to delete five classified documents because "they were cumulative of unclassified discovery"). Thus, the defense "ha[s] substantially the same ability to make its defense as if [it] had the specific classified materials." *Mostafa*, 992 F. Supp. 2d at 338.

Third, based on the information currently available to the Court, in the event that the classified materials were "discoverable, helpful, and material," then "the possible damage to the government's security interests from disclosure" would greatly outweigh "the defendant's need for the information or its value to the defendant." *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2019 WL 3764662, at *3 (S.D.N.Y. July 22, 2019) (quoting *United States v. Rahman*, 870 F. Supp. 47, 52 (S.D.N.Y. 1994)). Because the Court finds the Government's discussion of

5

these issues in its memorandum of law and supplemental briefing persuasive, it grants the Government's motion.

In so ruling, the Court is "mindful that its grasp of the facts underlying this matter and the issues to be tried will necessarily grow as trial approaches and begins." *Alimehmeti*, No. 16 Cr. 398 (PAE), Op. at 3. "The Court's present determination that none of the materials at issue must be disclosed . . . is therefore a function of its understanding of the case to date." *Id.* "As the Court's understanding of the case develops, the Court will assess anew whether any of" the information at issue must be produced. *Id.*

"As classified materials are involved [], the motion for a protective order and all papers submitted in connection therewith, and the transcripts from the *ex parte* conferences with this Court[,] shall be filed under seal with and maintained by the court's Classified Information Security Officer designated in accordance with CIPA and the Security Procedures Established Pursuant to Pub. L. No. 96-456 by the Chief Justice of the United States." *Id.* at 4.

The Clerk of Court is directed to terminate ECF No. 164.

SO ORDERED.

Dated: December 27, 2024
      New York, New York

_____
JENNIFER H. REARDEN
United States District Judge