UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v.-<br><br>SERGEY SHESTAKOV,<br>                              Defendant. | 23 Cr. 16 (JHR)<br><br>MEMORANDUM OPINION & ORDER |

JENNIFER H. REARDEN, District Judge:

Defendant Sergey Shestakov seeks leave to depose prospective witness Evgeny Fokin pursuant to Rule 15 of the Federal Rules of Criminal Procedure. ECF No. 175 (Mot.). The Government opposes the motion. For the reasons set forth below, the motion is GRANTED.

## I.  Background

In an Indictment filed on January 12, 2023, Defendant was charged with conspiracy to violate and violation of the International Emergency Economic Powers Act ("IEEPA"), pursuant to 50 U.S.C. § 1705 and 18 U.S.C. § 2; conspiracy to commit and commission of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (a)(2), and (h); and making false statements, in violation of 18 U.S.C. § 1001. *See* ECF No. 2 (Indictment). According to the Indictment, Defendant "violated sanctions imposed by the United States on Oleg Deripaska, a Russian oligarch," by "agree[ing] to . . . investigate" Deripaska's rival oligarch, Vladimir Potanin, "in return for concealed payments from Deripaska." Indictment ¶ 1. Specifically, the Government alleges that, around August 2021, Defendant, co-Defendant Charles McGonigal, and "unindicted co-conspirator" Evgeny Fokin, ECF No. 178 (Opp.) at 7, "drafted and executed a contract" under which "payments . . . would be made to McGonigal and [Defendant] at the behest of Deripaska." Indictment ¶ 19. Fokin supposedly "worked for and reported to Deripaska and served as an officer of a corporation[, En+,] that, in 2018, was primarily owned by Deripaska

and itself subject to sanctions under the IEEPA." *Id.* ¶ 12. The Government also charges Defendant with "attempt[ing] to conceal the nature and depth of the relationship" among himself, McGonigal, and Fokin. *Id.* ¶ 23.

In January 2020, after Deripaska's "direct and indirect shareholding stake in" En+ was reduced "to below 50 percent," ECF No. 104, Ex. 1 at 2; *id.* Ex. 3 at 2, the Government terminated sanctions against the company. Defendant asserts that, in 2021, his dealings with Fokin related to legal "business intelligence services" for En+ "for the purpose of an anticipated corporate battle concerning the management and misuse of Norilsk Nickel ("Nornickel") assets by" Vladimir Potanin, Nornickel's CEO. ECF No. 176 (Br.) at 6 (claiming that "En+ had an enormous financial interest in how Nornickel was managed, how its assets were utilized, and whether Mr. Potanin was self-dealing and/or diluting or misusing assets at the expense of other Nornickel shareholders" because "En+'s subsidiary, Rusal, is the second largest shareholder of Nornickel").

In deposing Fokin, Defendant seeks to develop evidence that Fokin was "act[ing] on behalf of and in his capacity as a high-level En+ employee at the time he engaged with Mr. McGonigal and Mr. Shestakov for business intelligence services concerning Nornickel"—and not "as an agent for Mr. Deripaska." Br. at 6. As a Russian national who resides in Russia, ECF No. 177 (Glavin Decl.) ¶ 5, Fokin is "beyond the subpoena power of the court," *United States v. Grossman*, No. S2 3 Cr. 1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005).

## II. Discussion

"Pursuant to Federal Rule of Criminal Procedure 15, a court may order the deposition of a witness to preserve testimony for trial where there are 'exceptional circumstances and in the interest of justice.'" *United States v. Mashinsky*, No. 23 Cr. 347 (JGK), 2024 WL 4728499, at *4

(S.D.N.Y. Nov. 8, 2024) (quoting Fed. R. Crim. P. 15(a)(1)). "To establish exceptional circumstances under Rule 15, the movant must show that '(1) the prospective witness is unavailable for trial, (2) the witness'[s] testimony is material, and (3) the testimony is necessary to prevent a failure of justice.'" *Id.* (quoting *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001)).

Because of the "substance of Fokin's proffered testimony," the Government "does not contest materiality for purposes of this Motion.'" Opp. at 7. Based on an account relayed by En+ attorneys, the Government expects Fokin to "offer[] a version of events in which he (and therefore Shestakov) w[as] not working for Oleg Deripaska." *Id.* at 7; *see also* Glavin Decl., Ex. 2 at 2-3, 5. "Such testimony would be 'highly relevant to a central issue in the case' and is therefore material." *United States v. Epskamp*, No. 12 Cr. 120 (RJS), 2013 WL 12175097, at *1 (S.D.N.Y. Oct. 3, 2013) (quoting *United States v. Vilar*, 568 F. Supp. 2d. 429, 440 (S.D.N.Y. 2008)).

The Government opposes Defendant's motion on two other grounds. First, the Government argues that Defendant "has not established [Fokin's] unavailability." Opp. at 9. "Unavailability is to be determined according to the practical standard of whether under the circumstances the [movant] has made a good-faith effort to produce the person to testify at trial." *Mashinsky*, 2024 WL 4728499, at *5 (quoting *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984)). "Movants need not present proposed witnesses' affidavits or prior statements to establish unavailability." *Id.* "Rather, '[c]ourts may accept the assertions of counsel on the facts relating to unavailability, as long as those assertions are neither conclusory nor speculative.'" *Id.* (quoting *United States v. Fargesen*, No. 21 Cr. 602 (LAP), 2022 WL 4110303, at *2 (S.D.N.Y. Sept. 8, 2022)).

According to the Government, Defendant did not make a "good-faith effort to produce" Fokin, *Mashinsky*, 2024 WL 4728499, at *5, because "the defense [was] unable to speak either

3

to Fokin or to any attorney representing him" to determine "whether Fokin w[ould] agree to testify in this case or not." Opp. at 10. The Government also contends that "Fokin w[ould] not have difficulty entering the United States should he wish to come here to testify" because it "w[ould] assist in ensuring that Fokin c[ould] obtain" a limited purpose visa. *Id.* at 11-12.

Fokin's counsel, however, has since represented that Fokin "is unwilling to come to the United States even with a limited purpose visa or safe passage given Mr. Fokin's distrust of the U.S. government." ECF No. 191 (Glavin Supp. Decl.) ¶ 8. "[U]nder the circumstances, Defendant[] ha[s] established a good-faith effort to produce" Fokin "and thus met [his] burden of establishing unavailability." *Fargesen*, 2022 WL 4110303, at *3 (concluding that witnesses were unavailable because they "live[d] in Dubai, [we]re not United States Citizens, and [we]re willing to testify about their involvement in [the alleged offense] but [] unwilling to travel to the United States to testify in person, in part due to . . . the possibility that they might be prosecuted (wrongly, in their view) if they were to enter the United States"). "Accordingly, the Court finds that [Fokin] [is] unavailable to testify" at trial. *Vilar*, 568 F. Supp. 2d at 439 (deeming unavailable "foreign nationals who reside in the United Kingdom" and therefore "[we]re beyond this Court's subpoena power" where, according to their counsel, they had "reached a 'final' decision to decline to testify a trial").

"The 'failure of justice' element is met if the other two elements are met and there are no other countervailing factors." *Epskamp*, 2013 WL 12175097, at *2 (citing *Vilar*, 568 F. Supp. 2d at 442). Here, the Government argues that three countervailing factors are present. First, it presumes that the deposition would take place in Russia, where Fokin resides. Opp. at 6. Such a deposition would be "impossible," the Government contends, because (1) "Russian law prohibits taking any testimony under oath in Russia for use in the United States," *id.* (quoting *United States v. Parnas*, No. 19 Cr. 725 (JPO), 2021 WL 2981567, at *7 (S.D.N.Y. July 14, 2021)); and

4

(2) "it would be dangerous for lawyers—either United States officials or defense attorneys—to travel to Russia to take the depositions," *id.* at 8. On reply, though, Defendant states that Fokin has agreed to be deposed "in a neutral country, and specifically said he would appear in the United Arab Emirates (UAE) or Turkey." ECF No. 190 (Reply) at 6; *see* Glavin Supp. Decl. ¶ 6; *see also Fargesen*, 2022 WL 4110303, at *5 (granting motion to take Rule 15 deposition in the United Arab Emirates); *United States v. Banki*, No. S1 10 Cr. 08 (JFK), 2010 WL 1459442, at *1-2 (S.D.N.Y. Apr. 6, 2010) (granting motion to take Rule 15 depositions in Turkey). The Government's concerns about deposing Fokin in Russia are therefore moot.

      Second, the Government casts doubt on the reliability of Fokin's anticipated testimony. Opp. at 7. It maintains that any oath taken by Fokin would be "toothless" because Russia "will not extradite its citizens to the United States." *Id.* at 6-7 ("Without the meaningful threat of extradition and prosecution for any perjury by the witness, the oath is essentially meaningless."). However, "questions of reliability or admissibility" regarding Fokin's testimony "can be addressed in motions *in limine* closer to trial." *Mashinsky*, 2024 WL 4728499, at *8 (setting aside the Government's concern that the court's "inability . . . to hold witnesses in contempt for false testimony might render any testimony obtained unreliable or otherwise unusable in court"); *see also United States v. Alexandre*, No. 22 Cr. 326 (JPC), 2022 WL 9843495, at *6 (S.D.N.Y. Oct. 17, 2022). "Indeed, 'whether the deposition testimony actually will be deemed . . . admissible at trial' is an entirely separate matter on which the Court need not opine at this time." *Alexandre*, 2022 WL 9843495, at *6 (quoting *Vilar*, 568 F. Supp. 2d at 440 n.10).

      Third, in the Government's view, "any difficulty in arranging the requested deposition [that] jeopardizes the February 2025 trial date in this case. . . would be an additional countervailing factor justifying denying the Motion." Opp. at 9 n.7. "But these concerns are speculative; there is no reason that Defendant should not be permitted to *try* to obtain the

testimony before the scheduled trial date." *Alexandre*, 2022 WL 9843495, at *5.  Indeed, Fokin's counsel represented that "he is working with Mr. Fokin to find dates in January 2025 for Mr. Fokin's deposition," Glavin Supp. Decl. ¶ 9, "so that the trial can proceed as scheduled on February 10, 2025," Reply at 6.  "This is not a situation where the Court could find at this point that the request is simply made too late." *Mashinsky*, 2024 WL 4728499, at *8 (permitting Rule 15 deposition where defense represented that "it was not seeking a delay" of the trial date); *see also Grossman*, 2005 WL 486735, at *4  (granting Rule 15 motion one month prior to trial); *United States v. Sun Myung Moon*, 93 F.R.D. 558, 560 (S.D.N.Y. 1982) (granting Rule 15 motion to depose 120 witnesses one month before trial).  Thus, "for purposes of the instant motion, there are no countervailing factors substantial enough to militate against authorizing the deposition[]." *Alexandre*, 2022 WL 9843495, at *6.  Accordingly, Rule 15's failure of justice factor is satisfied.  *See id.*

### III.   Conclusion

For the foregoing reasons, Defendant's motion for leave to depose Evgeny Fokin pursuant to Federal Rule of Criminal Procedure 15 is granted.  The parties are directed to confer in good faith to arrange for the deposition to occur as soon as possible.  *See Mashinsky*, 2024 WL 4728499, at *9.

The Clerk of Court is directed to terminate ECF No. 175.

SO ORDERED.

Dated: January 6, 2025
       New York, New York

JENNIFER H. REARDEN<br>
United States District Judge

6