

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 9, 2025

**UNDER SEAL/REDACTED BY ECF**

The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

    **Re:**    *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

The Government respectfully submits this letter to update the Court on the status of the parties' efforts to confer in good faith regarding the scheduling of the deposition of Evgeny Fokin in the UAE pursuant to Federal Rule of Criminal Procedure 15, (*see* Dkt. No. 198), and to request that the Court order the defendant to provide additional information relevant to the Rule 15 deposition and to comply with the procedures required by international law.

On January 7, 2025, the defendant informed the Government that he had conferred with Fokin's counsel and that Fokin was available to appear for a deposition on February 3, 2025 in Dubai. The Government separately conferred with Fokin's counsel and learned that Dubai is the only location where Fokin is willing to be deposed. In response, the Government informed the defendant that a formal request must be submitted to the United Arab Emirates ("UAE") in order for the Rule 15 deposition to occur in Dubai. The defendant responded that he disagreed that a formal request was required.

Rule 15 depositions in criminal cases generally "must be taken and filed in the same manner as a deposition in a civil action." Fed. R. Crim. P. 15(e). The Federal Rules of Civil Procedure, in turn, provide that a "deposition may be taken in a foreign country" through one of four methods:

    (A) under an applicable treaty or convention;

    (B) under a letter of request, whether or not captioned a "letter rogatory";

    (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or

    (D) before a person commissioned by the court to administer any necessary oath and take testimony.

Hon. Jennifer H. Rearden							Page 2
January 9, 2025

Fed. R. Civ. P. 28(b)(1).[1]

The availability of a particular method of taking a deposition "depends largely upon the law of the foreign country in which the deposition is to be taken." *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1362 n.1 (D.C. Cir. 1968); *see also United States v. Salim*, 855 F.2d 944, 950 (2d Cir. 1988) ("A sovereign nation is entitled to refuse to acquiesce in the use within its borders of American methods of gathering, preserving and presenting evidence."). "Some nations do not permit depositions through the notice or commission procedures; in these, only the letter rogatory may be used." *Zassenhaus*, 404 F.2d at 1362 n.1. "In countries where the right to take depositions is not secured by treaty [as with the UAE], notarizing officers may take depositions only if the laws or authorities of the national government will permit them to do so." 22 C.F.R. § 92.55(c).[2] Proceeding with a deposition in a foreign country without a letter rogatory where one is required "could constitute a violation of that country's sovereignty." U.S. Department of State, "Preparation of Letters Rogatory," https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html.

The Department of Justice's Office of International Affairs ("OIA"), which serves as the designated Central Authority of the United States for mutual legal assistance requests, has informed the Government that UAE authorities have advised OIA that depositions in the UAE for use in U.S. criminal proceedings must be requested from UAE authorities through a formal request transmitted via diplomatic channels.[3] OIA has advised the Government that, as a result, such depositions cannot be conducted in the UAE through the notice or commission procedures under Rule 28(b)(1)(C)-(D). *See generally Skaftouros v. United States*, 667 F.3d 144, 160 n.20 (2d Cir. 2011) (deferring to a foreign country's interpretation of its own law). Publicly available UAE law confirms that a formal request is required. *See* United Arab Emirates, Federal Law Concerning International Judicial Cooperation in Criminal Matters, Art. 43 ("In the event of receiving a request from a foreign judicial authority for assistance in carrying out a judicial procedure in the State

---

[1] With respect to the latter two methods, "[a]ny United States notarizing officer may be requested to take a deposition on notice, or designated to execute a commission to take depositions." 22 C.F.R. § 92.55(a); *see also Packard v. City of New York*, 326 F.R.D. 66, 69 (S.D.N.Y. 2018) ("With respect to Rule 28(b)(1)(C), every consular officer is authorized under federal law to administer oaths." (citing 22 U.S.C. § 4221)).

[2] *See also* 7 Foreign Affairs Manual ("FAM") § 921(b)(4) ("Some countries generally permit taking depositions, but require specific permission to do so."), *available at* https://fam.state.gov/FAM/07FAM/07FAM0920.html; *id.* § 921(c) ("The authority to conduct voluntary depositions may be secured in the host country by local law."); *id.* § 926.1 ("The growing trend toward the use of telephones, videotape, video teleconference, web-based platforms and other technologies as a means of obtaining evidence abroad compels the consular officer to observe carefully the pertinent legal procedures, if any, of the host country."); *id.* § 927 (the use of "live videoconference testimony directly to a courtroom in the United States . . . is dependent on the laws of the host country regarding the taking of testimony."); *id.* Exhibit 921 ("THINGS TO REMEMBER CONCERNING THE SCHEDULING OF A DEPOSTION: 1. Are depositions permitted by host country law? If so, is notification to the Foreign Ministry required?").

[3] OIA has advised that this is true regardless of whether the deponent is not a UAE national and regardless of whether the deponent is voluntarily sitting for the deposition.

Hon. Jennifer H. Rearden                                                                                                   Page 3
January 9, 2025

regarding a crime punishable in the Requesting State, which falls within the jurisdiction of its judicial authorities, the competent judicial authority may render the requested assistance if essential for initiating judicial proceedings in a criminal action being heard by the foreign judicial authority."), *available at* https://uaelegislation.gov.ae/en/legislations/1004; *id.* Art. 44 ("A request for judicial assistance shall be submitted by the competent authority of the foreign judicial authority to the State's Central Authority through the diplomatic channels.").

OIA has advised the Government that to submit such a formal request to the UAE seeking to conduct a Rule 15 deposition, the defendant is required to prepare a letter rogatory for this Court to transmit to the U.S. State Department, which would in turn submit the request to the UAE. *See* 22 C.F.R. 92.54 (defining "letters rogatory"); 22 C.F.R. 92.66 (describing taking of foreign depositions); 28 U.S.C. § 1781 (authorizing the State Department to send and receive letters rogatory). OIA has further advised that, under UAE law, the Government would be required to submit a mutual legal assistance ("MLA") request to the UAE in order to be permitted to participate in the Rule 15 deposition.[4]

The letter rogatory and/or MLA process is expected to take substantial time. According to the State Department, execution of letters rogatory could take more than a year. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html. OIA has similarly informed the Government that it expects the letters rogatory or MLA process to take at least several months or a year.[5] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[6]

In light of the above, the Government respectfully requests that the Court direct the defendant to inform the Government and the Court of the following not later than January 13, 2025:

---

[4] OIA has advised that, although there is no mutual legal assistance treaty between the United States and the UAE, the Government has discretion to submit a MLA-type request to the UAE, which the UAE may or may not honor.

[5] For example, in *United States v. Fargesen*, No. 21 Cr. 602 (LAP), a securities and wire fraud case, the Court granted the defendant's Rule 15 motion on September 8, 2022 (Dkt. No. 90). Following the filings of the defendant's letter rogatory and the Government's MLA request, the Rule 15 deposition ultimately occurred in the UAE on October 2, 2023. (Dkt. No. 167 at 4).

[6] In light of OIA's request to protect sensitive non-public information regarding the U.S. government's interactions with the UAE in other cases, the Government respectfully requests that the Court file this letter partially under seal. The Government will file a redacted version of the letter on the public docket.

Hon. Jennifer H. Rearden                                                                                                     Page 4
January 9, 2025

- (i) whether the defendant intends to proceed with arranging a Rule 15 deposition of Fokin; and

- (ii) if so, whether (a) Fokin is willing to appear for the deposition in another jurisdiction (and if so, which jurisdiction(s)), or (b) whether the defendant intends to proceed with arranging the deposition in the UAE.

If the defendant intends to proceed with arranging the deposition in the UAE, the Government further respectfully requests that the Court:

- (i) order the defendant to inform the Government and the Court not later than January 13, 2025 whether: (a) he is seeking an adjournment of the February 10, 2025 trial date (and if so, to specify the length of the requested adjournment and the justification therefor), or (b) he will proceed to trial regardless of whether the Rule 15 deposition can take place before the trial date. In the event the defendant seeks an adjournment of the trial date, the Government respectfully requests an opportunity to state its position, if any, after considering the defendant's request.

- (ii) order the defendant to comply with the above-described procedures for seeking the UAE's authorization for the deposition, namely to submit a letter rogatory.

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney

By: /s/
       Rebecca T. Dell
       Amanda C. Weingarten
       Olga I. Zverovich
       Assistant United States Attorneys
       (212) 637-2198 / 2257 / 2514

Cc: Defense Counsel (by ECF)