

**Glavin** PLLC
156 W. 56th Street, Suite 2004
New York, NY 10019

glavinpllc.com
646.693.5505

January 26, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**  *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

I represent Sergey Shestakov and respectfully request that the Court enter an order compelling the government to: (a) make prudential search requests of the Central Intelligence Agency ("CIA") and the Federal Bureau of Intelligence ("FBI") for any records pertaining to co-defendant Charles McGonigal's work and/or relationship with the CIA following his retirement from the FBI in 2018; and (b) produce to the defense any information and records concerning Mr. McGonigal's work and/or relationship with the CIA following his retirement from the FBI in 2018. On December 18, 2024, the government produced to the defense a series of text messages in which Mr. McGonigal indicated that he was working with the CIA after he retired from the FBI. USAO_00022530. The defense asked the government about this issue on January 18, 2025 and requested that the government (a) provide information about Mr. McGonigal's work with the CIA and (b) inquire of the FBI and CIA for records concerning any work Mr. McGonigal did with the CIA after he retired in 2018. The government has yet to respond to that request. Because of the impending February 10, 2025 trial date, and the government's prior resistance to making prudential search requests of intelligence agencies at the behest of the defense, *see* ECF No. 213, we respectfully request that the Court intervene.

The fact that Mr. McGonigal was working with and/or maintained a relationship with the CIA after he left the FBI is material to the preparation of the defense for a number of reasons, including the following: (a) given the secret and confidential nature of his work and/or relationship with the CIA, the fact that he was working with the CIA during the relevant time period would explain why Mr. McGonigal communicated using encrypted messaging applications such as Signal and Telegram and communicated using cryptic language when instant messaging; (b) foreign travel by Mr. McGonigal from 2018 through 2021 may have been related to his CIA work/relationship (and cultivating and maintaining that relationship) and thus, provide an explanation for certain trips and meetings abroad; (c) Mr. McGonigal's relationship with and interest in the CIA provides another explanation for why Mr. McGonigal was interested in cultivating a relationship with Mr. Fokin and/or EN+; and (d) Mr. McGonigal's relationship with the CIA provides another

explanation for why he was secretive or not truthful about his activities, including keeping other people, such as Agron Neza and Mr. Shestakov, siloed from and in the dark about certain projects and activities.

A Court order directing the government to make these prudential search requests would be entirely consistent with DOJ policy requiring that such requests be done in cases such as this, where Mr. McGonigal's ties to and work for the intelligence community are directly pertinent to the case,[1] regardless of the classification status of the discovery material.  *See* U.S. Department of Justice, Criminal Resource Manual § 2052(B) (updated April 2018), https://www.justice.gov/jm/criminal-resource-manual-2052-contacts-intelligence-community-regarding-criminal-investigations. The driving purpose of the DOJ rule requiring that prudential search requests be made to relevant intelligence agencies is that those agencies **may** have Rule 16, *Brady*, or *Giglio* material, which, "because of the known facts and nature of the case, should be searched as a function of fairness to the defendant."  DOJ Criminal Resource Manual § 2502(b).

Accordingly, the government should be directed to: (a) make prudential search requests of the FBI and CIA for any records pertaining to Mr. McGonigal's work and/or relationship with the CIA from following his retirement from the FBI in 2018; and (b) provide any information and records to the defense regarding Mr. McGonigal's work and/or relationship with the CIA following his retirement from the FBI in 2018. To the extent the information or records implicate classified material, the government can raise that issue with the Court, and the defense provided an opportunity to be heard on this issue.

Respectfully submitted,

*/s/* Rita M. Glavin
Rita M. Glavin

---

[1]    The first and second paragraphs of the Indictment specifically refer to Mr. McGonigal's access to classified information, his work at the FBI in Russian counterintelligence and counter-espionage, and his role as the Special Agent in Charge of the Counterintelligence Division of the FBI's New York Field Office. Ind. ¶¶ 1-2, ECF No. 2.