**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

v.

SERGEY SHESTAKOV,

Defendant.

Case No. 23 Cr. 16 (JHR)

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**SERGEY SHESTAKOV'S MOTION TO COMPEL**
**OLGA SHRIKI TO TESTIFY AT TRIAL**

**GLAVIN PLLC**
Rita M. Glavin
Katherine E. Petrino
Leo S. Korman
156 W. 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
Email: rglavin@glavinpllc.com

*Counsel for Sergey Shestakov*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

I.   BACKGROUND .................................................................................................... 1

     A.   Ms. Shriki Was One of Mr. Deripaska's Closest Aides Assisting Him in
          Evading U.S. Sanctions ................................................................................. 1

     B.   Ms. Shriki's Will Invoke Her Fifth Amendment Privilege if Called as a
          Witness at Trial ............................................................................................. 4

     C.   ███████████████████████████████ ............................ 4

II.  ARGUMENT .......................................................................................................... 5

     A.   ███████████████████████████████
          ██████████████ ............................................................................. 5

     B.   ███████████████████████████████████
          ████████████████ .......................................................................... 9

III. CONCLUSION .................................................................................................... 11

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Constitutions**

U.S. Const. amend. V.........................................................................................................5

**Cases**



Defendant Sergey Shestakov respectfully submits this brief in support of his motion to compel: (i) Olga Shriki to testify at trial, pursuant to a defense subpoena; (ii) the government to produce Ms. Shriki as a witness at trial ████████████████████████████████ ███████████████████████████████████████████; and (iii) the government to ████████████████████████ provide the defense with any statements she has made regarding how Oleg Deripaska conducted his financial and business activities after he was placed on the sanctions list in 2018.

## I.    BACKGROUND

### A. Ms. Shriki Was One of Mr. Deripaska's Closest Aides Assisting Him in Evading U.S. Sanctions

On September 29, 2022, the United States Attorney's Office of the Southern District of New York ("USAO") indicted Russian oligarch Oleg Deripaska—an unindicted co-conspirator in this case—along with Ms. Shriki, Natalia Bardakova, and Ekaterina Voronina for conspiring from at least 2018 through 2022 to violate sanctions imposed on Mr. Deripaska and one of his corporate entities.  *See* Sealed Indictment, *United States v. Deripaska*, No. 22-cr-518, ECF No. 1 (S.D.N.Y. Sept. 29, 2022).

The *Deripaska* indictment alleges that Mr. Deripaska used a corporate entity and employed Ms. Shriki and Ms. Bardakova (who is a Russian national living in Russia and a close associate of Mr. Deripaska) to engage in illegal transactions in the United States on his behalf in violation of sanctions imposed on Mr. Deripaska.  *Id.* ¶ 19.  Following Mr. Deripaska's designation on the Specially Designated Nationals and Blocked Persons ("SDN") list, Ms. Shriki, a long-time employee at the New York office of Mr. Deripaska's company, Basic Element Ltd.—which was also sanctioned—was tasked with closing that office.  *Id.* ¶ 15.  Thereafter, Ms. Shriki assisted in setting up a consulting business named Global Consulting Services LLC through which Ms. Shriki

1

coordinated with others and Mr. Deripaska to continue providing services to and for the benefit of Mr. Deripaska and receiving funds from Mr. Deripaska or entities controlled by Mr. Deripaska. *Id.* ¶ 16.

The *Deripaska* indictment alleges that Ms. Shriki was one of Mr. Deripaska's most trusted confidants and has intimate knowledge of the personnel, entities, and financial institutions and accounts through which Mr. Deripaska routinely handled his transactions after being sanctioned by the U.S. For example, Ms. Shriki was listed as a "[t]rusted contact for any assignments by OVD," which stands for Mr. Deripaska's initials, and Ms. Shriki's job responsibilities included "[s]earching for and locating necessary items as requested by OVD or his team members." *Id.* ¶ 16.

According to the *Deripaska* indictment, Ms. Shriki and her co-defendants carried out consequential and personal tasks for Mr. Deripaska, including: handling the proceeds of a $3 million sale of a music studio; providing gifts to Ms. Voronina (Mr. Deripaska's girlfriend who gave birth to Mr. Deripaska's child in the United States in 2020); purchasing mobile devices and clothing for delivery to Mr. Deripaska; and making arrangements—involving $300,000 in financial transactions—to assist Ms. Voronina in obtaining a U.S. visa and to stay in the United States to give birth to Mr. Deripaska's child. *Id.* ¶ 19(a)–(h). Later, Mr. Deripaska and Ms. Voronina, with the assistance of Ms. Shriki and Ms. Bardakova, expended $400,000 in the effort to aid Ms. Voronina giving birth to a second child in the U.S. *Id.* ¶ 19(i)–(m).

More recently, in a civil forfeiture action filed on December 2, 2024, the USAO reaffirmed Ms. Shriki's importance in assisting Mr. Deripaska evade U.S. sanctions. Specifically, the civil forfeiture complaint noted that the "FBI's investigation into Deripaska has included, among other topics, **services provided by U.S. citizen Olga Shriki,** and others, to and for the benefit of

Deripaska and certain Deripaska-owned entities." Verified Civil Compl. for Forfeiture ¶ 14, *United States v. $3,435,676.57 United States Currency Held in Gen. Ledger Account No. 4050720 at Wells Fargo Bank, N.A.*, No. 24-cv-09189, ECF No. 1 (S.D.N.Y. Dec. 2, 2024) (emphasis added).

This forfeiture complaint also contained new information about Ms. Shriki's importance to Mr. Deripaska. For example, three months after Mr. Deripaska was designated by OFAC as an SDN, Ms. Shriki, through Global Consulting Services LLC, **"received wires totaling over $500,000 from two entities associated with Deripaska"** between August 2018 and September 2019. *Id.* ¶ 18n (emphasis added).

Ms. Shriki, along with Mr. Deripaska's cousin and others, helped to operate and fund a music studio owned by Mr. Deripaska. *Id.* ¶ 18f. These efforts included Ms. Shriki helping manage "the money crisis" at the music studio, which occurred as a result of the U.S. sanctions. *Id.* ¶ 18o. Ms. Shriki further "assisted with the sale of the Music Studio by Ocean Studios California LLC in various ways, such as preparing the property for sale, coordinating with the accounting firm for the Music Studio, communicating with the real estate broker to approve the sale, facilitating the payment of outstanding taxes and bills for the Music Studio, signing over the property deed, and liquidating the other assets in the Music Studio." *Id.* ¶ 18s. Ms. "Shriki also effectuated a sale of the contents of the Music Studio in the summer of 2019," and was deeply involved in the sale process. *Id.* ¶ 18v-z. "During the year 2020, while Shriki was employed by Deripaska and continued to perform services for Deripaska (as described in the Deripaska Indictment), Shriki requested that an accounting firm transfer the proceeds from the sale of the Music Studio to the bank account in Russia held under the name Sparticle—the same name of the entity that funded the Music Studio's accounts after the Designation Date—or, in the alternative,

requested that the accounting firm add Shriki as a signatory on the bank account for the Music Studio so that Shriki could effectuate the transfer of funds on behalf of the owner." *Id.* ¶ aa.

### B. Ms. Shriki's Will Invoke Her Fifth Amendment Privilege if Called as a Witness at Trial

On January 21, 2025, Ms. Shriki's attorney accepted service of a subpoena for testimony at the February 10, 2025 trial. Her attorney, J. Bruce Maffeo, confirmed in writing and during a telephone conversation with the defense that Ms. Shriki will invoke her Fifth Amendment privilege if she is called to testify at trial by the defense.

4





████████████████████████████████████████████████

████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████ The Court should further direct the government to provide to the defense, in connection with the particularized Fifth Amendment inquiry and as *Brady* material, Ms. Shriki's statements regarding how Mr. Deripaska conducted his business activities, including the use of various entities and bank account, after he was placed on the sanctions list.

████████████████████████████████████████████
████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████  ██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████  ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████

## III.    <u>CONCLUSION</u>

For the foregoing reasons, we ask the Court to compel: (i) Ms. Shriki to testify at trial, pursuant to a defense subpoena; (ii) ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████; and (iii) the government ████████████████████ ████ provide the defense with any statements she has made regarding how Mr. Deripaska conducted his financial and business activities after he was placed on the sanctions list in 2018.

Dated: New York, New York
      January 27, 2025

Respectfully submitted,

*  /s/ Rita M. Glavin*

Rita M. Glavin
Katherine E. Petrino
Leo S. Korman
Glavin PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
Email: rglavin@glavinpllc.com

*Counsel for Sergey Shestakov*

11