

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 10, 2025

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

Re:   *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

The Government respectfully submits this letter in opposition to the defendant's January 26, 2025 motion to compel. (Dkt. No. 221, "Mot." or the "Motion"). The defendant seeks an order compelling the Government to: "(a) make prudential search requests of the Central Intelligence Agency ("CIA") and the Federal Bureau of Intelligence ("FBI") for any records pertaining to co-defendant Charles McGonigal's work and/or relationship with the CIA following his retirement from the FBI in 2018; and (b) produce to the defense any information and records concerning Mr. McGonigal's work and/or relationship with the CIA following his retirement from the FBI in 2018." (Mot. 1). For the reasons explained below, the Motion should be denied in its entirety.

By way of background, on January 18, 2025, the defense sent a letter to the Government (the "January 18 Letter") setting forth several discovery requests, including a request that the Government make inquiries of the FBI and CIA and provide to the defense any information indicating that McGonigal worked with the CIA between 2018 and 2021 (the "McGonigal-CIA Request"). The next day, the Government sent a letter to the defense responding to the January 18 Letter in part and noting that the Government will respond to the McGonigal-CIA Request as soon as possible. On January 26, 2025, the defendant filed the instant Motion, before receiving the Government's response to the McGonigal-CIA Request. On January 29, 2025, the defendant requested that the Government still provide a response to the McGonigal-CIA Request directly to the defense and advised that the defendant may withdraw the Motion after receiving the Government's response. On February 4, 2025, the Government sent a letter to the defendant responding to the McGonigal-CIA Request. The Government informed the defendant, among other things, that the prosecution team is aware of its disclosure obligations; that it has complied with them; and that it is currently unaware of any materials in its possession reflecting that McGonigal worked for, or had a relationship with, the CIA after his retirement from the FBI. The defendant has advised that, notwithstanding the Government's response, he does not plan to withdraw the Motion.

The Motion should be denied for three independent reasons.

*First*, as the Government has previously and repeatedly explained (*see, e.g.*, Dkt. Nos. 37, 213), while the Justice Manual sets out the policies and procedures for conducting a prudential search for potentially discoverable material in the possession of intelligence agencies that were not part of the prosecution team, *see* Justice Manual § 9-90.210, the Justice Manual creates no legal obligation to conduct such a search, *see* Justice Manual § 9-27.150 ("These principles, and internal office procedures adopted pursuant to them, are intended solely for the guidance of attorneys for the government. They are not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States."); *see also, e.g.*, *United States v. Piervinanzi*, 23 F.3d 670, 682 (2d Cir. 1994) (noting that the Justice Manual "provide[s] no substantive rights to criminal defendants"). Prudential search reviews are, as the name implies, searches conducted out of prudence, not legal obligation.

The Government also has no legal obligation to inform the defendant whether it has conducted a PSR or, if it has conducted a PSR, the agency or agencies from which it has sought records. And the confirmation or denial of the existence or non-existence of any information held by the intelligence community following a PSR would itself be classified, as the Government has also previously explained. (*See, e.g.*, Dkt. No. 140 (citing cases)). Nevertheless, the Government reiterates that it is aware of its disclosure obligations and the applicable Department of Justice policies. The Government has complied with those obligations and is not required to disclose to the defendant how it has complied with them. (*See, e.g.*, Dkt. No. 37 (citing cases)). As the Court and defense are aware, the Government has participated in classified *ex parte* conferences with the Court pursuant to the Classified Information Procedures Act ("CIPA") on March 6, 2023, August 7, 2024, and November 7, 2024, and the Government filed an *ex parte* motion pursuant to Section 4 of CIPA on September 30, 2024. (Dkt. 156, 164, 174; *see also* docket entry dated Mar. 6, 2023). On December 27, 2024, the Court granted the Government's Section 4 motion and authorized the Government to withhold from discovery the material the Government sought to delete. (Dkt. No. 192).

*Second*, the defendant has failed to establish that the information he seeks, if any exists, is "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E)(i). The intelligence community is not part of the prosecution team in this case. Therefore, the Government has no discovery obligations with respect to any materials possessed by the CIA, should the materials the defendant requests even exist. As the Government explained in response to the defendant's January 10, 2025 motion to compel (*see* Dkt. No. 213), the Second Circuit has "long rejected the notion that knowledge of any part of the government is equivalent to knowledge on the part of the prosecutor." *United States v. Hunter*, 32 F.4th 22, 36 (2d Cir. 2022); *see id.* ("[U]ndisclosed information that is not known to anyone on [the prosecution team] does not give rise to a *Brady* violation."); *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) ("[T]he imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis."); *United States v. Hutcher*, 622 F.2d 1083, 1088 (2d Cir. 1980) ("Clearly the government cannot be required to produce that which it does not control and never possessed or inspected."); *United States v. Alexandre*, No. 22 Cr. 326 (JPC), 2023 WL 416405, at *12 (S.D.N.Y. Jan. 26, 2023) (the Government need not "produce documents from agencies that did not participate in the investigation of the defendant or documents of which it is unaware . . . . In other words, the prosecutor is not required to conduct a separate investigation for the purpose of responding to a

Hon. Jennifer H. Rearden  Page 3
February 10, 2025

defendant's discovery request"); *United States v. Chalmers*, 410 F. Supp. 2d 278, 287, 289 (E.D.N.Y. 2006) (defendants not entitled to require government to search holdings of NSA and CIA because defendants failed to "establish that each of the [agencies] was part of the 'prosecution team'").

For the same reason, the FBI writ large is not part of the prosecution team in this case, and the Government has no discovery obligations with respect to materials, if any, possessed by the FBI other than members of the prosecution team in this case. *See, e.g.*, *United States v. Saipov*, 17 Cr. 722 (VSB), 2023 WL 3495031, at *4 (S.D.N.Y. May 16, 2023) (holding that reports produced by FBI offices other than the office that conducted the investigation were not within possession of prosecution team); *Gist v. United States*, 16 Cr. 656 (GHW), 2021 WL 3774289, at *17 (S.D.N.Y. Aug. 24, 2021) (that individuals "fall under the broad umbrella of the Department of Justice" does not thereby render them part of a same prosecution team").[1]

*Third*, the defendant has failed to make *a prima facie* showing that, even if information he seeks, if any exists, held solely by the intelligence community or the FBI writ large were somehow deemed to be in the possession of the prosecution team, such information would be "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). "In order to compel the Government to produce certain evidence, a defendant must make a *prima facie* showing of materiality, and must offer more than the conclusory allegation that the requested evidence is material." *United States v. Abdalla*, 317 F. Supp. 3d 786, 790 (S.D.N.Y. 2018); *accord United States v. Finnerty*, 411 F. Supp. 2d 428, 431 (S.D.N.Y. 2006); *United States v. Rigas*, 258 F. Supp. 2d 299, 306-07 (S.D.N.Y. 2003). The defendant's Motion is based purely on his unsupported interpretation of a July 13, 2019 text message that the Government produced in discovery. (Dkt. 223-1). That text message, which McGonigal forwarded to a third party, stated, "We are doing this with the agency." (Dkt. 223-1). There is no indication what "agency" means, and no reference to the CIA. Nonetheless, the defendant states, with no support, that, in this message, "Mr. McGonigal indicated that he was working with the CIA after he retired from the FBI." (Mot. 1). The defendant's unsupported interpretation falls short of a *prima facie* showing that the intelligence community or the FBI possesses information that is material to preparing his defense. *See Abdalla*, 317 F. Supp. 3d at 790; *Finnerty*, 411 F. Supp. 2d at 431; *Rigas*, 258 F. Supp. 2d at 307.[2]

---

[1] As the Government stated in its February 4, 2025 letter to the defendant, the prosecution team is aware of its disclosure obligations; it has complied with them; and it is currently unaware of any materials in its possession reflecting that McGonigal worked for, or had a relationship with, the CIA after his retirement from the FBI.

[2] The Government can neither confirm nor deny the existence or non-existence of classified intelligence information. Nothing herein should be construed as such a confirmation or denial.

Hon. Jennifer H. Rearden  Page 4
February 10, 2025

For each of the foregoing reasons, the defendant's Motion should be denied.

          Respectfully submitted,

          DANIELLE R. SASSOON
          United States Attorney

   By: /s/ _____
      Rebecca T. Dell
      Amanda C. Weingarten
      Olga I. Zverovich
      Assistant United States Attorneys
      (212) 637-2198 / 2257 / 2514

Cc: Defense Counsel (by ECF)