

Glavin PLLC  
156 W. 56th Street, Suite 2004  
New York, NY 10019

glavinpllc.com  
646.693.5505

February 11, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

**Re:** *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

I represent Sergey Shestakov and write to further address two issues raised during the January 27, 2025 conference: (i) the timing of Mr. Shestakov's motion for the Rule 15 deposition of Evgeny Fokin and (ii) the Court's statement that there will be no adjournments of the June 17, 2025 trial date.

Specifically, the defense addresses and makes a record responding to the Court's suggestion that the defense was somehow not diligent in attempting to contact Mr. Fokin before February 2024 for purposes of the Rule 15 motion filed in November 2024. In addition, the defense objects to the Court's admonition, without any qualification, that there will be no adjournments of the June 17, 2025 trial date. Mr. Shestakov has constitutional rights under the Fifth, Sixth, and Fourteenth Amendments that he does not waive, including the right to effective assistance of counsel, to present a defense at trial, and to a fair trial. Mr. Shestakov does not waive his constitutional rights and if those rights are in any way implicated by the June 17, 2025 trial date, Mr. Shestakov reserves the right to seek an adjournment of the trial date and will object to proceeding with trial on June 17, 2025. Given the government's discovery failures in this case and belated *Brady* disclosures,[1] the defense cannot rule out the possibility that the government will make disclosures on the eve of trial that may impact Mr. Shestakov's constitutional rights, including his right to a fair trial and effective assistance of counsel.

Further, to the extent issues regarding taking the Rule 15 deposition of Mr. Fokin are not resolved such that Mr. Fokin's deposition has not yet occurred—for example, if the government has not yet received any response from the United Arab Emirates ("UAE") regarding its mutual legal assistance ("MLA") request—Mr. Shestakov will object to proceeding to trial without having taken Mr. Fokin's testimony. As the Court is aware, Mr. Fokin is a critical witness for the defense and the government has not disputed the defense contention that Mr. Fokin is the most important

---

[1] *See, e.g.*, ECF No. 153.

witness in this case. Mr. Fokin's name will come up hundreds of times during trial and the government will introduce his text messages and testimony about him. He is also a witness whose truthful testimony exonerates Mr. Shestakov. It is in the interests of justice to have Mr. Fokin's testimony taken.

### I. The Rule 15 Motion was Timely

At the January 27, 2025 conference addressing the Rule 15 deposition of Mr. Fokin, the Court posed the question as to what the defense had been doing between the initial status conference on February 9, 2023 and February 2024 when the defense began efforts—unsuccessfully—to contact Mr. Fokin. Jan. 27, 2025 Tr. 23:8-9. The Court suggested that the defense was dilatory in beginning the process of moving for a Rule 15 deposition a year after the case was indicted, and not very long before the trial was scheduled at that point. *Id.* 23:5-7. I respectfully submit that the Court's observation is incorrect and make a record on this issue. I entered a notice of appearance in this case on February 6, 2023, the first status conference was held on February 9, 2023, and the Court then held discovery status conferences on March 8, 2023 and May 10, 2023.

At the May 10, 2023 conference, when the Court inquired about trial dates, I specifically informed the Court that my other preexisting professional obligations—including a complicated white collar trial scheduled to take place over the Summer of 2023 in another matter—limited my availability for this case over the next several months. *See* May 10, 2023 Tr 32:1-19. Because of other preexisting professional obligations, the voluminous discovery produced as of May 10, 2023, as well as additional discovery the defense would be seeking such as materials obtained by the government in *United States v. Deripaska*, 22 Cr. 518 (PKC), and the complicated nature of this case, I requested a trial date in early 2025. On May 30, 2023, the Court issued an order setting a trial date of June 12, 2024.

While the government represented to the Court on March 8, 2023 that its Rule 16 discovery was complete, the government's representation was wildly inaccurate. March 8, 2023 Tr. 2:22-25. The government produced voluminous Rule 16 discovery in May and June of 2023 (five months after initial conference). The productions overall totaled thousands of files, all of which had to be catalogued, organized, reviewed and analyzed. The voluminous nature of the discovery took many months for review and analysis, including cataloguing what was missing from the government's discovery productions. Before pretrial motions were due in February 2024, defense counsel was preparing diligently for trial, by reviewing the discovery, exploring various defense strategies, and seeking CJA funds in October 2023 to engage a discovery vendor because reviewing discovery without the assistance of a discovery database or review platform became tedious, inefficient, and error-prone. Further, from our review of the discovery we learned that the government had provided only limited translations, and we identified hundreds of pages of untranslated discovery records, including in Russian and French. Thus, while our client is a Russian translator and he could assist us, an expert was necessary to review that material for the sake of efficiency and having a trial witness. We also engaged in motion practice to compel the government to produce critical documents from two other criminal sanctions cases in the Southern District of New York

that were relevant to how unindicted coconspirator Oleg Deripaska structured his business and financial transactions to evade sanctions, including the entities and banks through which Mr. Deripaska conducted business during the relevant time period.

Without revealing or compromising internal defense strategy, as we prepared for the June 2024 trial, we began attempting to contact Mr. Fokin in February of 2024 in an effort to (a) gather information from him based on our review of discovery, (b) determine what investigative steps to take based on information he might provide, and (c) make a determination if he might be a defense witness in the case. The timing of this outreach—months before the June 2024 trial date—was not unusual or dilatory (let alone *improperly* dilatory) given the complicated nature of this case, the voluminous discovery, and how the contours of the case and our defense strategy were changing based on our review of discovery and our own investigative steps. At the time we first reached out to Mr. Fokin, we did not and could not know (a) if Mr. Fokin would be cooperative, (b) what information he might provide, (c) if he would be a defense witness, (d) if a Rule 15 motion would be necessary, (e) if we could even satisfy the Rule 15 standards (including establishing unavailability) and, if we could, where that deposition might take place, or (f) that any such process would take as long as the government now claims it takes in the UAE, particularly given we did not know if or where Mr. Fokin might appear for testimony. Indeed, Mr. Fokin was one of several individuals the defense wanted to obtain information from and whom we sought to contact. After our efforts to directly contact Mr. Fokin were unsuccessful, we began to engage with outside counsel for Mr. Fokin's employer, En+. The defense certainly did not anticipate that it would take approximately five months for En+'s counsel to speak with Mr. Fokin and for the specific exculpatory information Mr. Fokin provided to be produced to the defense. *See* ECF Nos. 153-1, 153-2.

Upon receiving the *Brady* notes from the government regarding the summary of Mr. Fokin's interview by En+'s counsel, the defense engaged with En+ about whether Mr. Fokin would testify at trial. En+'s counsel informed the defense that individual counsel would be arranged for Mr. Fokin to advise him on testifying at Mr. Shestakov's trial, but that did not finally occur until December 2024. On or about December 13, 2024, Mr. Fokin's recently retained counsel informed us that (a) Mr. Fokin would not come to the United States to testify because he did not trust the United States government, regardless of whether he received a limited purpose visa or safe passage, and (b) Mr. Fokin was willing to testify in the UAE or Turkey. Thus, we did not learn that Mr. Fokin would be "unavailable" for purposes of a Rule 15 motion until days before we filed our Rule 15 Reply brief. ECF Nos. 190, 191.

For all these reasons, the Rule 15 motion was not only timely filed, but the product of diligent efforts by the defense. The defense could not have anticipated: that it would take months to get any information from Mr. Fokin and that the information would come after an interview by counsel for his employer En+; that it would then take many more months for Mr. Fokin to obtain individual counsel to advise him about testifying; and that it would not be until December 2024 that the defense would learn that Mr. Fokin would be "unavailable" for purposes of a Rule 15 motion and willing to testify in another country. *United States v. Vilar*, 568 F. Supp. 2d 429, 442-44 (S.D.N.Y. 2008) (observing that district courts in the Second Circuit have granted Rule 15

motions filed close in time to trial and that such motions may only be denied for inexcusable delay where there was "serious lack of due diligence" or "bad faith" on the moving party's part – none of which is present here); *see also United States v. Kostin*, 1:24-cr-91-GHW, 2025 WL 269059, at *11 (S.D.N.Y. Jan. 17, 2025) ("Particularly because the first two factors are met—unavailability and materiality—'precluding the taking of depositions ... is likely to frustrate, not expedite, the administration of criminal justice.' . . . concerns about delay also do not warrant denial of [the] motion.") (citation omitted); *United States v. Epskamp*, No. 12 CR. 120 (RJS), 2013 WL 12175097, at *2 (S.D.N.Y. Oct. 3, 2013) (granting motion for a Rule 15 deposition and observing "[i]f [the Rule 15 deponent] does testify, his testimony could be critical to Defendant's defense. In this case—as in many others, unfortunately—for the wheels of justice to grind fine, they must grind slow").

This is a complicated international case involving: a Russian company, Russian nationals, classified information, and geopolitics; voluminous discovery where the government was still producing Rule 16 material as recently as December 2024 that should have been produced more than a year earlier; analysis of records in foreign languages; and defense strategy that has been evolving based on discovery and belatedly produced *Brady* (including critical exculpatory information that had been in the government's possession for more than two years before being produced).

## II. The June Trial Date Cannot Impede Mr. Shestakov's Rights to a Fair Trial

In setting the June 17, 2025 trial date, the Court stated that there would be no further adjournments of the trial date.[2] Although, in response to questioning by the Court, Mr. Shestakov confirmed he understood there would be further adjournments of the trial date, Mr. Shestakov reserves all his rights to object to any trial date. Specifically, Mr. Shestakov reserves the right to object to a trial date (a) that may adversely impact Mr. Shestakov's Fifth, Sixth, and Fourteenth Amendment rights; and/or (b) that would prevent Mr. Shestakov from preserving Mr. Fokin's testimony, including if Mr. Fokin's Rule 15 deposition cannot be secured by the June 17 trial date.[3] If anything, this case has demonstrated that unexpected circumstances sometimes arise. For example, the government—who had maintained for more than a year that there would not be

---

[2] In discussing the adjournment of the February 10, 2024 trial date, the Court commented that: "the Second Circuit has said that extended pretrial delays may impair the deterrent effect of punishment." Jan. 27, 2025 Tr. 35:8-10. Mr. Shestakov has pleaded not guilty, has a presumption of innocence under the Constitution, and is entitled to a full and fair trial on the charges against him. The Speedy Trial Act is principally designed to protect a defendant's Sixth Amendment right to a speedy trial. The defense respectfully submits that "punishment" should not be a factor in considering a trial adjournment where a defendant maintains his innocence and is entitled to the presumption of innocence.

[3] In *United States v. Fargesen*, 21-cr-602 (LAP), after granting the defendants' request for Rule 15 depositions in September 2022, when the trial was scheduled for February 2023, the court thereafter adjourned the trial date to October 16, 2023. This adjournment – of approximately eight months – provided the parties *approximately one year* to complete the depositions. Those depositions took place in the UAE after the government took the same position as it does here that it may take many months for the UAE to respond, if at all, to a letter rogatory and MLA request. *See id.* at ECF No. 96 ("[I]t remains possible, and perhaps likely, that the UAE will not act on the defendants' request before trial—if ever.").

litigation pursuant to the Classified Information Procedures Act ("CIPA")—sought an adjournment of the trial date on the eve of the August 6, 2024 trial because "[i]nformation ha[d] come to the Government's attention that may require litigation pursuant to [CIPA]."[4] *See* ECF No. 144. Indeed, to the extent that the government produces voluminous 3500 material on the eve of trial or produces *Brady* too late to make effective use of the evidence such that we cannot be prepared for Sixth Amendment purposes and need to take additional investigative steps based on that information, an adjournment would certainly be appropriate.

      Accordingly, Mr. Shestakov reserves all rights to object to the June 17, 2025 trial date, including that Mr. Fokin's Rule 15 deposition has not occurred.

Respectfully submitted,

  /s/ Rita M. Glavin  
Rita M. Glavin

---

[4] We note that just one day prior to the government's letter seeking a trial adjournment for potential CIPA practice, the government represented to the Court that it had complied with its discovery obligations as it pertained to classified information. *See* ECF No. 140.