

Glavin PLLC
156 W. 56th Street, Suite 2004
New York, NY 10019

glavinpllc.com
646.693.5505

March 21, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

I represent Sergey Shestakov in the above-referenced matter and write to: (a) provide the Court with an update on Mr. Shestakov's ongoing efforts to secure Evgeny Fokin's testimony for trial through a Rule 15 deposition, and (b) respectfully request that the Court issue the Letters Rogatory to Request International Judicial Assistance from both the Republic of Turkey and the Republic of Serbia ("Letters Rogatory") filed on March 21, 2025, at ECF Nos. 243-1, 243-2.  The government takes no position on the Letters Rogatory.  As the Court is aware, Mr. Fokin's testimony is critical to the defense and Mr. Shestakov objects to this trial going forward without securing Mr. Fokin's testimony as this implicates Mr. Shestakov's constitutional rights to due process and a fair trial. ECF No. 228 (February 11, 2025, Letter From Sergey Shestakov).

First, we have not yet heard back regarding our letters rogatory to the United Arab Emirates for Mr. Fokin's Rule 15 deposition.

Second, on February 28, 2025, Mr. Fokin's attorney informed us Mr. Fokin was willing to voluntarily appear in Turkey for a Rule 15 deposition. This development was the result of diligent efforts by the defense in engaging with Mr. Fokin's counsel about his willingness to appear in another country for the Rule 15 deposition, such that Mr. Fokin's testimony can be secured at the soonest possible date. The government agreed late last week[1] that if the defense seeks permission from the Turkish government for this deposition, the government will make an MLAT request.

---

[1]   We had substantial back and forth communications with the government about the Rule 15 deposition taking place in Turkey and the legality of such a deposition, which involved our consultation with local Turkish counsel about the permissibility of such a deposition. While the government initially objected, the government has now agreed to submit an MLAT request if the defense sought permission from Turkish authorities. We note that in *United States v. Banki*, 10 Cr. 08 (J. Keenan) (S.D.N.Y. Mar. 30, 2010), ECF No. 44, the government raised no objection to a Rule 15 deposition of defense witnesses in Turkey.  One of the prosecutors on the *Banki* case, who is now in private practice, indicated to defense counsel that he had received approval to travel to Turkey for the deposition.  Shortly before that prosecutor was to travel to Turkey, the parties agreed to change the location to the Bahamas for reasons related to a natural disaster that could have created travel issues if the deposition occurred in Turkey.

Hon. Jennifer H. Rearden
March 21, 2025
Page 2 of 2

Accordingly, we request that the Court issue the attached Letters Rogatory to the Republic of Turkey.

      Third, on March 6, 2025, Mr. Fokin's attorney informed us that Mr. Fokin was willing to voluntarily appear in Serbia for a Rule 15 deposition. The government agreed late last week that if the defense seeks permission from Serbia for this deposition, the government will make an MLAT request to participate. Accordingly, we request that the Court issue the attached Letters Rogatory to the Republic of Serbia.

      Respectfully submitted,

      */s/ Rita M. Glavin*
      Rita M. Glavin