

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 2, 2025

**BY ECF**

The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

      Re:    *United States v. Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

      The Government respectfully submits this letter in brief response to the defendant's letter of March 20, 2025. (Dkt. No. 242 ("Def. Ltr.")).

      The defendant's claims of "discovery misrepresentations and failures" (Def. Ltr. 6) are meritless. The Government is fully aware of its disclosure obligations and has complied, and will continue to comply, with them. During the pendency of this case, including as the Government often does when preparing for trial, the Government has re-reviewed its files and has supplemented its discovery productions with additional materials that it had identified through that review. Contrary to the defendant's baseless assertions, the Government's conduct only underscores its good faith and diligence in fulfilling its ongoing discovery obligations. Moreover, the defendant has plainly suffered no prejudice, as he received the materials he references in his letter (Def. Ltr. at 5-6) months before trial. *See, e.g.*, *United States v. Collazo*, No. 04 CR. 297 (DAB), 2004 WL 2997843, at *7 (S.D.N.Y. Dec. 22, 2004) (concluding that defendant "suffered no prejudice" by a delayed production of discovery made "well in advance of" trial).

      The defendant argues that this Court has authority to order a hearing regarding discovery—without specifying what hearing he may be seeking and on what basis. (Def. Ltr. at 6-7). To the extent this argument can be interpreted as a request for a hearing, it should be denied. The motions pending before this Court present no disputed facts to be resolved at a hearing. Rather, the defendant's motion to compel production of records from the *Shriki* and *Bonham-Carter* cases (Dkt. No. 208) fails because the defendant has failed to make a *prima facie* showing that the requested records are "material to preparing the defense" under Rule 16(a)(1)(E)(i). (*See* Dkt. Nos. 87, 213, 241).[1] Indeed, this Court has already denied the defendant's previous motion to compel production of records from the same cases (Dkt. No. 123), and the defendant has identified no

---

[1] The defendant is wrong that the Government's February 28, 2025 letter (Dkt. No. 241) represents a "flip-flop" (Def. Ltr. 7 n.5) of its previous position regarding whether the materials in the *Shriki* and *Bonham-Carter* cases are in the prosecution team's "possession, custody, or control" under Rule 16(a)(1)(E). The Government's position has consistently remained that this issue requires a fact-intensive inquiry that this Court need not undertake because the defendant's motion plainly fails to satisfy the materiality requirement. (*See* Dkt. 87 at 8-9; Dkt. 241 at 2).

Hon. Jennifer H. Rearden  Page 2
April 2, 2025

basis to reconsider that ruling. The defendant's motions to compel the Government to make prudential search requests (Dkt. Nos. 208, 221) likewise present no disputed factual issues and fail for the multiple legal reasons set forth in the Government's oppositions to those motions. (Dkt. Nos. 213, 226). Accordingly, no hearing is required to resolve the pending motions before the Court.

        Respectfully submitted,

        MATTHEW PODOLSKY
        Acting United States Attorney

  By: /s/
        Rebecca T. Dell
        Amanda C. Weingarten
        Olga I. Zverovich
        Assistant United States Attorneys
        (212) 637-2198 / 2257 / 2514

Cc: Defense Counsel (by ECF)